**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | CASE NO. 1:22-cv-00510-JG |
| | ) | |
| Plaintiff, | ) | JUDGE: JAMES S. GWIN |
| v. | ) | |
| | ) | |
| LUDIVINE JOAN CLAUDIA REYNAUD, *et al.* | ) | **ANSWER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Ludivine Joan Claudia Reynaud ("Defendant" or "Reynaud"), hereby states for her Answer to the Complaint of Plaintiff Bryan A. Reo ("Plaintiff" or "Reo") as follows:

1. Paragraph 1 of the Complaint sets forth purported legal theories and requires no answer. To the extent that facts are stated, such are denied.

2. Paragraph 2 sets forth legal conclusions which require no answer. Further answering, Defendant admits that Plaintiff has set forth his place of residence. All allegations not admitted are denied.

3. Answering Paragraph 3, Defendant admits only that she is a French citizen employed by the European Parliament, and that she had a brief personal relationship with Plaintiff. Further answering, Defendant states that she is not, and has never been, a member of any "neo-fascist association," and that the National Rally is generally recognized as a mainstream political party in France. All allegations not specifically admitted are denied.

4. Defendant lacks knowledge as to the allegations at Paragraph 4 of the Complaint and therefore denies same.

**JURISDICTION AND VENUE**

5. Paragraph 5 sets forth legal conclusions and therefore requires no answer. To the extent that facts are averred, Defendant denies same.

6. Defendant denies the allegations set forth at Paragraph 6.

7. Paragraph 7 sets forth legal conclusions and therefore requires no answer. To the extent that facts are averred, Defendant denies same.

## ALLEGED FACTS

8. Defendant denies the allegations as set forth at Paragraph 8. Further answering, Defendant avers that the allegations are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming Defendant's personal and professional reputation.

9. Answering Paragraph 9, Defendant admits that she holds a 5-year degree issued by the Institut d'Etudes Politiques de Paris. All allegations not specifically admitted are denied.

10. Answering Paragraph 10, Defendant admits that she met Plaintiff in person in February 2020. All allegations not specifically admitted are denied. Further answering, Defendant avers that Plaintiff's assertions regarding alleged statements by Defendant concerning her work in French politics are irrelevant to his claims and made for the sole and improper purpose of harming Defendant's personal and professional reputation.

11. Defendant denies the allegations as set forth at Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth at Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth at Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth at Paragraph 14 of the Complaint.

15. Defendant denies the allegations as set forth at Paragraph 15. Further answering, Defendant specifically denies the absurd and baseless allegation that she is offended by jokes that belittle Adolph Hitler or the collapse of the Third Reich.

16. Defendant denies the allegations set forth at Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth at Paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth at Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth at Paragraph 19 of the Complaint. Further answering, Defendant specifically denies the false, absurd and baseless allegations that she claimed to have "caused a scene" that resulted in the termination of an EU employee, or that she tried to "shame" politicians into "being nice to her."

20. Defendant denies the allegations set forth at Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth at Paragraph 21 of the Complaint.

22. Defendant denies the allegations as set forth at Paragraph 22 of the Complaint. Further answering, Defendant avers that allegations concerning her mental health are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of shaming and embarrassing Defendant and harming her reputation.

23. Defendant denies the allegations set forth at Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth at Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth at Paragraph 25 of the Complaint.

26. Defendant denies the allegations as set forth at Paragraph 26 of the Complaint. Further answering, Defendant states that the alleged statement concerning Plaintiff's wife is irrelevant to Plaintiff's claims and is made purely for the purpose of embarrassment and oppression.

27. Defendant denies the allegations set forth at Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth at Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth at Paragraph 29 of the Complaint. Further answering, Defendant avers that the allegations are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming Defendant's personal and professional reputation.

30. Answering Paragraph 30, Defendant only admits to contacting the Mentor Police Department out of fear of Plaintiff's behavior towards her. All allegations not specifically admitted are denied.

31. Defendant denies the allegations set forth at Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth at Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth at Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth at Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, Defendant admits to working as a parliamentary assistant in the European Parliament. All allegations not specifically admitted are denied.

36. Defendant denies the allegations set forth at Paragraph 36 of the Complaint.

37. Defendant admits the allegations set forth at Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth at Paragraph 38 of the Complaint. Further answering, Defendant avers that the allegations concerning her mental health are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming

Defendant's personal and professional reputation. Moreover, these false allegations are made for the bizarre and cruel purpose of shaming, embarrassing and degrading Defendant for allegedly requiring psychiatric care.

39. Defendant denies the allegations set forth at Paragraph 39 of the Complaint. Further answering, Defendant avers that the false and baseless allegations regarding "obvious and clear ties to neo-Nazis and Holocaust deniers" are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming Defendant's personal and professional reputation.

40. Defendant denies the allegations set forth at Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth at Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth at Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth at Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth at Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth at Paragraph 45 of the Complaint.

46. Paragraph 46 does not set forth factual allegations and thus requires no answer.

## COUNT I
## DEFAMATION AGAINST DEFENDANT

47. Defendant incorporates her previous answers as if fully rewritten herein.

48. Defendant denies the allegations set forth at Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth at Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth at Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth at Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth at Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth at Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth at Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth at Paragraph 55 of the Complaint. Further answering, these allegations are scandalous, malicious, and irrelevant to Plaintiff's claims, and

expressed for the sole purpose of harming Defendant's personal and professional reputation.

