## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

**REO LAW, LLC**
Bryan A. Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

**CAVITCH FAMILO & DURKIN CO., L.P.A.**
Max E. Dehn (#0079600)
Madilyn M. Bell (#0098386)
1300 E. Ninth St., 20th Fl.
Cleveland, OH 44114
(T):  (216) 621-7860
(F):  (216) 621-3415
(E):  mdehn@cavitch.com
(E):  mbell@cavitch.com
*Attorneys for Ludivine Joan Claudia Reynaud*

## PLAINTIFF BRYAN A. REO'S MOTION FOR DISCOVERY TO BE ORDERED BEFORE SCHEDULING CONFERENCE

### (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan A. Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan A. Reo's Motion for Discovery to be Ordered before Scheduling Conference:

1.  Plaintiff filed suit against Defendant on March 31, 2022, for defamation, false light, and abuse of process.  (ECF No. 1, PageID. 1-24).  The gist of the instant controversy is that Plaintiff

and Defendant were previously involved in a dating relationship with one another, and when that relationship ended, Defendant weaponized telecommunication devices to harass Plaintiff in an actionable manner.  (ECF No. 1, PageID. 1-24, ¶¶ 8, 11-72).  Specifically, Defendant:  (1) falsely alleged to law enforcement agents—who Defendant communicated with by telephone—that Plaintiff published onto the Internet pornographic photographs of Defendant; (2) Defendant sent 119 emails to Plaintiff during a twelve-hour time frame which were replete with vulgarities, lewd remarks, and references to genitals; (3) Defendant telephoned Plaintiff at 4:00 a.m. to 6:00 a.m. on May 11, 2021, despite Defendant knowing that Plaintiff did not want to be disturbed while Plaintiff was sleeping; and (4) Defendant used her email account and Internet services to engage in tortious conduct against Plaintiff.  (ECF No. 1, PageID. 1-24, ¶¶ 12, 16-17, 36).

2.  After learning about the existence of the instant civil action, Defendant has gone to great lengths to deliberately try to destroy electronic evidence.  On March 31, 2022, Defendant changed the name of her social media profile on Quora from "Ludivine Reynaud" to "Professor Calculus" and removed or altered all of the biographical details for the profile and deleted approximately 70 posts and comments which implicitly or overtly concern Plaintiff and/or the subject matter of the instant controversy.  (Exhibit 1 – Quora Screenshot).  Throughout April of 2022, Defendant deleted and/or changed significant amounts of content on Defendant's LinkedIn profile, which is significant to note insofar as Defendant's employer is also being sued in the instant civil action and the LinkedIn profile's content constitutes party admissions concerning Defendant's employment relationship with Defendant's co-defendant.  (ECF No. 1, PageID. 1-24).

3.  Not only has Defendant willfully lied about Plaintiff to law enforcement officers and Defendant has deliberately acted to conceal electronic evidence by allowing it to spoil, but Defendant has also offended the due process rights of Defendant's co-defendant and employer,

Dominique Bilde, by foiling Plaintiff's attempts at sending to Ms. Bilde courtesy copies of the Summons and Complaint.  Specifically, Defendant intercepted Plaintiff's mailings and had them returned to the sender.  (Exhibit 2 – FedEx Tracking).

4.  It should be noted that by email sent from Defendant to the Mentor Police Department on March 31, 2022, at 2:10 p.m., which Plaintiff obtained via an Ohio Open Records Act request, Defendant referenced the instant civil action.  (Exhibit 3 – 3/31/22 Email).  The Quora posts were deleted by Defendant on March 31, 2022—which is the very same day Defendant emailed said law enforcement agency.  (Exhibit 1 – Quora Screenshot).  The destruction of the electronic evidence by Defendant is no accident.

5.  It should also be noted that Ms. Reynaud is presently under criminal indictment in Belgium for violation of Article 445[1] of the Belgian Penal Code arising from making a false and calumnious defamatory report (against Plaintiff) to authorities.[2] Ms. Reynaud may hope to delay this case as long as possible because she does not want to have to produce evidence in this case that might be used against her in the Belgian criminal case.

6.  Plaintiff would like discovery to begin immediately rather than to wait until after the scheduling conference is held.  The reason is because if Defendant continues to manufacture evidence—such as false testimonial allegations to law enforcement officers—or destroy electronic evidence—such as by removing or altering material from the Internet which is under the control

---

[1] An offense which under Belgian law carries a mandatory minimum sentence of 15 days in jail, up to 6 months, with a fine not to exceed 8,000.00 Euros. Approximately the equivalent of a 1st degree misdemeanor in Ohio, while also constituting a crime of dishonesty for purposes of the Federal Rules of Evidence.

