# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ANTHONY REO, | ) | CASE NO. 1:22-cv-00510-JG |
| | ) | |
| Plaintiff, | ) | JUDGE: JAMES S. GWIN |
| v. | ) | |
| | ) | |
| LUDIVINE JOAN CLAUDIA REYNAUD, *et al.* | ) ) | **BRIEF IN SUPPORT OF MOTION TO WITHDRAW** |
| | ) | |
| Defendant. | ) | |

Ohio Prof. Cond. Rule 1.16(a)(3) directs that an attorney must withdraw from representation in a matter if the client discharges the attorney. Ms. Reynaud discharged undersigned counsel, and withdrawal as counsel in this lawsuit is thus mandatory.

Local Rule 83.9 directs that counsel may not withdraw without leave of court, and written notice to the client and all other parties. But Loc.R. 83.9 does not obviate the right of a client to terminate the attorney's services at any time. Ohio law confers upon the client an absolute right to terminate the attorney-client engagement at will. *Thayer v. Fuller & Henry, Ltd.*, 503 F.Supp.2d 887, 891 (N.D. Ohio 2007) ("[a] client may terminate the [attorney-client] relationship at any time"); *Reid, Johnson Downes, Andrachik & Webster v. Lansberry*, 68 Ohio St.3d 570, 574 (1994) (explaining that a client has "an absolute right to discharge an attorney," and that a discharged attorney "must withdraw from the case . . ."). Thus, a proper reading of Loc.R. 83.9 establishes a process of written notice and motion practice that cannot be read to undermine the principle of client sovereignty set forth above.

Here, undersigned counsel provided requisite notice to Plaintiff (appearing pro se) at the email set forth in the pleadings as follows:

> This shall provide notice that Attorneys Max E. Dehn, Madilyn M. Bell, and the law firm Cavitch Familo & Durkin Co., LPA ("Cavitch") shall withdraw from the above captioned lawsuit pursuant to Loc.R. 83.9 upon the Court's granting a motion to withdraw.

Undersigned counsel provided requisite notice to Ms. Reynaud by email as follows:

> Per recent email correspondence and phone conversations, you have terminated our engagement as your counsel in the matter of *Reo v. Reynaud, et al.* As we discussed, we will transfer our file in this matter to new counsel at your direction upon the Court's granting of a motion to withdraw.

Undersigned counsel further notes that termination of representation will not materially affect the litigation, as Defendant Bilde has not been served, the parties have not conducted a Civ.R. 26(f) conference, and discovery has not begun. Thus, the case will not be procedurally compromised by a change in Ms. Reynaud's counsel. For the same reasons, Ms. Reynaud will not be materially affected by engaging new counsel.

For the reasons set forth above, this Court should grant the motion and permit Cavitch and its attorneys to withdraw from representation in this matter.

Respectfully submitted,
*/s/* Max E. Dehn
Max E. Dehn (0079600)
Madilyn M. Bell (0098386)
Cavitch Familo & Durkin Co., L.P.A
1300 E. Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
Email: mdehn@cavitch.com
mbell@cavitch.com
*Attorneys for Defendant, Ludivine Reynaud*

2

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on this 13th day of June, 2022. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Max E. Dehn
*Attorney for Defendant, Ludivine Reynaud*