UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** | **CAVITCH FAMILO & DURKIN CO., L.P.A.** |
| Bryan Anthony Reo (#0097470) | Max E. Dehn (#0079600) |
| P.O. Box 5100 | Madilyn M. Bell (#0098386) |
| Mentor, OH 44061 | 1300 E. Ninth St., 20th Fl. |
| (T):  (216) 505-0811 | Cleveland, OH 44114 |
| (E):  reo@reolaw.org | (T):  (216) 621-7860 |
| *Pro se Plaintiff* | (F):  (216) 621-3415 |
| | (E):  mdehn@cavitch.com |
| | (E):  mbell@cavitch.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S RENEWED MOTION FOR DISCOVERY TO BE ORDERED BEFORE SCHEDULING CONFERENCE

### (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan Anthony Reo's Renewed Motion for Discovery to be Ordered before Scheduling Conference:

1.  Plaintiff filed suit against Defendant on March 31, 2022, for defamation, false light, and abuse of process.  (ECF No. 1, PageID. 1-24).  The gist of the instant controversy is that Plaintiff

and Defendant were previously involved in a dating relationship with one another, and when that relationship ended, Defendant weaponized telecommunication devices to harass Plaintiff in an actionable manner.  (ECF No. 1, PageID. 1-24, ¶¶ 8, 11-72).  Specifically, Defendant:  (1) falsely alleged to law enforcement agents—who Defendant communicated with by telephone—that Plaintiff published onto the Internet pornographic photographs of Defendant; (2) Defendant sent 119 emails to Plaintiff during a twelve-hour time frame which were replete with vulgarities, lewd remarks, and references to genitals; (3) Defendant telephoned Plaintiff at 4:00 a.m. to 6:00 a.m. on May 11, 2021, despite Defendant knowing that Plaintiff did not want to be disturbed while Plaintiff was sleeping; and (4) Defendant used her email account and Internet services to engage in tortious conduct against Plaintiff.  (ECF No. 1, PageID. 1-24, ¶¶ 12, 16-17, 36).

2.   After learning about the existence of the instant civil action, Defendant has gone to great lengths to deliberately try to destroy electronic evidence.  On March 31, 2022, Defendant changed the name of her social media profile on Quora from "Ludivine Reynaud" to "Professor Calculus" and removed or altered all of the biographical details for the profile and deleted approximately 70 posts and comments which implicitly or overtly concern Plaintiff and/or the subject matter of the instant controversy.  (Exhibit 1 – Quora Screenshot).  Throughout April of 2022, Defendant deleted and/or changed significant amounts of content on Defendant's LinkedIn profile, which is significant to note insofar as Defendant's employer is also being sued in the instant civil action and the LinkedIn profile's content constitutes party admissions concerning Defendant's employment relationship with Defendant's co-defendant.   (ECF No. 1, PageID. 1-24).

3.  Not only has Defendant willfully lied about Plaintiff to law enforcement officers and Defendant has deliberately acted to conceal electronic evidence by allowing it to spoil, but Defendant has also offended the due process rights of Defendant's co-defendant and employer,

Dominique Bilde, by foiling Plaintiff's attempts at sending to Ms. Bilde courtesy copies of the Summons and Complaint.  Specifically, Defendant intercepted Plaintiff's mailings and had them returned to the sender.  (Exhibit 2 – FedEx Tracking).

4.  It should be noted that by email sent from Defendant to the Mentor Police Department on March 31, 2022, at 2:10 p.m., which Plaintiff obtained via an Ohio Open Records Act request, Defendant referenced the instant civil action.  (Exhibit 3 – 3/31/22 Email).  The Quora posts were deleted by Defendant on March 31, 2022—which is the very same day Defendant emailed said law enforcement agency.  (Exhibit 1 – Quora Screenshot).  The destruction of the electronic evidence by Defendant is no accident.

