# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Pro se Plaintiff*

**VASVARI & ZIMMERMAN**
Raymond Vasvari, Jr. (#0055538)
K. Ann Zimmerman (#0059486)
20600 Chagrin Blvd.
Suite 800 Tower East
Shake Heights, OH 44122
(T): (216) 458-5880
(F): (216) 302-7000
(E): vasvari@vasvarilaw.com
(E): zimmerman@vasvarilaw.com
*Attorneys for Ludivine Joan Claudia Reynaud*

---

### PLAINTIFF BRYAN ANTHONY REO'S MOTION FOR STATUS CONFERENCE AND IN PERSON MEDIATION BEFORE MAGISTRATE JUDGE

### (ORAL ARGUMENT REQUESTED)

---

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan Anthony Reo's Motion for Status Conference and In Person Mediation. For the reasons that follow this

Court should issue an order setting a status conference and in-person mediation requiring in court attendance by all parties and counsel.

1. Plaintiff filed suit against Defendant on March 31, 2022, for defamation, false light, and abuse of process. (ECF No. 1, PageID. 1-24). The gist of the instant controversy is that Plaintiff and Defendant were previously involved in a dating relationship with one another, and when that relationship ended, Defendant weaponized telecommunication devices to harass Plaintiff in an actionable manner. (ECF No. 1, PageID. 1-24, ¶¶ 8, 11-72). Defendant Reynaud received a courtesy copy of the lawsuit on March 31, 2022, acknowledged receipt of the same on the very same day, complained about the lawsuit to law enforcement in an email, and then set about refusing to waive service, dodging formal service, and interdicting and hindering the service of a courtesy service packet and request to waive service on her co-defendant Bilde. Plaintiff ultimately had Defendant Reynaud served in accordance with the Hague Convention and she appeared in this action by and through counsel.

2. Plaintiff sought email concurrence with prior Defense Counsel (Max Dehn) to begin discovery via an email dispatched on 6/6/2022 asking that discovery begin or a Rule 26(f) be coordinated and conducted. In an email response Plaintiff received on 6/10/2022 Defense Counsel refused and stated that discovery was premature as Defendant Bilde had not been served[1] and that they would not concur to discovery.

3. Defendant Reynaud fired prior Defense Counsel who moved to withdraw on 6/13/2022 with withdrawal granted on 6/15/2022.

---

[1] It appears Defendant Reynaud seeks to cause delay by hindering service of Bilde as a means to delay the Rule 26(f) and issuance of a scheduling order for as long as possible, likely to use the intervening time to destroy or spoil evidence. It is reasonable to conclude that Defendant Reynaud has a strategy of "stall as long as possible, hinder service on co-defendant Bilde, and use the present status of incomplete service as an excuse to stonewall this case from progressing."

4. Defendant Reynaud was granted 21 days within which to obtain new counsel.

5. New Counsel entered their appearance for Defendant Reynaud on 6/21/2022.

6. On 6/21/2022 within 30 minutes of notification of the appearance of new Defense Counsel, Plaintiff sought concurrence, by email, of Defense Counsel Vasvari to immediately commence discovery.

7. On 6/21/2022 almost immediately after Plaintiff sent the email, Plaintiff received a response from Defense Counsel Vasvari stating that there would be no concurrence and they would not consent to discovery until the Court issued a scheduling order.

8. This scenario is fast becoming a repeat or a re-run. Plaintiff wants to begin discovery because Defendant Reynaud is a service-dodger, evidence-destroyer, evidence fabricator, and likely an evidence spoiler. Avoid, evade, deny, delay, stall, obstruct, and create hurdles, seem to be the go-to tactics and techniques for how Defendant Reynaud intends to handle this litigation.

