# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

### PLAINTIFF BRYAN ANTHONY REO'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT LUDIVINE JOAN CLAUDIA REYNAUD

### (ORAL ARGUMENT NOT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Motion to Strike Affirmative Defenses of Defendant Ludivine Joan Claudia Reynaud.

Plaintiff Bryan Anthony Reo, pro se, makes this motion pursuant to Fed. R. Civ. P. 12(f) and moves this Court to strike certain of Defendant's Affirmative Defenses, on the basis that the enumerated Affirmative Defenses are either improper or are not truly affirmative defenses.

This motion is supported by the accompanying brief, Complaint, Answer, and any other records and filings of this action, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion. Plaintiff does not request any oral argument on this motion unless the Court believes such would be helpful and schedules an oral argument, or the Defendant specifically requests one, in which case Plaintiff will participate in oral argument.

        Respectfully submitted,

        /S/. BRYAN ANTHONY REO
        Bryan Anthony Reo
        P.O. Box 5100
        Mentor, OH 44061
        (P):  (440) 313-5893
        (E):  Reo@ReoLaw.org
        *Pro se Plaintiff*

Dated:  June 26, 2022

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **LUDIVINE JOAN CLAUDIA REYNAUD** <br> Rue Dodonee 3 <br> 1180, UCCLE, Belgium <br><br><br> **DOMINIQUE BILDE** <br> Parlement européen <br> Bât. ALTIERO SPINELLI <br> 04F368 <br> 60, rue Wiertz / Wiertzstraat 60 <br> B-1047 Brussels, Belgium <br><br> Defendants | Case No: 1:22-cv-00510-JG <br><br> Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@ vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

**BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT
LUDIVINE JOAN CLAUDIA REYNAUD**

3

Under Federal Civil Rule 12(f), a "court may strike from a pleading an **insufficient defense** or any redundant, immaterial, impertinent, or scandalous matter." Id. (emphasis added). Accordingly, affirmative defenses may be stricken from the pleadings if they are insufficient as a matter of law. *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 905 (N.D. Ohio 2003).

A Motion to Strike is appropriate where the Answer contains insufficient defenses or immaterial matter. Rule 12(f) of the Federal Rules of Civil Procedure states in relevant part that a District Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It has consistently been held that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." See *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994). See also- *Sun Microsytems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp.2d 395, 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp.2d 393, 402 (E.D. Pa. 2002) where it was held that a motion to strike under rule 12(f) serves to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."

Plaintiff Bryan Anthony Reo has identified the following "affirmative defenses" of Defendant Ludivine Joan Claudia Reynaud as not actually constituting affirmative defenses and respectfully requests that this Court, for the sake of cleaning up the pleadings and narrowing the issues that will need to be subject to discovery, strike said affirmative defenses.

## THIRD AFFIRMATIVE DEFENSE

Defendant Reynaud maintains this Court is not proper venue. This assertion is contrary to the plain language of the United States Code. 28 U.S. Code § 1391(c)(3) clearly provides- (3) "a defendant not resident in the United States may be sued in any judicial district" while (b)(2) provides that venue is generally proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In this instance Ms. Reynaud is not a resident of the United States and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Lake County Ohio which is within the judicial district of the United States District Court for the Northern District of Ohio. In short, not only is venue proper in the United States District Court for the Northern District of Ohio, arguably this is the only court where venue is proper. There is no valid basis by which Defendant Reynaud can plausibly claim that this Court is not proper venue.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Reynaud maintains this Court is not a convenient forum. Arguably this is Court is the only Court that is a convenient forum. All of the main witnesses in Lake County Ohio are located within the boundaries of this Court, the defamatory statements were largely made, in English, to individuals located throughout Lake County Ohio, Plaintiff (the victim) is located in Lake County Ohio, and the primary person outside the boundaries of Lake County Ohio would be Defendant Reynaud herself, who really has little basis to properly object to the location of the forum because she directed her conduct into the forum.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Reynaud maintains that defamatory statements she made throughout March 2022 were somehow time-barred as of 31 March 2022 when Plaintiff filed suit. Plaintiff is aware the statute of limitations for defamation in Ohio is one year from the date of publication, it is not one week nor one month. The idea that Plaintiff's claims are time-barred is ridiculous and this affirmative defense is a mere boilerplate defense that has no relevance or bearing on the case at hand.

