UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S REPLY IN SUPPORT OF RENEWED MOTION FOR DISCOVERY TO BE ORDERED BEFORE SCHEDULING CONFERENCE

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Ludivine Joan Claudia Reynaud ("Reynaud") and this Honorable Court Plaintiff Bryan Anthony Reo's Reply in Support of Renewed Motion for Discovery to be Ordered before Scheduling Conference:

While captioned as a Reply in Support, Plaintiff will be, for the reasons that follow, withdrawing the pending motion at this time. However, Plaintiff does wish to provide the following clarification at this time.

Plaintiff has little to add to the briefing on this matter except a desire to clarify several points.

1- Plaintiff wishes to call the Court's attention to the exhibit attached to the original renewed motion, showing Ms. Reynaud deleted dozens [nearly 100] posts on Quora the very same day she was first emailed this lawsuit, 31 March 2022. Ms. Reynaud is tellingly silent about this deletion spree. Ms. Reynaud discusses deleting content in August 2021 and suggests her deleting spree has nothing to do with the instant action while nothing could be further from the truth and it is clearly no coincidence she was making mass deletions while emailing Mentor Police to discuss the recently filed lawsuit that Plaintiff had emailed her a copy of. Ms. Reynaud simply glosses over the fact that she deleted nearly 100 posts the same day she was emailed a copy of this lawsuit and the same day she acknowledged receipt of the same to Plaintiff and then forwarded it to police in Mentor Ohio.

2- Plaintiff does not speak the French language or know the French language, he thought Gabrielle Giraud [on the report Plaintiff has on Defendant Reynaud] was Defendant Reynaud's older sister, not her toddler niece. Plaintiff has no interest in deposing a toddler and would obviously drop that request and apologizes for the misunderstanding.

3- If Defendant Reynaud is willing to stipulate service was properly effectuated in accordance with Belgian law at a mailbox associated with her residential address in Uccle and that she lives in Uccle at the address where service was made then Plaintiff would likely have no need to depose any of the former roommates or the other individuals listed as possible deponents. Plaintiff has no desire to depose a half-dozen of Defendant's former roommates just for the sake of deposing them. If it is agreed that Ms. Reynaud lives in Uccle in Belgium at the address where service occurred, and lived there at all relevant times complained of in Plaintiff's Complaint then the matter is satisfactorily put to rest as far as Plaintiff is concerned.

4- Defendant Reynaud claims Plaintiff was emailing her colleagues to embarrass and humiliate her, but nothing could be further from the truth. After Ms. Reynaud caused courtesy service to be rejected and to fail on Dominique Bilde, and undertook steps to assure Plaintiff could not get a courtesy service packet with a request to waive service through to Dominique Bilde, Plaintiff decided to email the Members of the European Parliament (MEPs) from the same political party of Dominique Bilde, and give them the PDFs containing the relevant pleadings and requests to waive service on the assumption, and out of the hope, that one of Bilde's colleagues would bring the matter to Bilde's attention and Bilde would contact Plaintiff to discuss waiving service. Bilde's parliamentary group is a small group of less than 20 politicians and is presumably close-knit. Plaintiff did not wantonly or recklessly email Defendant Reynaud's colleagues (fellow parliamentary assistants) in some attempt to embarrass Reynaud in front of her colleagues. Plaintiff emailed the colleagues of Defendant Bilde because Defendant

Reynaud was actively hindering Plaintiff's attempts to deliver a complaint, summons, and waiver of service to Bilde and Defendant Reynaud had previously remarked that she had access to and control over Bilde's work email account and could (and would) delete any emails she didn't want Bilde to view. Plaintiff spent nearly 3 weeks trying to get a courtesy service packet to Dominique Bilde, sending it via FedEx, sending emails to Dominique Bilde, sending a fax to Dominique Bilde's office fax, prior to Plaintiff sending the emails to the other MEPs that Defendant Reynaud claims resulted in her being embarrassed in front of. If Ms. Reynaud had not intercepted the courtesy service packet that Plaintiff sent via Fedex International overnight to Bilde, which contained requests to waive service, then no emails would have ever been sent to any of Bilde's colleagues because Plaintiff would have had neither reason nor motive to alert Bilde's colleagues in an attempt to get them to bring the matter to Bilde's attention. The fact that a dozen or more MEPs in Reynaud's political party/circle may now know about this case and she may feel embarrassment because of it, is a problem that is one entirely of Reynaud's own making, because in choosing to intercept and reject a FedEx envelope, and perhaps in deleting emails sent to Bilde's office account, and intercepting faxes sent to the office fax, Reynaud brought about circumstances that necessitated Plaintiff taking other measures to make sure Bilde knew about the lawsuit.

