# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD,** | |
| and | |
| **DOMINIQUE BILDE,** | |
| Defendants. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

**VASVARI & ZIMMERMAN**
Raymond Vasvari, Jr. (#0055538)
K. Ann Zimmerman (#0059486)
20600 Chagrin Blvd.
Suite 800 Tower East
Shake Heights, OH 44122
(T):  (216) 458-5880
(F):  (216) 302-7000
(E):  vasvari@vasvarilaw.com
(E):  zimmerman@vasvarilaw.com
*Attorneys for Ludivine Joan Claudia Reynaud*

### REPORT OF PARTIES' PLANNING MEETING
### UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)(3)

1- Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b)(3) a meeting was held on July 5, 2022

    and was attended by.

Bryan Anthony Reo, counsel for Plaintiff, pro se.

Raymond Vasvari, Jr., counsel for Defendant Ludivine Joan Claudia Reynaud.

2- The Parties:

    Parties will exchange initial disclosures by August 1, 2022.

3- The Parties recommend the following track:

    Standard

4- The **Plaintiff** believe this case is suitable for the following:

    Early Neutral Evaluation

    Mediation

    Defendant does not believe the case is suitable for either Early Neutral Evaluation or for mediation prior to the substantial completion of discovery.

    Plaintiff believes that this case is suitable for immediate Early Neutral Evaluation and that by definition such evaluation should happen early. Plaintiff would concede that mediation may be premature, but Plaintiff will maintain that Early Neutral Evaluation will be unduly late if it is held off until the substantial completion of discovery [which could take 4+ months if discovery goes smoothly, longer if there are significant disputes].

5- The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6- Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

> Plaintiff will seek discovery of Defendant's past sexual relationships, communications with police in the USA and Belgium, and other third parties, her evidentiary basis for making statements to police, the scope of the publications she made about Plaintiff, her history of creating pornography or nude photos of herself or allowing others to do so, and where and under what circumstances she allegedly encountered the content that caused her to make her report to police. Plaintiff may seek to image the device Defendant used to allegedly access pornographic material she claims Plaintiff was the source of, and the device Defendant used to communicate with police and third parties about Plaintiff. Plaintiff may also want discovery into Reynaud's psychiatric records, employment records, and her history of making false accusations against other men throughout France and Belgium.
>
> The Defendant will conduct paper discovery regarding the truth or substantial truth of the allegedly defamatory statements contained in the complaint, as to damages, the scope of publication, absolute or qualified privilege and the existing reputation of the Plaintiff. The Defendant will object to and resist discovery regarding her own sexual history, including online publication. She will object to and resist inquiry into her psychological and medical history and well as her employment history, In each case, the Defendant is likely to argue that discovery of this sort is unnecessary, irrelevant, unlikely to lead to the discovery of admissible evidence, burdensome, harassing and disproportionate to the needs of the case.

(b) The parties (indicate one):

> have agreed to follow the default standard for discovery of electronically stored information (Appendix K to Northern District Ohio Local Rules).

(c) Discovery cut-off date: **February 13, 2023.**

7. Recommended dispositive motion date: **April 13, 2023**

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: **August 11, 2022**

9. Recommended date for status hearing: **March 17, 2023**

10. Other matters for the attention of the Court:

**Plaintiff has made a settlement demand of $5,100 plus a signed retraction and then $7,500 and a signed retraction and has never received a substantive response as to either offer.**

**Plaintiff has received acknowledgements of receipt of offer from defense counsel but no counter-offer, no reply to the substance of any offer, nothing of any substance. Plaintiff wishes the Court to know that Plaintiff is still willing to accept $7,500 with a signed public retraction by Reynaud even though that offer expired by the passage of a deadline without a substantive response from Reynaud.**

**Plaintiff does not object to Ms. Reynaud participating by video in matters such as the upcoming status conference, but Plaintiff believes that if mediation is ultimately ordered, Ms. Reynaud should attend in person due to the logistics of mediation, and if there are dispositive motion hearings, motion hearings on significant non-dispositive matters (compelling attendance at a deposition or compelling production of documents), pre-trial conferences, the final pre-trial conference, and certainly the trial itself, Ms. Reynaud should be required to attend in person.**

**Plaintiff prefers that given his recent settlement demands are all under $7,500 dollars that serious settlement discussions occur prior to the expenditure of significant time, money, parties resources, and judicial resources on discovery and motion practice.**

**The Defendant believes that, in advance of discovery, settlement negotiations are premature and remains committed, at this point, to defending on the merits.**

**The Defendant strongly objects to a significant amount of the content that appears in the Complaint and the motions submitted by the Plaintiff, including statements and speculations regarding he sexual history, preferences and practices, her mental health, her supposedly illegal activity in Belgium, her interpersonal relationship with the Plaintiff and the details of her intimate and romantic relations with him. This is a simple defamation case. These matters are irrelevant to the claims asserted, and impertinent, scandalous and immaterial to a remarkable degree. Defendant is likely to filed a Motion to Strike as to the Complaint, and the other submissions, out of time but in accordance with the practice of some District Courts in the Sixth Circuit of entertaining Rule 12(f) Motions after the filling of an Answer or as to matters contained in filings other than the Pleadings, if the Motion is not filed so long after**

the material to be stricken as to prejudice the opposing party. <u>See</u>: <u>Cone v. Hankook Tire Co.</u>, W.D.Tenn. No. 14-1122, 2017 U.S. Dist. LEXIS 573, at * 4 (Jan. 4, 2017) (citing: <u>Johnson v. Cnty. Of Macomb</u>, No. 08-10108, 2008 U.S. Dist. LEXIS 38617, 2008 WL 2064968, at * 2 (E.D. Mich. May 13, 2008); <u>Deluca v. Blue Cross Blue Shield of Mich.</u>, No. 06-12552, 2007 U.S. Dist. LEXIS 37448, 2007 WL 1500331, at * 1 (E.D. Mich. May 23, 2007)).

Given that the Defendant resides in Belgium, counsel believes the Court should address the matter of permitting, to the degree possible, her participation in the case via video conference.

The Defendant is considering possible counterclaims based on the publication of statements of and concerning her to third parties.

Plaintiff generally opposes any attempt to amend pleadings at this stage and would have to see the proposed amendment prior to making any specific statement of opposition. Plaintiff would request that any attempt by Defendant to amend would first require formal motion by Defendant and that Plaintiff be afforded fourteen (14) days within which to oppose and brief the motion.

                                      Respectfully submitted,

                                      <u>/S/. BRYAN ANTHONY REO</u>
                                      Bryan Anthony Reo
                                      P.O. Box 5100
                                      Mentor, OH 44061
                                      (P):  (440) 313-5893
                                      (E):  Reo@ReoLaw.org
                                      *Pro se Plaintiff*

Dated:  July 7, 2022

**CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on July 7, 2022, I submitted this Report of Parties Meeting to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

Dated:  July 7, 2022