IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | |
| | ) | CASE NO.: 1:22-CV-510 |
|     PLAINTIFF, | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| LUDIVINE JOAN CLAUDIA REYNAUD, | ) | ORDER |
| | ) | |
|     DEFENDANT. | ) | |

## I.  TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the **Standard Track**. Accordingly, the Court sets forth the following deadlines:

    (1) Deadline to Add Parties or Amend Pleadings: **July 11, 2022**

    (2) Deadline to amend Answer: **July 28, 2022**

    (3) Deadline for Filing Dispositive Motions: **October 31, 2022**

    (4) Deadline for Filing Opposition to Dispositive Motions: **November 14, 2022**

    (5) Deadline for Filing Replies to Responses: **November 21, 2022**

## II.  MOTIONS PRACTICE

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio.

The Local Rules place limitations on the length of memoranda relating to dispositive motions.  Specifically, such memoranda shall not exceed **ten (10)** pages in length for cases on the **Expedited Track**, **twenty (20)** pages for cases on the **Standard Track** or **Administrative Track**, **thirty (30)** pages for cases on the **Complex Track**, and **forty (40)** pages for cases on the **Mass Tort Track**.

Parties must submit an affidavit along with such memoranda specifying the assigned case track and certifying that the memorandum adheres to the applicable page limitation.  **The Court will not increase the page limitation except in extraordinary circumstances**.

Further, motions, related memoranda, and all other documents submitted to the Court shall only include text produced in **twelve (12) point font**.

Finally, portions of any record used to support or oppose any motion (*e.g.,* deposition transcripts) **shall be excerpted** and submitted in that form.  Parties shall submit that portion relevant to the issue in question and not more than two (2) pages in addition to establish context.  However, if the parties have the capability of electronically filing records or transcripts, they may file such documents in their entirety along with the motion.  Parties must consult the Electronic Filing Policies and Procedures Manual to determine whether a particular document is suitable for electronic filing.

### III.  FILING OF MOTIONS TO DISMISS AND SUMMARY JUDGMENT

The Court requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss.  The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint.

Should a party file a motion for summary judgment, this Court encourages the party to

file the motion on or as close to the dispositive motion deadline as possible. Counsel may only file one summary judgment motion. Counsel must seek leave of this Court if he or she wishes to file any additional or supplemental motions. The Court will grant a motion for subsequent motions only in very rare circumstances.

### IV. PRE-TRIAL AND STATUS CONFERENCE

A final pre-trial conference will take place on **January 3, 2023 at 12:00 PM.** A status conference will take place on **October 12, 2022 at 12:00 PM.** The following persons **must** attend both the status conference and the final pretrial: **(1) all parties, (2) lead counsel, and (3) a representative with final authority for settlement purposes. "Parties"** means either the named individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the actual facts of the case. **"Party"** does not mean in-house counsel or someone who merely has settlement authority. **"Final authority"** means the actual ability to settle, without further consultation, for an amount up to plaintiff's prayer for relief. If plaintiff has not specified a prayer for relief, or plaintiff has specified equitable relief, **"final authority"** means the final decision-maker with unlimited authority to settle without further consultation. In the event a representative with final authority is unable to attend in-person, counsel must file a motion, showing good cause, more than 48 hours before the scheduled conference.

Counsel shall meet at least ten (10) days prior to the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a **joint stipulation and order** at least **three (3) days** prior to the date of the pre-trial conference. The form of this order is attached hereto as **Appendix A.**

### V. TRIAL

### A. General

The Court has set this matter for trial on a two-week standby period beginning on **January 9, 2023.** Counsel must keep in regular contact with Lexie Tintor, the Courtroom Deputy Clerk, to determine the exact starting date for the trial. Counsel may reach Ms. Lexie Tintor at **(216) 357-7217**.

The trial day will begin promptly at **8:00 a.m.** and will conclude at approximately **5:00 p.m.** During each trial day, the Court will adjourn for lunch for approximately thirty (30) minutes.

### B. Interim Arguments

The Court finds that interim arguments often prove helpful to the finder of fact. Accordingly, the Court will usually permit each side to present such arguments during the trial. However, neither side is required to present interim arguments.

An interim argument serves to provide some explanation as to how a witness's testimony relates to the party's case as a whole. Such an argument occurs only after

the witness has completed testimony and may only deal with the testimony of that witness. The Court will set time limits for interim arguments.

### C. Witnesses and Exhibits

Counsel shall file witness lists (Appendix C) along with the final pre-trial order (Appendix A) **three (3) days** prior to the final pre-trial conference. The order in which witnesses are listed will be deemed the order in which such witnesses will be called unless counsel presents a revised order of witnesses' appearance at least **48 hours** in advance of such appearances. Parties may seek to call witnesses out of order for reasons that could not

reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations. Counsel seeking such leave must file a motion to add witnesses. Opposing counsel shall be provided with the names, addresses and an offer of proof of such witness's testimony at least **three (3)** days prior to trial.

