UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRIAN ANTHONY REO, | : | CASE NO. 1:22-cv-00510 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 18] |
| v. | : | |
| LUDIVINE JOAN CLAUDIA REYNAUD, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Bryan A. Reo sues Defendant Ludivine Joan Claudia Reynaud for defamation, false light, and abuse of process.[1] Plaintiff now moves to strike twelve of Defendant Reynaud's affirmative defenses.[2]

For the following reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to strike Defendant Reynaud's affirmative defenses.

I. Discussion

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3]

Courts, however, "generally disfavor motions to strike affirmative defenses."[4] "Partly because of the practical difficulty of deciding cases without a factual record, . . . striking a pleading . . . is a drastic remedy to be resorted to only when required

---

[1] Doc. 1.
[2] Doc. 18. *See* Doc. 9.
[3] Fed. R. Civ. P. 12(f).
[4] *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003).

Case No. 1:22-cv-00510
GWIN, J.

for the purposes of justice."[5]

Therefore, a motion to strike affirmative defenses should be granted only if the defense has "no possible relation to the controversy,"[6] or "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."[7]

### A. Defendant Reynaud's Third Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's third affirmative defense: "Venue in this Court is improper."[8]

"[A] defendant not resident in the United States may be sued in any judicial district."[9] Further, "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[10]

Defendant Reynaud is not a resident of the United States of America. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Lake County, Ohio.

Therefore, this Court **STRIKES** Defendant's third affirmative defense.

### B. Defendant Reynaud's Fourth Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's fourth affirmative defense: "This Court is an inconvenient forum under applicable forum non conveniens principles."[11]

Under the forum non conveniens doctrine, a district court may decline to exercise its

---

[5] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).
[6] *Id.*
[7] *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).
[8] Doc. 18; Doc. 9.
[9] 28 U.S.C. § 1391(c)(3).
[10] 28 U.S.C. § 1391(b)(2).
[11] Doc. 18; Doc. 9.

- 2 -

Case No. 1:22-cv-00510
GWIN, J.

jurisdiction, even though the court has jurisdiction and venue.[12] Forum non conveniens dismissal involves a three-step analysis. After the court determines the degree of deference owed the plaintiff's forum choice, the defendant carries the burden of establishing an adequate alternative forum and showing that the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests.[13]

In this case, most of the witnesses are in Lake County, Ohio, the allegedly defamatory statements were largely made to individuals located in Lake County, Ohio, and Plaintiff is located in Lake County, Ohio. Defendant Reynaud, while located outside of the United States, directed conduct into the Northern District of Ohio by calling police officers in Lake County, Ohio and contacting Plaintiff at his home.

Therefore, this Court **STRIKES** Defendant's fourth affirmative defense.

### C. Defendant Reynaud's Sixth Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's sixth affirmative defense: "Any recovery to which Plaintiff might have otherwise been entitled is barred in whole or in part by the applicable statutes of limitation and by laches."[14]

Ohio law sets a one-year limitations period for defamation claims.[15] Defendant allegedly made defamatory statements to the Ohio police in March 2022. Plaintiff filed suit on March 31, 2022. Therefore, the statute of limitations has not run.

In the Sixth Circuit, laches is "a negligent and unintentional failure to protect one's rights."[16] "A party asserting laches must show: (1) lack of diligence by the party against whom

---

[12] *Rustal Trading US, Inc. v. Makki*, 17 F. App'x. 331, 335 (6th Cir. 2001).
[13] *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016).
[14] Doc. 18; Doc. 9.
[15] Ohio Rev. Code § 2305.11(A).
[16] *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir.1991).

Case No. 1:22-cv-00510
GWIN, J.

the defense is asserted, and (2) prejudice to the party asserting it."[17]  Plaintiff Reo quickly filed suit after the conduct giving rise to his claims and he has diligently pursued this case.

Therefore, this Court **STRIKES** Defendant's sixth affirmative defense.

### D.  Defendant Reynaud's Seventh Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's seventh affirmative defense: "Plaintiff's claims fail for lack of damages."[18]

To establish a defamation claim under Ohio law, the plaintiff must show: (1) that a false statement of fact was made; (2) that the statement was defamatory; (3) that the statement was published; (4) that the plaintiff suffered injury as a proximate result of the publication; and (5) that the defendant acted with the requisite degree of fault in publishing the statement.[19]

On the fourth element regarding injury, if a plaintiff's claim is for defamation per se, the plaintiff need not show actual damages because they are presumed.[20]  Statements qualify as defamation per se when: "(1) the words import a charge of an indictable offense involving moral turpitude or infamous punishment; (2) the words impute some offensive or contagious disease calculated to deprive a person of society; (3) the words tend to injure a person in his trade or occupation; and (4) the words tend to subject a person to public hatred, ridicule, or contempt."[21]

Plaintiff brings a defamation per se claim.  Because he need not show damages for this claim, a lack of damages is not a defense.

---

[17] *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 320 (6th Cir. 2001).
[18] Doc. 18; Doc. 9.
[19] *Am. Chem. Soc'y v. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012).
[20] *Ne. Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 916 N.E.2d 484, 488 (Ohio Ct. App. 2009).
[21] *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 804 (S.D. Ohio 2010) (citing Ohio cases).

Case No. 1:22-cv-00510
GWIN, J.

Therefore, this Court **STRIKES** Defendant's seventh affirmative defense.

### E. Defendant Reynaud's Eighth Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's eighth affirmative defense: "Any allegedly defamatory statements by Defendant were made with a belief that they were and are true."[22]

Under Ohio law, truth is an absolute defense to defamation.[23] Therefore, Defendant's defense that the statements are true is a valid defense. Further, because Defendant's allegedly defamatory statements may be qualifiedly privileged, Plaintiff will need to prove that Defendant made the statements with actual malice. Therefore, Defendant's belief that the statements were and are true is a valid defense.

Therefore, this Court **DECLINES** to strike Defendant's eighth affirmative defense.

### F. Defendant Reynaud's Ninth Affirmative Defense

Plaintiff moves to strike Defendant Reynaud's ninth affirmative defense: "The Defendant's alleged statements to the Mentor Police Department, prosecutors, and other government officials enjoyed either absolute or qualified privilege."[24]

Under Ohio law, "[a]ny communications made by private citizens to law enforcement personnel for the prevention or detection of crime are qualifiedly privileged and may not serve as the basis for a defamation action unless it is shown that the speaker was motivated by actual malice."[25]

Defendant's statements were allegedly made to law enforcement for the prevention

---

[22] Doc. 18; Doc. 9.
[23] Ohio Rev. Code § 2739.02.
[24] Doc. 18; Doc. 9.
[25] *Allen v. Pirozzoli*, 2016-Ohio-2645, 2016 WL 1600344, at *3 (Ohio. App. Ct. 2016); *see also Wylie v. Arnold Transp. Servs., Inc.*, 494 F. Supp. 2d 717, 728 (S.D. Ohio 2006).

- 5 -

Case No. 1:22-cv-00510
GWIN, J.

or detection of a crime.  It is premature to decide whether Defendant was motivated by actual malice.  Therefore, this Court **DECLINES** to strike Defendant's ninth affirmative defense.

### G.  Defendant Reynaud's Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Sixteenth Affirmative Defenses

Plaintiff moves to strike Defendant Reynaud's tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses.[26]  This Court **DECLINES** to strike these defenses because they are neither irrelevant to this case, nor does it appear to a certainty that Plaintiff would succeed on the defense given the facts available to the Court.

## II.  Conclusion

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to strike Defendant Reynaud's affirmative defenses.

IT IS SO ORDERED.

Dated: August 4, 2022                              *s/      James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[26] Doc. 18; Doc. 9.

- 6 -