UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | **Case No. 1:22-cv-00510-JG** |
| Plaintiff, | **Hon. James S. Gwin** |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendants. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

**VASVARI & ZIMMERMAN**
Raymond Vasvari, Jr. (#0055538)
K. Ann Zimmerman (#0059486)
20600 Chagrin Blvd.
Suite 800 Tower East
Shake Heights, OH 44122
(T):  (216) 458-5880
(F):  (216) 302-7000
(E):  vasvari@vasvarilaw.com
(E):  zimmerman@vasvarilaw.com
*Attorneys for Ludivine Joan Claudia Reynaud*

## PLAINTIFF BRYAN ANTHONY REO'S
## MOTION TO COMPEL DISCOVERY

## (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant

Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's

Motion to Compel Discovery of Defendant Ludivine Joan Claudia Reynaud.

Plaintiff Bryan Anthony Reo, pro se, makes this motion pursuant to Fed. R. Civ. P.

37(a)(3)(B)(iv) and moves this Court to enter an order compelling Defendant to respond to an

outstanding discovery request[1], on the basis that the Plaintiff propounded written discovery requesting production of documents on Defendant through Counsel on 29 July 2022, and as of 31 August 2022, Plaintiff has neither written responses/objections nor responsive documents.

This motion is supported by the accompanying brief, Complaint, Answer, and any other records and filings of this action, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion. Plaintiff respectfully requests an immediate oral argument on this matter due to the time sensitive nature.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

Dated:  August 31, 2022

---

[1] Attached as Exhibit 7- Discovery Request

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>P.O. Box 5100<br>Mentor, OH 44061<br><br>   Plaintiff,<br><br>  v.<br><br>**LUDIVINE JOAN CLAUDIA REYNAUD**<br>Rue Dodonee 3<br>1180, UCCLE, Belgium<br><br>   Defendant | Case No: 1:22-cv-00510-JG<br><br>Hon. James S. Gwin |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff*

**VASVARI & ZIMMERMAN**
Raymond Vasvari, Jr. (#0055538)
K. Ann Zimmerman (#0059486)
20600 Chagrin Blvd.
Suite 800 Tower East
Shake Heights, OH 44122
(T):  (216) 458-5880
(F):  (216) 302-7000
(E):  vasvari@vasvarilaw.com
(E):  zimmerman@ vasvarilaw.com
*Attorneys for Ludivine Joan Claudia Reynaud*

---

## BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S
## PLAINTIFF BRYAN ANTHONY REO'S
## MOTION TO COMPEL DISCOVERY

---

The situation is fairly straight-forward and Plaintiff will be brief.

On 29 July 2022 Plaintiff propounded written discovery on Defendant via Counsel. [Exhibit 1-

Discovery Packet Email].

Later on 29 July 2022 Plaintiff, realizing his first email did not contain a word text searchable Request for Production of Documents and only a PDF, remedied that and sent a Word Document of the same [Exhibit 2- Email Service of RFP in Word]

Around 28 August 2022 Plaintiff and Defense Counsel had a series of emails discussing deadlines. Plaintiff was of the view that discovery was due 30 days after being propounded, on or by 28 August 2022. Defense Counsel insisted that since the final day of the period fell on a Sunday he had until the next weekday/court day. Plaintiff conceded that could be correct and said, 29 August 2022.

On 29 August 2022 Plaintiff received responses to Requests for Admissions, only, without responses to interrogatories or requests for production of documents. Defense Counsel also claimed to have never received the word version of the Request for Production of Documents [Exhibit 3- Def Atty Claims No Request in Wod], which Plaintiff promptly reforwarded from the prior email [Exhibit 4- Doc Request Resent] and then reattached and sent the documents again in a separate email [Exhibit 5- Doc Requests Sent Attached].

On 29 August 2022, Plaintiff was informed by Defense Counsel that he was not on track to produce documents per the discovery deadline. Plaintiff made it clear that he wanted and needed the documents ahead of Ms. Reynaud's deposition which is set for 2 September 2022. Defense Counsel has repeatedly suggested changing the deposition date or adjourning it and rescheduling it, with full knowledge Plaintiff's schedule is such that depositions are planned 5 September 2022, and 7 September 2022 of other individuals, and Plaintiff is traveling on a long-planned vacation

4

from 11 September 2022 to 26 September 2022 and that there are no other viable workable dates.

Indeed, Ms. Reynaud pleaded with this Court not to have her deposed on Plaintiff's first suggested

date of 5 September 2022 but rather on 2 September 2022 and she asked the Court on 11 July 2022

to set that date.

Trying to be cordial and cooperative, Plaintiff advised Defense Counsel, roughly paraphrasing, 'as

long as I have the documents Tuesday morning it will be fine, I need them ahead of the deposition

with enough time to go over them.'

Defense Counsel stated he would begin getting Plaintiff responsive documents Tuesday. On 30

August 2022 Defense Counsel promised to make a partial production of responsive documents in

response to a RFP under Fed. R. Civ. P. 34, by the end of Tuesday. No partial production occurred.

He also offered to produce documents that were subject to a subpoena Plaintiff had withdrawn

[more on that later] which were not relevant to any outstanding formal discovery request.

Defense Counsel has repeatedly suggested changing Ms. Reynaud's deposition date and has to

date, as of the filing of this motion, not provided any formal written responses or produced

responsive documents in response to outstanding discovery requests propounded upon Ms.

Reynaud requiring her to produce documents or written responses and objections.

It is apparent that Ms. Reynaud's strategy is to place Plaintiff in a position of either adjourning her

deposition[2] and torpedoing his entire September schedule in regards to the structure of his month,

---

[2] Defense Counsel has repeatedly suggested, as his first proposed solution to developing discovery issues, the adjourning and rescheduling of his client's deposition. He has earlier warranted "she will attend because she must do

his schedule for other depositions, or proceed to depose Ms. Reynaud without having first obtained

responses or documents, or with the documents provided so last minute Plaintiff has no time to

meaningfully review them.

Plaintiff wishes this Court to note that Ms. Reynaud has already destroyed significant amounts of

evidence on social media on 31 March 2022 and is likely continuing to do so. Furthermore, in

response to Requests for Admissions, Ms. Reynaud admits to using social media message services

to discuss Plaintiff and this case with non-attorney third parties, social media such as Quora.

Plaintiff served a subpoena[3] to require Defendant to provide access to her social media accounts,

this was informally sent to Defense Counsel on 10 August 2022, no response was received, and

then on 23 August 2022 a response was finally received after Plaintiff sent a subpoena wit an

updated/modified date [to provide enough time for inspection] wherein Defense Counsel stated he

would accept service and considered it served, and told Plaintiff not to worry about hiring a process

server or doing service on Ms. Reynaud and that he would take informal service for her and

considered the subpoena "served."

Several days later Ms. Reynaud re-activated her previously [as of 31 March 2022] de-activated

Quora account, made no new posts, was doing who knows what [presumably deleting private

message correspondence that was subject to the subpoena], and then Defense Counsel told Plaintiff

he was revoking his acceptance of service of the subpoena and he had objections and issues with

---

so" while saying other things that make it clear Ms. Reynaud wants to either avoid being deposed or only be deposed after other crucial fact witnesses such as Lieutenant Dan Molnar have first been deposed. Defense Counsel has also stated he has a protective order ready to file if he dislikes any questions raised in the deposition of Ms. Reynaud, in short Defendant is desperate to avoid being deposed and has already prepared the groundwork to stonewall the deposition and perhaps shut it down.

[3] Plaintiff will be addressing the obstruction of his subpoena in greater detail, along with exhibits, in a separate upcoming filing.

it and it should have been formally served on Ms. Reynaud via Hague Process in Belgium and that

he would move to quash if Plaintiff did not declare the subpoena withdrawn. Plaintiff has since

declared the subpoena withdrawn. However, there is strong circumstantial evidence that Ms.

Reynaud used the intervening delay caused by the confusion created by her attorney first accepting,

and then revoking acceptance of service of the subpoena upon him, to destroy evidence.

As of 31 August 2022 Plaintiff still has no responses, whether objections or responsive documents,

and has no documents in regards to his discovery requests. [See Exhibit 6, email dated 30 August

2022 from Defense Counsel, admitting no responses have been made while stating responses

would come that day].

Plaintiff has made good faith efforts to attempt to resolve this and obtain responses in accordance

with the time provided by the rule, has extended a 24 hour extension to Defendant, and still after

the expiration of that extension does not have any written responses to Requests for Production of

Documents and does not have the documents, and the matter is now one that is incredibly time

sensitive due to Defendant's deposition scheduled 2 September 2022. All good faith efforts to

obtain responses, and in a timely manner, have been exhausted.

Accordingly Plaintiff prays that this Court will enter an order requiring Defendant to respond and

respond timely to Plaintiff's outstanding Request for Production of Documents.

Respectfully submitted,

/S/. BRYAN ANTHONY REO

7

Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on

August 31, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Motion

to Compel Discovery the Court's Electronic Filing System, which should serve the same upon the

attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

Dated:  August 31, 2022