**Bryan Reo**

| | |
|---|---|
| **From:** | Raymond Vasvari <vasvari@vasvarilaw.com> |
| **Sent:** | Tuesday, August 30, 2022 10:56 AM |
| **To:** | Bryan Reo |
| **Cc:** | K. Ann Zimmerman |
| **Subject:** | Re: Requests for Admission |

I did misinterpret your later message then.

Interrogatory requests are out for signature.

Document requests are underway. I will make all reasonable efforts to get you everything I can today.

Yours sincerely,

Raymond V. Vasvari, Jr.

# Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Tuesday, August 30, 2022 at 4:48 AM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Re: Requests for Admission

Since learning I want to download and inspect her Quora account, your client reactivated her Quora account in the last 48 hours and is presumably deleting private messages.

I will ultimately just subpoena Quora to get her deleted messages and, if they are correspondence with say Emmanuel Brun d'Aubignosc or somebody or something relevant to this case, pursue a separate case for spoliation of evidence.

It is very convenient that your client after 5 months of having her Quora account marked inactive, suddenly re-activated it within several days of my requesting and expressing interest in the content of said account and its private correspondence, especially when your client admits to using social media messaging to discuss me and this case.

Please note that you stated I earlier claimed I would be content receiving discovery responses at any time prior to the deposition. That appears to be a misunderstanding, I said I would be content receiving them Tuesday, particularly Tuesday morning, and noted it would be well ahead of the deposition. I would not be content to received responses Wednesday or Thursday. I will need the responses sometime Tuesday (today).


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 29, 2022 1:43:02 PM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

> Mr. Reo:
>
> I think we will stick by our 8th and 9th affirmative defenses, and I look forward to advancing and defending them in the briefing.
>
> I will not file a motion for protective order as to the RFAs but am concerned that you intend to inquire on the same topics in deposition. If you do, I think I am justified in instructing Ms. Reynaud not to answer and to move for a protective order then, pursuant to Rule 30(d)(3). Toward that end, I am likely to have a brief in hand.
>
> I agree that the procedural posture at this point is that I have objected and the next move as to the sexually intimate RFAs is yours.

There remains the matter of your subpoena, which we have not resolved, and I still contend is improper.

Again, if you are willing to delay the deposition, I would be happy to provide the social media material requested – subject to any applicable good faith objection – in response to a new Request for Production. I would also agree to respond to that request expeditiously, so that you are not stuck waiting 30 days for the material. By expeditious I mean something like 14 days after service, give or take.

At present my client has taken the position that the litigation itself is so oppressive that she is not willing to discuss settlement, so my next question should not be interpreted as reflecting settlement authority (which I do not now have) but as the sort of feeler that counsel sometimes put out between themselves to see if discussions are even possible. You made a long list of demands as a precondition to mediation by the Magistrate. Some were perfectly reasonable. The sticking point, in my view, may be the language and nature of the retraction you are seeking. I know this conflict is perceived as being more about honor and reputation than money, on both sides. Emphasizing that I have no present authority, let me ask; what are the essentials you deem necessary in a statement by my client? Consider what is the core of what you would accept and get back to me. I think that if there is room for movement, we could spend our time negotiating rather than fighting, to everyone's benefit.

I am working on Responses and Objections to your Interrogatories, which will be done today.

I expect to have the bulk of documents to you tommorrow. The delay will be simply in sorting that which we will produce andthank you again for your consideration in this regard.

Because Ms. Reynaud is bcc'd on this email, please do not respond to all, but to Ms. Zimmerman and me only.

Yours sincerely,

Raymond V. Vasvari, Jr.

## Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Monday, August 29, 2022 at 12:58 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** RE: Requests for Admission

It is my interpretation that since you have objected and I have not moved to compel, a motion for a protective order is premature and not ripe.

I have received your responses, I regard them as timely, I regard the admissions responded to per the rule, such that everything has been properly admitted, denied, or objected to, with objections timely preserved.

I am contemplating whether to move to compel.

If a motion for protective order is filed, I will seek to compel and I will seek first the production/response without qualification, limitation, or restriction, and I will seek secondarily as a fall-back position, the production/response with qualification/restriction on dissemination.

I stand by my earlier proposal regarding Ms. Reynaud withdrawing her 8th and 9th affirmative defenses, which won't be around much beyond the end of September in any event, based on filings coming up.

Please advise if, in light of my proposal and in light of this email, you still intend to file for a protective order, so I can proceed accordingly.

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Monday, August 29, 2022 12:20 PM
**To:** Bryan Reo <reo@reolaw.org>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Requests for Admission

Dear Mr. Reo:

Attached please find our Responses and Objections to your Requests for Admission in Reo v. Rerynaud.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman

attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.