**Bryan Reo**

| | |
|---|---|
| **From:** | Bryan Reo |
| **Sent:** | Tuesday, August 30, 2022 9:05 PM |
| **To:** | Raymond Vasvari |
| **Subject:** | Interrogatory Objections- Motion to Compel |

Sir,

This is to inform you that I believe your objection to this request is outrageous and insufficient.

**INTERROGATORY NO. 13:** Provide the url addresses of the websites wherein you claim Plaintiff "probably" impersonated you for pornographic purposes as well as the dates and times you accessed the website(s), the browser(s) you were using, how you found the website(s) and how long you remained on each website.
**ANSWER:**
**Objection**: the Request is burdensome and disproportionate to the needs of the case, in that there are a very large number of sites with different URLs that repost essentially the same information. Further objecting, Defendant never said Reo probably impersonated her, but only might possibly have. **These objections notwithstanding**, the following URLs / domain names post the information described, and the Defendant will supplement this list to a reasonable degree and provide additional URLs in that regard.
• 42.porn-net-vid.agency
• 9.cam-jerk-hot.agency
• 1.fuck-hd-wap.agency


This is the seminal matter as to claims and defenses. Specific URLs to the "actual posts" are not burdensome, and her briefly describing the circumstances that brought her to encounter the content, when, how, what time, which browser/device she used, and how long she viewed the content, are discoverable and relevant, they are fundamental to claims and defenses.

If I am unable to have a full answer to those interrogatories by 2:00pm EST on 8/31/2022 it is my intention to move to compel.


Additionally, as to Interrogatory #12, it is my opinion that your client is required to provide all non-privileged names/contact, she may not object and decline to provide non-privileged information simply because the request could be said to embrace privileged information. Furthermore, the request does NOT seek the actual content of communications, it seeks the identities of names, along with contact information. A name of an attorney cannot be subject to attorney-client privilege, nor can their contact information.


Finally,

In regards to the last interrogatory, #18, and the assertion that Plaintiff lacks a basis to claim Ms. Reynaud was under the influence of a substance on 11 July 2022. Although I am not raising any issues or suggesting I will seek to compel as to #18 at this time or in the near future.

Plaintiff has a bachelor of science which included a significant body of course work in psychology and the psychopharmacological properties of many controlled and prescription substances. Plaintiff also has completed graduate level coursework in psychiatry completing Psychiatry and the Law at law school [and earning the High A], attended seminars on substances and their properties, and interacted with the mentally ill, involuntary psychiatric patients, and attended seminars and understand the properties of common drugs of abuse and psychotropic pharmaceuticals and other prescription medications. Ms. Reynaud was under the influence of a potent mind- and mood-altering drug which blunted her affect to the point it was nearly flat, her eyes were droopy, glossy, and glazed over, she had a forceful and powerful yet blank stare, her facial expressions were frozen and unnatural, her tone and inflection were significantly different from when Plaintiff knew her in the relationship, and her traditionally demure manners of not interrupting were obviously gone and not present, indicating problems with impulse control and emotional regulation. Whatever Ms. Reynaud was on during the 11 July 2022 status conference, her mental state was of such a nature that any deposition or trial testimony she would give under the influence of said substance(s) would likely be inadmissible or would serve as the basis for her appeal if she had an adverse result. Plaintiff would venture an educated guess that Ms. Reynaud was likely under the influence of tranquilizers, anxiolytics, anti-psychotics, and mood stabilizers or a combination of medications primarily used to treat delusions, anxiety, and paranoid ideation because Ms. Reynaud likely suffers from transient psychosis as an aspect of what is probably Borderline Personality Disorder. In short, Ms. Reynaud almost certainly has episodes of extreme paranoid delusions and psychotic splits/breaks with reality, likely triggered by anxiety, where she is unable to correctly perceive external stimuli and she is unable to differentiate reality from her delusions.

Sincerely,

Bryan Reo

---

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Tuesday, August 30, 2022 5:06 PM
**To:** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Requests for Admission

My apologies. Too many emails today and you start to forget things.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com

www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Tuesday, August 30, 2022 at 4:46 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Requests for Admission

This email contains no attachments.

--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 30, 2022 4:44:25 PM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

> Mr. Reo:
>
> Thank you for this information. I will let you know as soon as my own schedule is in focus, but one of these should work.
>
> Attached are Verified Responses and Objections to your Interrogatories.

I am working on Document Production and have been today. It all won't arrive today, but based on your early morning email, I will make a partial production of what I have completed this evening and will prioritize the Quora material if there is no applicable objection.

I will provide PDFs in bunches due to file size limitations ion email, but untimately will provide a password secured Dropbox link to the lot.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Tuesday, August 30, 2022 at 3:25 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Re: Requests for Admission

Depo dates to depose me.

October 10
October 17
October 19
October 24
October 26

Those work for me. Other dates will require me to make significant schedule changes and accommodations.

I prefer the deposition to begin at 8:00am with a 1 hour break for lunch beginning at 12:00pm.

--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 30, 2022 10:56:22 AM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

> I did misinterpret your later message then.
>
> Interrogatory requests are out for signature.
>
> Document requests are underway. I will make all reasonable efforts to get you everything I can today.
>
>
> Yours sincerely,
>
> Raymond V. Vasvari, Jr.
>
>
> Vasvari | Zimmerman
>   attorneys & counselors-at-law
>
> 20600 Chagrin Boulevard
> Suite 800 Tower East
> Shaker Heights, Ohio 44122-5353
> vasvari@vasvarilaw.com
> www.vasvarilaw.com
> t   216.458.5880
> f   216.302.3700
>
> CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original

message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Tuesday, August 30, 2022 at 4:48 AM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Re: Requests for Admission

Since learning I want to download and inspect her Quora account, your client reactivated her Quora account in the last 48 hours and is presumably deleting private messages.

I will ultimately just subpoena Quora to get her deleted messages and, if they are correspondence with say Emmanuel Brun d'Aubignosc or somebody or something relevant to this case, pursue a separate case for spoliation of evidence.

It is very convenient that your client after 5 months of having her Quora account marked inactive, suddenly re-activated it within several days of my requesting and expressing interest in the content of said account and its private correspondence, especially when your client admits to using social media messaging to discuss me and this case.

Please note that you stated I earlier claimed I would be content receiving discovery responses at any time prior to the deposition. That appears to be a misunderstanding, I said I would be content receiving them Tuesday, particularly Tuesday morning, and noted it would be well ahead of the deposition. I would not be content to received responses Wednesday or Thursday. I will need the responses sometime Tuesday (today).


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 29, 2022 1:43:02 PM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

Mr. Reo:

I think we will stick by our 8th and 9th affirmative defenses, and I look forward to advancing and defending them in the briefing.

I will not file a motion for protective order as to the RFAs but am concerned that you intend to inquire on the same topics in deposition. If you do, I think I am justified in instructing Ms. Reynaud not to answer and to move for a protective order then, pursuant to Rule 30(d)(3). Toward that end, I am likely to have a brief in hand.

I agree that the procedural posture at this point is that I have objected and the next move as to the sexually intimate RFAs is yours.

There remains the matter of your subpoena, which we have not resolved, and I still contend is improper.

Again, if you are willing to delay the deposition, I would be happy to provide the social media material requested – subject to any applicable good faith objection – in response to a new Request for Production. I would also agree to respond to that request expeditiously, so that you are not stuck waiting 30 days for the material. By expeditious I mean something like 14 days after service, give or take.

At present my client has taken the position that the litigation itself is so oppressive that she is not willing to discuss settlement, so my next question should not be interpreted as reflecting settlement authority (which I do not now have) but as the sort of feeler that counsel sometimes put out between themselves to see if discussions are even possible. You made a long list of demands as a precondition to mediation by the Magistrate. Some were perfectly reasonable. The sticking point, in my view, may be the language and nature of the retraction you are seeking. I know this conflict is perceived as being more about honor and reputation than money, on both sides. Emphasizing that I have no present authority, let me ask; what are the essentials you deem necessary in a statement by my client? Consider what is the core of what you would accept and get back to me. I think that if there is room for movement, we could spend our time negotiating rather than fighting, to everyone's benefit.

I am working on Responses and Objections to your Interrogatories, which will be done today.

I expect to have the bulk of documents to you tommorrow. The delay will be simply in sorting that which we will produce andthank you again for your consideration in this regard.

Because Ms. Reynaud is bcc'd on this email, please do not respond to all, but to Ms. Zimmerman and me only.

Yours sincerely,

Raymond V. Vasvari, Jr.

# Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Monday, August 29, 2022 at 12:58 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** RE: Requests for Admission

It is my interpretation that since you have objected and I have not moved to compel, a motion for a protective order is premature and not ripe.

I have received your responses, I regard them as timely, I regard the admissions responded to per the rule, such that everything has been properly admitted, denied, or objected to, with objections timely preserved.

I am contemplating whether to move to compel.

If a motion for protective order is filed, I will seek to compel and I will seek first the production/response without qualification, limitation, or restriction, and I will seek secondarily as a fall-back position, the production/response with qualification/restriction on dissemination.

I stand by my earlier proposal regarding Ms. Reynaud withdrawing her 8th and 9th affirmative defenses, which won't be around much beyond the end of September in any event, based on filings coming up.

Please advise if, in light of my proposal and in light of this email, you still intend to file for a protective order, so I can proceed accordingly.

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Monday, August 29, 2022 12:20 PM
**To:** Bryan Reo <reo@reolaw.org>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Requests for Admission

Dear Mr. Reo:

Attached please find our Responses and Objections to your Requests for Admission in Reo v. Rerynaud.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.