56. Defendant denies the allegations set forth at Paragraph 56 of the Complaint.

## COUNT II
## ALLEGED INVASION OF PRIVACY

57. Defendant incorporates her previous answers as if fully rewritten herein.

58. Defendant denies the allegations set forth at Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth at Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth at Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth at Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth at Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth at Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth at Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth at Paragraph 65 of the Complaint.

## COUNT III
## ALLEGED ABUSE OF PROCESS

66. Defendant incorporates her previous answers as if fully rewritten herein.

67. Answering Paragraph 67, Defendant admits only that she contacted the Mentor Police Department out of fear of Plaintiff's relentless harassment of her. All allegations not specifically admitted are denied.

68. Defendant denies the allegations set forth at Paragraph 68 of the Complaint. Further answering, Plaintiff's bizarre, unhinged, and ungrounded statements concerning Defendant's motives in seeking police protection are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming Defendant's personal and professional reputation.

69. Defendant denies the allegations set forth at Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth at Paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth at Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth at Paragraph 72 of the Complaint.

## COUNT IV
**ALLEGED NEGLIGENT HIRING AGAINST DEFENDANT DOMINIQUE BILDE**

73. Defendant incorporates her previous answers as if fully rewritten herein.

74. Defendant denies the allegations set forth at Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth at Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth at Paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth at Paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth at Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth at Paragraph 79 of the Complaint. Further answering, these allegations are scandalous, malicious, and irrelevant to Plaintiff's claims, and expressed for the sole purpose of harming Defendant's personal and professional reputation.

80. Defendant denies the allegations set forth at Paragraph 80 of the Complaint.

## COUNT V
**ALLEGED NEGLIGENT RETENTION AGAINST DEFENDANT DOMINQUE BILDE**

81. Defendant incorporates her previous answers as if fully rewritten herein.

82. Defendant denies the allegations set forth at Paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth at Paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth at Paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth at Paragraph 85 of the Complaint.

## COUNT VI
**ALLEGED NEGLIGENT SUPERVISION AGAINST DOMINIQUE BILDE**

86. Defendant incorporates her previous answers as if fully rewritten herein.

87. Defendant denies the allegations set forth at Paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth at Paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth at Paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth at Paragraph 90 of the Complaint.

## AFFIRMATIVE AND FURTHER DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. The Court lacks jurisdiction over the person of the Defendant.

3. Venue in this Court is improper.

4. This Court is an inconvenient forum under applicable forum non conveniens principles.

5. Process and service of process were and are insufficient and fail to comply with the applicable requirements under the Hague Convention, Belgian law, and Fed. R. Civ. P. 4(f).

6. Any recovery to which Plaintiff might have otherwise been entitled is barred in whole or in part by the applicable statutes of limitation and by laches.

7. Plaintiff's claims fail for lack of damages.

8. Any allegedly defamatory statements by Defendant were made with a belief that they were and are true.

9. The Defendant's alleged statements to the Mentor Police Department, prosecutors, and other government officials enjoyed either absolute or qualified privilege.

10. Plaintiff's claims are brought for an improper purpose. The claims are made to punish, abuse, and harm the Defendant for ending a personal relationship, are legally without foundation or merit, and are improperly before the Court.

11. Any allegedly defamatory statements were true and/or made as a matter of opinion, and are thus not actionable.

12. The statements alleged in the Complaint in support of defamation and false light claims do not constitute defamation per se, did not damage the Plaintiff in any material way, and did not damage his reputation.

13. The Complaint is shot through with flagrantly false statements concerning Defendant's mental health, politics, and world views. Although irrelevant to Plaintiff's claims, these statements so infect the Complaint with lies and nonsense that each and every allegation and claim should be dismissed as groundless and brought in bad faith.

14. Plaintiff is barred from recovery on each Count set forth in the Complaint because any recovery to which Plaintiff might otherwise have been entitled is barred by the doctrines of acquiescence, waiver, and estoppel.

15. There is no basis to award attorney fees, costs, or punitive damages.

16. To the extent Plaintiff seeks punitive damages, such claims are limited by R.C. 2315.21.

17. Defendant specifically reserves the right to amend this Answer to raise further affirmative defenses which may develop during the course of this proceeding.

WHEREFORE, Defendant, Ludivine Joan Claudia Reynaud, having fully answered the Complaint, hereby requests that judgment be entered in her favor as to all claims asserted against her and that she be awarded her costs herein, including attorneys' fees and such other relief, legal or equitable, that this Court deems suitable and proper

Respectfully submitted,

*/s/* Max E. Dehn
Max E. Dehn (0079600)
Madilyn M. Bell (0098386)
Cavitch Familo & Durkin Co., L.P.A
1300 E. Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
Fax: (216) 621-3415
Email: mdehn@cavitch.com
mbell@cavitch.com
***Attorneys for Defendant, Ludivine Reynaud***

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on this 6th day of June, 2022. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/* Max E. Dehn
Max E. Dehn (0079600)