[2] Plaintiff has a (French language) copy of the charging document from the Belgian court. Probable cause was found to support a charge that Ms. Reynaud falsely reported defamatory accusations against Plaintiff to authorities and exposed Plaintiff to a criminal penalty or sought to so expose him, a charge was formally laid against Ms. Reynaud for the false report, and the case has been assigned to a judge for criminal prosecution.

of Defendant—, then Defendant's due process rights to obtain evidence and to effectively litigate the instant civil action will be offended.

7.    It does not offend judicial economy to permit discovery to occur immediately.  In fact, allowing discovery to begin immediately will serve judicial economy insofar as Plaintiff will be better positioned to obtain and preserve evidence that may negate the need for the issue of spoliation of evidence to be litigated by motion at a future date.

8.    Pursuant to Fed. R. Civ. P. 26(d)(1), the Court can order that discovery is to begin before the Fed. R. Civ. P. 26(f) scheduling conference has been held.  "To determine whether to authorize expedited discovery in a particular case, courts generally apply a 'good cause' standard. FRCP(26)(b) ('for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.')."  *Third Degree Films v. Doe*, Case No. 12-1341 (C.D. Ill. Nov. 26, 2012) (internal citations omitted).  For the case at bar, good cause exists for discovery to be ordered before the Fed. R. Civ. P. 26(f) scheduling conference insofar as Defendant is destroying evidence and discovery powers are needed to obtain discovery before Defendant succeeds in destroying additional evidence.

9.    Plaintiff sought email concurrence with Defense Counsel to begin discovery via an email dispatched on 6/6/2022 asking that discovery begin or a Rule 26(f) be coordinated and conducted. In an email response Plaintiff received on 6/10/2022 Defense Counsel refused and stated that discovery was premature as Defendant Bilde had not been served[3] and that they would not concur to discovery.

---

[3] It appears Defendant Reynaud also seeks to cause delay by hindering service of Bilde as a means to delay the Rule 26(f) and issuance of a scheduling order for as long as possible, likely to use the intervening time to destroy or spoil evidence. It is reasonable to conclude that Defendant Reynaud has a strategy of "stall as long as possible, hinder service on co-defendant Bilde, and use the present status of incomplete service as an excuse to stonewall this case from progressing."

WHEREFORE, Plaintiff prays that this Honorable Court will order that discovery is to begin immediately.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 10, 2022

5

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO,** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** | **CAVITCH FAMILO & DURKIN CO., L.P.A.** |
| Bryan A. Reo (#0097470) | Max E. Dehn (#0079600) |
| P.O. Box 5100 | Madilyn M. Bell (#0098386) |
| Mentor, OH 44061 | 1300 E. Ninth St., 20th Fl. |
| (T): (216) 505-0811 | Cleveland, OH 44114 |
| (E): reo@reolaw.org | (T): (216) 621-7860 |
| *Pro se Plaintiff* | (F): (216) 621-3415 |
| | (E): mdehn@cavitch.com |
| | (E): mbell@cavitch.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN A. REO'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR DISCOVERY TO BE ORDERED BEFORE SCHEDULING CONFERENCE

NOW COMES Bryan A. Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan A. Reo's Memorandum in Support of His Motion for Discovery to be Ordered before Scheduling Conference:

Plaintiff relies upon the factual allegations and legal authorities set forth within Plaintiff Bryan A. Reo's Motion for Discovery to be Ordered before Scheduling Conference.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo_____
Bryan A. Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 10, 2022

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRYAN ANTHONY REO,**

       Plaintiff,

  v.

**LUDIVINE JOAN CLAUDIA REYNAUD,**

       and

**DOMINIQUE BILDE,**

       Defendants.

**Case No. 1:22-cv-00510-JG**

**Hon. James S. Gwin**

---

**REO LAW, LLC**
Bryan A. Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

**CAVITCH FAMILO & DURKIN CO., L.P.A.**
Max E. Dehn (#0079600)
Madilyn M. Bell (#0098386)
1300 E. Ninth St., 20th Fl.
Cleveland, OH 44114
(T):  (216) 621-7860
(F):  (216) 621-3415
(E):  mdehn@cavitch.com
(E):  mbell@cavitch.com
*Attorneys for Ludivine Joan Claudia Reynaud*

---

## CERTIFICATE OF SERVICE

---

I, Bryan A. Reo, affirm that I am a party to the above-captioned civil action, and on June 10, 2022, I submitted this Certificate of Service, Plaintiff Bryan A. Reo's Memorandum in Support of His Motion for Discovery to be Ordered before Scheduling Conference, and Plaintiff Bryan A. Reo's Motion for Discovery to be Ordered before Scheduling Conference to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant.

/s/ Bryan A. Reo
Bryan A. Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 10, 2022