5.  It should also be noted that Ms. Reynaud is presently under criminal indictment in Belgium for violation of Article 445[1] of the Belgian Penal Code arising from making a false and calumnious defamatory report (against Plaintiff) to authorities.[2] Ms. Reynaud may hope to delay this case as long as possible because she does not want to have to produce evidence in this case that might be used against her in the Belgian criminal case.

6.  Plaintiff would like discovery to begin immediately rather than to wait until after the scheduling conference is held.  The reason is because if Defendant continues to manufacture evidence—such as false testimonial allegations to law enforcement officers—or destroy electronic evidence—such as by removing or altering material from the Internet which is under the control

---

[1] An offense which under Belgian law carries a mandatory minimum sentence of 15 days in jail, up to 6 months, with a fine not to exceed 8,000.00 Euros. Approximately the equivalent of a 1st degree misdemeanor in Ohio, while also constituting a crime of dishonesty for purposes of the Federal Rules of Evidence.
[2] Plaintiff has a (French language) copy of the charging document from the Belgian court. Probable cause was found to support a charge that Ms. Reynaud falsely reported defamatory accusations against Plaintiff to authorities and exposed Plaintiff to a criminal penalty or sought to so expose him, a charge was formally laid against Ms. Reynaud for the false report, and the case has been assigned to a judge for criminal prosecution.

of Defendant—, then Defendant's due process rights to obtain evidence and to effectively litigate the instant civil action will be offended.

7. It does not offend judicial economy to permit discovery to occur immediately. In fact, allowing discovery to begin immediately will serve judicial economy insofar as Plaintiff will be better positioned to obtain and preserve evidence that may negate the need for the issue of spoliation of evidence to be litigated by motion at a future date.

8. Pursuant to Fed. R. Civ. P. 26(d)(1), the Court can order that discovery is to begin before the Fed. R. Civ. P. 26(f) scheduling conference has been held. "To determine whether to authorize expedited discovery in a particular case, courts generally apply a 'good cause' standard. FRCP(26)(b) ('for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.')." *Third Degree Films v. Doe*, Case No. 12-1341 (C.D. Ill. Nov. 26, 2012) (internal citations omitted). For the case at bar, good cause exists for discovery to be ordered before the Fed. R. Civ. P. 26(f) scheduling conference insofar as Defendant is destroying evidence and discovery powers are needed to obtain discovery before Defendant succeeds in destroying additional evidence.

9. Plaintiff sought email concurrence with Defense Counsel to begin discovery via an email dispatched on 6/6/2022 asking that discovery begin or a Rule 26(f) be coordinated and conducted. In an email response Plaintiff received on 6/10/2022 Defense Counsel refused and stated that discovery was premature as Defendant Bilde had not been served[3] and that they would not concur to discovery.

---

[3] It appears Defendant Reynaud also seeks to cause delay by hindering service of Bilde as a means to delay the Rule 26(f) and issuance of a scheduling order for as long as possible, likely to use the intervening time to destroy or spoil evidence. It is reasonable to conclude that Defendant Reynaud has a strategy of "stall as long as possible, hinder service on co-defendant Bilde, and use the present status of incomplete service as an excuse to stonewall this case from progressing."

10. Defendant Reynaud has, by some means[4], obtained the deletion/removal of her name/information from the staff directory of the EU Parliament where she was and (as of 11 May 2022) still is employed by co-defendant Bilde. However, in Reynaud's Answer, she disclaims an employer-employee relationships exists or existed at the relevant time complained of in Plaintiff's Complaint. Plaintiff has a "before" and "after" of the employee directory showing Reynaud was listed as Defendant Bilde's "Accredited Parliamentary Assistant" prior to the filing of Plaintiff's Complaint, and that Reynaud was using her EuroParl government email account as recently as May 2022, however, sometime around April 19-21 Reynaud was removed from the staff directory, likely at her request, so as to appear to not be an employee of Bilde. Plaintiff wishes to begin immediate discovery on employment records to verify Reynaud's employment status and establish she was working for Bilde at the relevant times complained of in Plaintiff's Complaint before Reynaud deletes, destroys, alters, or spoils those records the way she has deleted so many social media posts and the way she was able to have herself scrubbed out of the employee/staff directory of Bilde and the EU Parliament.

11. Defendant Reynaud was explicitly ordered to preserve evidence and given categories and types of evidence to preserve in a Litigation Evidence Preservation Hold email sent by Plaintiff on 31st March 2022, an email that Reynaud forwarded to Ohio law enforcement. Reynaud (who holds a law degree) knows her obligations under the Federal Rules of Civil Procedure and the Federal

---

[4] EU Parliament protocol requires that all employees of Members of the European Parliament have their staff members publicly listed, unless a derogation is given for an assistant's physical security/safety. It is likely, indeed more probable than not, that Reynaud lied and claimed Plaintiff physically threatened her, which would be in keeping for somebody who already made false reports and got herself indicted over it. Police in Ohio noted that none of the emails Reynaud alleged Plaintiff had sent her contained any threats of physical harm or anything beyond proclamations that litigation might result if Reynaud did not cease harassing Plaintiff and his ex-wife. Plaintiff wants to do discovery on the circumstances surrounding the European Parliament and Dominique Bilde removing Reynaud from the staff directory.

Rules of Evidence to preserve and maintain evidence yet she deleted more than 70 posts on Quora the very same day she received the preservation letter. Plaintiff is greatly concerned Reynaud is deleting emails sent by Reynaud to multiple/numerous third parties which contain defamatory/false statements against Plaintiff.

12. Reynaud has referenced, in emails to law enforcement, that she has made numerous multiple phone calls to third parties about Plaintiff. She also referenced that she changed her phone number in the autumn of 2021. In her Answer Reynaud denied making calls to Plaintiff on 11 May 2021 at 4:00 am to 8:00 am and repeatedly waking Plaintiff up with actual knowledge Plaintiff did not want to be called. Reynaud has since changed her number from that time and she denies having made those calls. She will likely deny having ever owned the number in question. She may have changed her phone again since March 2022. Plaintiff wants to begin discovery on Reynaud to ascertain which phone numbers she presently owns/subscribes to, and Plaintiff wants to preserve the physical phone device Reynaud used to make the calls in May 2021 so it can be properly preserved by being imaged/copied to maintain the data on the calls Reynaud placed to Plaintiff on 11 May 2021. The longer the phone in question remains solely in the custody and possession of Reynaud the more likely it is that all of the data will be irretrievably lost or the actual device itself will simply turn up missing[5].

13. Plaintiff seeks discovery on third parties, specifically the following individuals who have lived with and have firsthand experience with the behavior and credibility of Defendant Reynaud

---

[5] Plaintiff is a licensed Ohio and Michigan attorney in good-standing with all courts wherein Plaintiff is admitted to practice before. Plaintiff will not destroy evidence, knowingly or even recklessly allow evidence to be spoiled, or misuse anything his forensic analysis team finds on Reynaud's phone, and Plaintiff will promptly return the device to Reynaud in accordance with any order issued by this Court providing instructions and a timetable by which Plaintiff must return the device after it is imaged/copied.

as they are her former roommates from the time she arrived in Belgium and began working in the EU Parliament. The individuals are Isabelle Claude Albanie Monfort, Robert Edward Frank Heslop, Madisson Valerie Marc Collin, Alice Aupetit, and Melanie Dutheil. These individuals may also be able to give information regarding the employer-employee relationship of Bilde and Reynaud. The other individuals Plaintiff wishes to serve subpoenas on are close familial relations of Defendant Reynaud; specifically, Dominique Gouly, Jean-Marie Reynaud, and Gabrielle Giraud who can attest to the domicile of Defendant Reynaud and her employment in the EU Parliament[6] and perhaps Reynaud's history of unstable behavior of the sort that Plaintiff maintains serves as part of the basis of the claims against Defendant Bilde. The longer the delay of Plaintiff being allowed to serve subpoenas on those individuals, the greater the likelihood Reynaud will track them down and seek to prevail upon them to support her fabrication of events or to destroy documents, texts, emails, correspondence of contact they may have had with her. It has already occurred to Reynaud[7] to delete social media posts, alter accounts, shut down accounts, delete entire accounts, and get herself scrubbed from an employee database. It won't take too much thought on Reynaud's part to realize she ought to reach out to all of her current or former roommates and ask them to delete anything they have related to her in regards to communications/correspondence. Furthermore, these individuals are located in Belgium and France and it will take some time, at

---

[6] Reynaud's stipulating to certain facts would obviate the need to serve the subpoenas on her first degree blood relations. However, Reynaud has thus far rejected all requests or overtures to make any evidentiary stipulations or factual stipulations and has necessitated that there will be extensive discovery that would not otherwise have to occur if she would make good faith admission of certain basic foundational facts. Reynaud has elected to make bad faith denials and hide behind walls of lies, which essentially requires Plaintiff to go out of his way to prove things that shouldn't require such extensive effort to prove.

[7] Reynaud has already shown herself to be a service dodger, evidence destroyer, and her credibility in Belgium was so low she got herself indicted for making what was determined to be a blatantly false report. The longer the delay for the commencement of discovery the more opportunity Reynaud is going to have to destroy evidence and invent/fabricate evidence.

least several months, to properly serve subpoenas in accordance with Hague Convention requirements.

14. Broadly speaking, Plaintiff seeks to do third party discovery via subpoenas on the current and former roommates of Reynaud, Plaintiff seeks the phone device Reynaud used to call Plaintiff repeatedly on 11 May 2021, and Plaintiff seeks relevant phone records from Reynaud on the same, and Plaintiff also seeks employment records/information to confirm Reynaud was working for Defendant Bilde at all relevant times complained of in Plaintiff's Complaint.

15. Plaintiff also seeks to do discovery on Defendant Reynaud's present domicile and her present place of employment, for purposes of proving sufficiency of service.

16. On 18th April 2022 Plaintiff provided a courtesy copy, via email, of the certified French language translation of the Complaint and Summons, upon Defendant Reynaud and received an email receipt that the email was delivered and a receipt that it was read/opened, presumably by Ludivine Reynaud as the email was addressed to Ludivine.reynaud@europarl.europa.eu. Ultimately, in accordance with Belgian Law Defendant Reynaud was served at her registered mailbox with the French language certified translation of the Summons, Complaint, completed USM94 form, and the original English language copies of the same documents. Belgian Law strongly disfavors any confrontational method of service such as personal service by a process server "ambushing" a defendant in the street to throw papers at them. Indeed, it is possible that such "ambush method" of process service is actually illegal in Belgium given what Plaintiff has been told by private investigators and process servers.

17. On or around 19th April 2022 Defendant Reynaud had changed her social media to claim she was unemployed and living in Grenoble (France) which would tend to indicate she had moved in with her father and was at her father's residence in the area in/around Grenoble. Around this

time Defendant Reynaud was removed from the staff directory for the website listing of MEP Dominique Bilde's office. Plaintiff believes that Defendant Reynaud coordinated with Defendant Bilde and that Bilde agreed to scrub Reynaud from the staff directory, perhaps as a prelude to disavowing that there was an employer-employee relationship between the two. Plaintiff has been hesitant to send any correspondence to the address of Ludivine Reynaud's father in Grenoble France for the simple reason that Defendant Reynaud has a history of (falsely) complaining that Plaintiff is stalking her and trying to damage her personally and professionally.

18. Plaintiff had requested a process server to "wait outside of this apartment[8], wait for the middle-aged blonde woman shown in this photograph to come outside in the morning on her way to work, walk up to her, call out to her, verify her identity, throw a packet of papers at her feet and proclaim to her that she has been served, and then take a photo of her and the scene showing the packet at her feet and fill out an affidavit of service and attach the photo" and was told by the process server that the method Plaintiff described would be illegal under Belgian Law and would likely constitute harassment and invasion of privacy (particularly the taking of a photograph of a non-celebrity in public), at which time Plaintiff told the process server to not attempt that method and that service should be done zealously in accordance with Belgian Law.

19. Under Belgian Law each and every resident of Belgium is registered to a physical address where at they must maintain a mailbox for the receipt of papers/mail. When a resident in Belgium wishes to move from one location to another they must coordinate with police in both locales so that their departure from one address and their arrival at their new/proposed address can be verified and noted in the national citizenship registry database, which generally includes police physically

---

[8] Reynaud's legal residence in Uccle Belgium.

9

inspecting the premises from which the resident is departing and verifying the departure occurred, and then verifying the arrival at the destination premises.[9]

20. Plaintiff is 95% certain that if Defendant Reynaud is not actually in Grenoble France living with her father, and if Plaintiff instructs a process server, "deliver documents to this address in Grenoble" Defendant Reynaud will complain that Plaintiff is only having documents delivered there as a means to embarrass her in front of her family. Plaintiff has no desire to embarrass Defendant in front of her family or anybody. Plaintiff simply wants Defendant to be properly served, to acknowledge service, and to stop obstructing the progression of this case by adopting techniques such as not waiving service, not cooperating with service, dodging service, (falsely) claiming to live in France while still being registered in a police/government maintained database as living at an address in Belgium, and contesting sufficiency of service in a manner that reeks of bad faith. Unless and until Plaintiff is told, "service upon Defendant Reynaud in Uccle Belgium was insufficient, Defendant Reynaud must be served in Grenoble France" Plaintiff is not going to have any process server deliver anything to any address in France associated with Reynaud's father, lest Defendant Reynaud attempt to use such a move as "evidence" of harassment or a motive of bad faith[10] on the part of Plaintiff.

---

[9] In essence every lawful resident residing in Belgium is treated similar to convicts who have been paroled in the United States and are required to provide updates to the authorities as to any change of address.

[10] Plaintiff is trying to proceed as diligently, professionally, and in the most effective procedurally proper and sound manner as possible. Plaintiff has no experience with being falsely accused of a sex crime by a woman who once insisted she loved Plaintiff and who Plaintiff previously had strong love and affection for. Being (falsely) accused of a horrendous offense by somebody who was once incredibly dear to Plaintiff is a new experience and it is a very trying and difficult experience. Ms. Reynaud is making this matter all the more difficult by making it needlessly complicated in what appears to an effort to stonewall the procedural progression of the case, which would be in keeping with her generally bad and unstable behavior which gave to Plaintiff's claims in the instant action. It appears it was not enough for Ms. Reynaud to cause Plaintiff problems so severe that he felt he had no choice but to end his relationship with her, Ms. Reynaud had to resort

21.  On 4th May 2022 Plaintiff's process server, via use of a private investigator, verified with the Belgian Central Authority that the individual with the national citizen identity number assigned to Defendant Reynaud (actual number withheld from this filing for privacy concerns), Ludivine Joan Claudia Reynaud, was residing at Rue Dodonee 3, Uccle, 1880, and had not provided notice of departure from that address nor been registered at any new address. Plaintiff can provide the intelligence report showing the Identity Number and the registered address history for Ms. Reynaud from the Central Authority's database under seal or directly to chambers if this Court wishes to review the document. Defendant is already accusing Plaintiff of seeking to harm her reputation, damage her standing, and invading her privacy. Plaintiff has no desire to release what appears to be the Belgian equivalent of a social security number, into the public realm. Plaintiff has no desire to cause any harm to Defendant Reynaud[11] (or Defendant Bilde for that matter). Plaintiff simply wants this case to progress smoothly and efficiently and does want to litigate beneath the specter of the Defendant possibly contesting service over the next eight months or post-judgment. Defendant Reynaud has contested sufficiency of service even though she was served in accordance with Belgian Law and she still live in Belgium and works for Defendant Bilde.

22. On 11th May 2022 Plaintiff verified, through private investigative techniques[12], that Defendant Reynaud was still living in Uccle Belgium and was still actively employed in the office

---

to defaming Plaintiff and now hindering Plaintiff's due process rights by complicating the proceedings and trying to hinder, delay, and obstruct as much as possible.

[11] Plaintiff previously offered to settle with Defendant Reynaud for a public signed retraction to be filed with the court and entered into the official record and payment of Plaintiff's costs and expensed incurred to the point of the offered settlement, which amounted to $5,100.00 dollars. Defendant Reynaud told Plaintiff she "will kill herself before Plaintiff ever gets a dime of her money."

[12] Reynaud answered the phone at Bilde's office and identified herself by name when asked "Ludivine Reynaud?" in a call made by a private investigator on 11 May 2022 to Bilde's office.

of Dominique Bilde as a Parliamentary Assistant. Plaintiff wants to be able to obtain documentary evidence from Defendant Reynaud's employer, documentary evidence from Reynaud herself, and other relevant third parties, as to Reynaud's residence/domicile so that Plaintiff does not have to attempt to effectuate service at the domicile of Reynaud's father in France, the residence where Reynaud claims (on social media[13]) that she is presently living.

WHEREFORE, Plaintiff prays that this Honorable Court will order that discovery is to begin immediately.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 14, 2022

---

[13] As of around 19th April 2022 Reynaud's LinkedIn claims (falsely) that she resides in Grenoble France (living with her father) and that she is unemployed. She was confirmed beyond any reasonable doubt as being employed by Dominique Bilde as an accredited parliamentary assistant and being at the EU Parliament in Brussels doing parliamentary work on 11th May 2022 via private investigative techniques.

12

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | |
| | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** | **CAVITCH FAMILO & DURKIN CO., L.P.A.** |
| Bryan Anthony Reo (#0097470) | Max E. Dehn (#0079600) |
| P.O. Box 5100 | Madilyn M. Bell (#0098386) |
| Mentor, OH 44061 | 1300 E. Ninth St., 20th Fl. |
| (T):  (216) 505-0811 | Cleveland, OH 44114 |
| (E):  reo@reolaw.org | (T):  (216) 621-7860 |
| *Pro se Plaintiff* | (F):  (216) 621-3415 |
| | (E):  mdehn@cavitch.com |
| | (E):  mbell@cavitch.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S MEMORANDUM IN SUPPORT OF HIS RENEWED MOTION FOR DISCOVERY TO BE ORDERED BEFORE SCHEDULING CONFERENCE

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan Anthony Reo's Memorandum in Support of His Renewed Motion for Discovery to be Ordered before Scheduling Conference:

Plaintiff relies upon the factual allegations and legal authorities set forth within Plaintiff

Bryan Anthony Reo's Motion for Discovery to be Ordered before Scheduling Conference.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 14, 2022

2

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** | **CAVITCH FAMILO & DURKIN CO., L.P.A.** |
| Bryan Anthony Reo (#0097470) | Max E. Dehn (#0079600) |
| P.O. Box 5100 | Madilyn M. Bell (#0098386) |
| Mentor, OH 44061 | 1300 E. Ninth St., 20th Fl. |
| (T):  (216) 505-0811 | Cleveland, OH 44114 |
| (E):  reo@reolaw.org | (T):  (216) 621-7860 |
| *Pro se Plaintiff* | (F):  (216) 621-3415 |
| | (E):  mdehn@cavitch.com |
| | (E):  mbell@cavitch.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## <u>CERTIFICATE OF SERVICE</u>

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on June 14, 2022, I submitted this Certificate of Service, Plaintiff Bryan Anthony Reo's Memorandum in Support of His Renewed Motion for Discovery to be Ordered before Scheduling Conference, and Plaintiff Bryan Anthony Reo's Motion for Discovery to be Ordered before Scheduling Conference to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant.

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

Dated:  June 14, 2022