9. Plaintiff has made several settlement offers to Defendant Reynaud, all of which have ultimately expired due to deadlines, never even receiving formal responses or replies other than acknowledgement of receipt of the email. One offer was "issue a signed retraction[2] and pay my exact costs to date, of $5,100.00" which did not receive a response and terminated by lapsing of the deadline. Another offer was, "if no public retraction is forthcoming then publicly pay $50,000 on the record" which did not receive a response and terminated by lapsing of the deadline. The

---

[2] Despite being sued and indicted, Defendant Reynaud appears to want to cause as much grief, stress, anxiety, cost and expense as possible for Plaintiff and has opined she considers herself the victim in this entire situation, although it is worth noting that it is Defendant Reynaud who is under indictment in Belgium for filing a false report under circumstances of "criminal calumny" and not Plaintiff under indictment, here or in Belgium, for anything alleged by Defendant Reynaud. Defendant Reynaud has convinced herself that she is the victim and she is desperate to be seen as the victim. Plaintiff is optimistic that mediation might help Ms. Reynaud to realize there are other perspectives aside from her own.

present outstanding offer is "issue a signed retraction and pay me $7,500.00 inclusive of costs, expenses, and damages." So far no substantive response has been received.

10. Given that Plaintiff is willing to settle this case for a signed retraction and less than $10,000 dollars and given that Defendant has likely already spent at least that much in litigation costs and expenses, and given the problems to date in regards to Defendant Reynaud's behavior and the difficulties of obtaining concurrence on discovery, Plaintiff respectfully requests that this Court nail two birds with one stone and set an in-person status/scheduling conference which can be immediately preceded or followed by in-person mediation before the United States Magistrate Judge[3]. Plaintiff's settlement demands and suggestions are not unreasonable and are likely very attainable. If Ms. Reynaud actually has to come to the United States and participate in the legal process that was set in motion as a result of her defamation, she might be inclined to stop stonewalling, start talking, and work out a reasonable resolution that can put this entire case to rest, and it is not hard to conceive of this case being put to rest when Plaintiff's recent and present[4] demands are "sign a retraction and pay me some sum of between $5,100 and $7,500 dollars."

11. Plaintiff would therefore request that this Court schedule a status conference and in-person mediation, on the same day, and require all parties and their counsel to attend, in person, at the United States District Court for the Northern District of Ohio. It makes the most sense to attempt to resolve this matter early and prior to the expenditure of significant time and resources. The parties could conduct mediation before the Magistrate in the morning, and if the case is not resolved by the afternoon then the status conference could proceed, dates can be set, and the

---

[3] Plaintiff has already demonstrated a willingness to work towards a good faith resolution of the entire case. In-person mediation at this early juncture might well prove fruitful and productive.
[4] Said demands will rapidly rise the longer this case drags on and within 6-12 months Plaintiff's floor will probably be $50,000 or more.

scheduling order would then be issued[5], whereas if the parties resolve the case via mediation the settlement terms could be articulated on the record or the fact that a settlement was reached could be articulated on the record. Given that Plaintiff wants a signed public retraction that becomes part of the court record, it would make sense that the parties be close to the court room so that the retraction[6] can be read into the record if an agreement is ultimately reached.

WHEREFORE, Plaintiff prays that this Honorable Court will issue an order requiring the parties to attend an in-person status conference and in-person mediation before the Magistrate.

        Respectfully submitted,

        **REO LAW, LLC**

        /s/ Bryan Anthony Reo
        Bryan Anthony Reo (#0097470)
        P.O. Box 5100
        Mentor, OH 44061
        (T): (216) 505-0811
        (E): reo@reolaw.org
        *Pro se Plaintiff*

---

[5] This would moot the pending motion to begin discovery prior to the scheduling conference as discovery would begin with the issuance of the formal scheduling order.

[6] The main thing sought by Plaintiff is a signed public retraction to be read into the record.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on June 22, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Motion for Status and In Person Mediation to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant.

/s/ Bryan Anthony Reo

                                        Bryan Anthony Reo (#0097470)
                                        P.O. Box 5100
                                        Mentor, OH 44061
                                        (T):  (216) 505-0811
                                        (E):  reo@reolaw.org
                                        *Pro se Plaintiff*

Dated:  June 22, 2022