## SEVENTH AFFIRMATIVE DEFENSE

A denial that Plaintiff has suffered damages is not truly an affirmative defense, particularly when the allegation is defamation per se and damages are not an element of the alleged tort. Defendant is essentially disputing liability/damages, although "Plaintiff lacks damages" is not really an affirmative defense in any traditional sense of the word for a tort that does not require, as a necessary element, the showing of special damages (contrasting libel per se with libel per quod). Plaintiff readily concedes if he alleged libel per quod rather than libel per se he would be required to plead damages as part of the prima facie claim for libel per quod). The argument of "no damages" is not a defense to a finding of liability for defamation per se, it is an argument that goes to damages not to liability itself, but it is being offered by Defendant Reynaud as an affirmative defense to a finding of liability. Defendant Reynaud's conduct against Plaintiff Reo is alleged to be defamatory per se, and if the conduct occurred as Plaintiff alleges, it would indeed be defamatory per se. Defendant Reynaud has published writings accusing Plaintiff of committing crimes.

Writing that accuses person of committing crime is libelous per se. See *Gosden v Louis*, 116 Ohio App.3d 195, 687 N.E.2d 481 (9th App. Dist, 1996).

Here Ms. Reynaud is alleged to have accused Plaintiff of multiple crimes, including the dissemination of pornographic material, a sexually oriented offense that is clearly one of moral turpitude, an offense cognizable under Ohio law as at least a 1st degree misdemeanor and possibly a lower degree felony depending on how it would be charged.

Plaintiff is not required to plead, or even prove, that he suffered special/cognizable/actual/demonstrable damages to recover, because the matter relates to defamation per se. Turning once more to *Gosden,* "At common law, once plaintiff proved that material was defamatory per se, he was entitled to recover presumed damages, as proof of defamation itself established existence of some damages."

Words that impute to a plaintiff the commission of an indictable offense involving moral turpitude are defamatory per se. "…that they impute to him the commission of an indictable offense involving moral turpitude." *Bigelow v. Brumley*, 138 Ohio St. 574, 591 (Ohio 1941)

Defendant Reynaud's Seventh Affirmative Defense should be stricken on the simple basis that "Plaintiff has no damages[1]" is irrelevant and insufficient to a claim for per se defamation.

## EIGHTH AFFIRMATIVE DEFENSE

The Eighth Affirmative Defense should be stricken because it is insufficient as a matter of law. See *Gray v. Allison Division, General Motors Corp.*, 52 Ohio App.2d 348, 370 N.E.2d 747 (8th App. Dist. 1977) where the court held, "Asserted belief of defendant in defamation action in truth of allegedly defamatory charge is no defense." Whether Defendant Reynaud believed that her statements were true is not relevant in the instant action. Defendant Reynaud's claim that she

---

[1] Plaintiff does not concede that Plaintiff has "no damages" and only makes this remark for the sake of the present argument.

believed the statement she made was true when she made it, is not an affirmative defense to defamation, it is not a sufficient defense to liability, it is basically just a general denial of liability masked as an affirmative defense.

## NINTH AFFIRMATIVE DEFENSE

Ohio law provides that statements to police reporting crimes or suspected crimes are only qualifiedly privileged, and the privilege does not apply if the report was made with actual malice, a reckless disregard as to the truth of the statement contained in the report, or with bad faith. *Allen v. Pirozzoli*, 2016-Ohio-2645. Ms. Reynaud told the Mentor Police, in her communication, "I cannot possibly begin to prove any of this" and she admitted she had absolutely no evidence to substantiate her claims that Plaintiff had impersonated her on pornographic websites or disseminated pornography of her. This raises the serious question, if Ms. Reynaud admitted to police she had no evidence to support her statements, then what was the basis by which she leveled the accusation and why did she deem fit to make an accusation when she conceded she had no evidence? At most the statements would enjoy qualified (never absolute) privilege and the privilege would only attach if Ms. Reynaud had a sincere objectively and subjectively reasonable belief in the truth of her own statements. Here Ms. Reynaud even told the police, at the time she made the statements, she had no evidence[2] to support the statements. Ms. Reynaud essentially triggered a criminal investigation into Plaintiff based on nothing more than at best a hunch or a gut feeling and at worse a malicious attempt to smear Plaintiff based on an accusation she knew was completely unsubstantiated and lacking in evidence.

---

[2] If Ms. Reynaud admitted to the police she had no evidence, then she almost certainly had actual knowledge of the falsity of her statements or at least a reckless disregard for the truth of the statements she made.

## TENTH AFFIRMATIVE DEFENSE

Defendant's tenth affirmative defense basically boils down to, "I dumped him, he didn't dump me.[3]" Plaintiff would note that United States District Courts are not generally in the business of adjudicating or issuing opinions regarding who dumped whom, who was on a break, who ended it, who angled to get the other person to end it, who walked away from whom, as these are not questions that are left to our Courts to address.

## ELEVENTH AFFIRMATIVE DEFENSE

A formal accusation that somebody committed a crime is not a statement of opinion, it is clearly meant as a factual assertion that would be objectively verifiable. An opinion would be, "Joe is an arrogant jerk," "I prefer vanilla ice-cream to strawberry" not, "Plaintiff committed multiple first degree misdemeanor sex crimes against me."

## TWELFTH AFFIRMATIVE DEFENSE

This is a general denial of liability for defamation and not truly an affirmative defense. It is improperly captioned as an affirmative defense and should be stricken. Further, being accused of a sexually oriented crime, particularly to a law enforcement agency that one coordinates with and works with in a professional capacity, particularly the department in one's municipality where

---

[3] Ms. Reynaud believes she is so desirable no man could possibly reject her, dump her, or break up with her. The fact that Plaintiff dumped Ms. Reynaud to reconcile with Plaintiff's ex-wife was what set off Ms. Reynaud and caused her to embark on the defamation campaign that resulted in this lawsuit. Even now, while being sued for defamation, Ms. Reynaud wants to focus on arguing about the relationship and "proving" she dumped Plaintiff because she styles herself as too desirable for a man to want to end a relationship with her. This entire dispute arises from a personal vendetta that Ludivine Reynaud embarked on to try to ruin the reputation of Plaintiff because Plaintiff dared to end a relationship with her.

9

one is domiciled, would be inherently injurious to one's reputation. If Defendant Reynaud wishes to maintain that being accused of a sex crime cognizable under Ohio law to the police department of the jurisdiction wherein Plaintiff resides is not defamatory per se, then Plaintiff would respectfully pose the question, "what then, if anything, would constitute defamation per se?" Defendant's answer claims that Plaintiff merely referencing and relating her mental illness, psychiatric problems, and worldview issues in a legal complaint that details her behavior (to provide a factual background and a relevant narrative), is damaging to her reputation and is a flagrant attempt to shame and humiliate, when such statements were relevant to provide a factual background to set the foundation for this litigation. What was the purpose[4] behind Defendant Reynaud (falsely) accusing Plaintiff Reo, to the police, of a sex crime, that Defendant Reynaud knew at the time of the accusation had never happened and has always known at all relevant times never happened?

---

[4] Defendant Reynaud is the classic "woman scorned" who is outraged Plaintiff dumped her for not just another woman but a woman Reynaud regards as less than herself; as Reynaud herself wrote of Plaintiff's ex-wife, "droopy the dog, an ugly big nosed Brazilian 6." Defendant Reynaud styles herself the victim in this unfortunate and needlessly dramatic episode, because Plaintiff seeks to hold her accountable for the fact that she victimized Plaintiff with transparently malicious (false) accusations of sexual crimes. In Reynaud's warped perspective Plaintiff is not the victim even though Plaintiff was the target of her false accusations, rather Reynaud is the victim because Plaintiff is suing her to try to use legal process to protect his reputation and have her held accountable for damages. It was not enough for Reynaud to cause problems for Plaintiff as he tried to reconcile with his wife, Reynaud had to defame Plaintiff with false accusations to law enforcement, necessitating this lawsuit, and then since the filing of the lawsuit she has deemed fit to work to bog the proceedings down with stonewalling service, hindering service on her co-defendant, deleting and destroying evidence, and other aspects of misconduct designed to hinder Plaintiff's right to seek redress of grievance and have his rights vindicated and his reputation upheld. Reynaud knew the statements she made were false when she made them, she made with actual knowledge of the actual falsity of her statements and she made them not only with Sullivan actual malice but with common law malice, ill-will, hatred, out of a contempt for Plaintiff and his rights and a desire to maliciously injure Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

This is a quasi-motion to dismiss or a motion to strike the complaint masked as an affirmative defense. "Plaintiff's complaint is flagrantly false" is basically a general denial and not an actual affirmative defense. This affirmative defense should be stricken.

## FIFTEENTH AFFIRMATIVE DEFENSE

A denial that Defendant might be liable for attorney's fees, costs, or punitive damages is not an affirmative defense. This is a general denial as to liability in so much that Defendant Reynaud maintains she is not liable for damages. The possibility that one is not liable for fees, costs, or defenses is not a defense to liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

A recitation or reference to a statute limiting punitive damages is not an affirmative defense.

The above referenced affirmative defenses should be stricken for the simple and basic reason that they are not true affirmative defenses but rather are general denials of liability or are denials as to damages.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

11

**CERTIFICATE OF SERVICE**

    I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on June 26, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Motion to Strike Affirmative Defenses to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

        /S/ BRYAN ANTHONY REO
        Bryan Anthony Reo
        P.O. Box 5100
        Mentor, OH 44061
        (P): (440) 313-5893
        (E): Reo@ReoLaw.org
        *Pro se Plaintiff*

Dated: June 26, 2022