5- In light of the dismissal of Bilde from this action and the likelihood the Court will shortly issue an order setting a scheduling conference at which a scheduling order will issue and discovery will commence, Plaintiff will withdraw his pending Renewed Motion to Begin Discovery Prior to the Scheduling Conference, but Plaintiff believed it was important to

clarify the points that have been so clarified, because Ms. Reynaud has shown herself unable to pass up an opportunity to try to characterize Plaintiff in a negative light. Plaintiff never emailed Reynaud's colleagues (assistants and political staffers), Plaintiff emailed Bilde's colleagues (fellow politicians) and the purpose was not to try to humiliate Reynaud in front of the MEPs but to facilitate for one of those MEPs to inform Bilde, "are you aware you are being sued and this guy wants you to waive service?" because Reynaud was working hard to keep Bilde in the dark.

6- Plaintiff is in possession of a series of documents from the "Ministere Public" and the "Tribunal de premiere instance francophone de Bruxelles" which provide in pertinent part that Ms. Reynaud has been charged with "denunciation calmonieuse a l'autorite (art. 445 C.P.).[1] It states the section of the code Ms. Reynaud is charged under, the judge to which the case is assigned, the name of the victim, the nature of the offense, and the sentencing range that she faces if convicted. Suffice to say, language barrier aside and accounting for Plaintiff not being versed in Belgian Criminal Procedure, it does appear Ms. Reynaud has been charged with the crime of "Calumnious Denunciation to authorities" per Article 445 of the Belgian Penal Code.

WHEREFORE, Plaintiff respectfully withdraws his pending motion regarding the beginning of discovery prior to a scheduling conference.

---

[1] Defense Counsel requested said documents as of 28 June 2022, but as Defense Counsel previously explained in an email to Plaintiff when Plaintiff wanted discovery, discovery has not commenced yet because no scheduling order has been issued. It would seem that both parties, Plaintiff and Defendant, are wanting documents that require the opening of discovery.

5

        Respectfully submitted,

        **REO LAW, LLC**

        /s/ Bryan Anthony Reo
        Bryan Anthony Reo (#0097470)
        P.O. Box 5100
        Mentor, OH 44061
        (T): (216) 505-0811
        (E): reo@reolaw.org
        *Pro se Plaintiff*

*June 28, 2022*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

| | |
|---|---|
| **REO LAW, LLC** | **VASVARI & ZIMMERMAN** |
| Bryan Anthony Reo (#0097470) | Raymond Vasvari, Jr. (#0055538) |
| P.O. Box 5100 | K. Ann Zimmerman (#0059486) |
| Mentor, OH 44061 | 20600 Chagrin Blvd. |
| (T): (216) 505-0811 | Suite 800 Tower East |
| (E): reo@reolaw.org | Shake Heights, OH 44122 |
| *Pro se Plaintiff* | (T): (216) 458-5880 |
| | (F): (216) 302-7000 |
| | (E): vasvari@vasvarilaw.com |
| | (E): zimmerman@vasvarilaw.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on June 28, 2022, I submitted this Certificate of Service, Plaintiff Bryan Anthony Reo's Reply in Support of Motion for Discovery to be Ordered before Scheduling Conference to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant.

                    /s/ Bryan Anthony Reo
                    Bryan Anthony Reo (#0097470)
                    P.O. Box 5100
                    Mentor, OH 44061
                    (T): (216) 505-0811
                    (E): reo@reolaw.org
                    *Pro se Plaintiff*

Dated: June 28, 2022