The Court strongly advises counsel to over-schedule their witnesses. Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

The Court is using new technology to facilitate the viewing of exhibits by jurors (Jury Evidence Recording System / JERS). Each party must submit all exhibits on a single USB drive. A USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits. Each party must send the exhibits to the Court, Chambers 18A, such that the Court is guaranteed to receive the exhibits one week in advance of the trial date.

The Exhibit Files must be named using the following naming convention:

<exhibit number>_<exhibit description>.<file extension>.

The exhibits MUST be named by number, followed by the underscore character, and a description of the exhibit. The underscore character cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

1_photograph of item.jpg

12_2009 Tax Statement.pdf

12_camera footage.wmv

Counsel are responsible for ensuring electronic exhibits are submitted in a format compatible with JERS. Compatible file types include:

PDF

JPG

WM Video

MP3

WAV

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to Kayla Sartschev at (216) 357-7112.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "Joint 3"). The case number shall also appear on the stickers.

In addition to electronically submitting exhibits, Counsel shall submit to the Court two (2) copies of all proposed exhibits, contained in two separate binders, along with an index (Appendix B) containing a brief description of each exhibit on the morning the trial actually commences. These binders shall be returned to you upon conclusion of the trial. Exhibits shall be exchanged between counsel prior to trial.

### D. Use of Depositions as Evidence

If the parties intend to use any deposition as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read

noted therein. An opportunity will be given to opposing counsel to read any omitted portion. Counsel will be notified at trial of rulings on all objections pertaining to the depositions.

### E. Nonjury Trials

For matters not submitted to a jury, the Court requires counsel to submit at least **one (1) week** prior to the standby trial period (1) a statement of the issues, (2) proposed findings of fact, and (3) proposed conclusions of law. The parties must also file any trial briefs no later than **one (1) week** prior to the standby trial period.

The proposed findings of fact must cite the particular witness(es) and physical evidence upon which each proposed finding is based. Likewise, the proposed conclusions of law must cite the direct legal authority upon which each proposed legal conclusion is based.

The Court may also order the parties to submit post-trial briefs. These briefs will be limited to specific questions assigned by the Court during or after trial. The Court may also permit counsel to file supplemental findings of fact and conclusions of law following the trial.

The parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

### F. Jury Actions

The Court will conduct the voir dire examination of the jury panel. However, the Court will accept proposed jury voir dire questions. Counsel must submit any such proposed questions no later than **one (1) week** before the standby trial period. Failure to file proposed questions in a timely manner is a waiver of any such questions. Counsel may submit proposed jury instructions to the Court no later than **one (1) week** prior to the date of trial. Proposed instructions regarding issues that **could not reasonably have been foreseen in**

**advance** may be filed at least **twenty-four (24) hours** prior to final argument. Counsel will exchange any proposed jury instructions.

Any proposed jury instructions will include instructions on all issues relating to your case. Each proposed instruction shall be on a separate 8 ½" x 11" sheet of paper identified as "Plaintiff(s)/Defendant(s) Requested Instruction No. __." All instructions **must contain a citation of authority** upon which counsel relies. **The Court will reject any proposed instruction that does not contain a citation to authority.**

The Court uses as sources for jury instructions, among others, Pattern Instructions of the Sixth Circuit, O'Malley, Grenig and Lee, "Federal Jury Practice and Instruction" (most current edition) and Ohio Jury Instructions. The Court is bound by determinations of the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit. Where appropriate, determinations by a state supreme court, or, in the absence thereof, determinations by a state intermediate appellate court will be used.

Finally, the Court finds that, in some cases, jurors better understand the testimony presented when permitted to pose questions to the witness. Accordingly, the Court may permit jurors to submit proposed questions for the witnesses. Any such questions will be submitted to the Court in written form. The Court will then discuss the proposed question with counsel in a sidebar conference. The Court will ultimately decide whether to ask the proposed question. If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

## VI. ELECTRONIC COURTROOM

The Court is pleased to have one of the most technologically advanced courtrooms in the United States. This courtroom features, among other things, the technology necessary to

present evidence in a video format. The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this new technology prior to trial. Counsel are encouraged to visit the Court's website to obtain information on scheduled training sessions.

### VII. CHANGE OF ADDRESS

Counsel will notify the Court and the Clerk of this Court of any address, e-mail address, or telephone number changes by electronically filing a notice containing the new information.

IT IS SO ORDERED.

Dated: July 11, 2022             s/ *James S. Gwin*
                                                             JUDGE JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE