UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

### PLAINTIFF BRYAN ANTHONY REO'S
### MOTION TO MODIFY SCHEDULE ORDER

### (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Motion to Modify the Schedule Order.

Plaintiff Bryan Anthony Reo, pro se, makes this motion pursuant to Fed. R. Civ. P. 16(b)(4) on the basis that the Defendant, Ludivine Joan Claudia Reynaud, has essentially derailed the track

of this case and made smooth and easy discovery impossible and thus made it impossible to stick to the schedule originally provided by this Court.

This motion is supported by the accompanying brief, Complaint, Answer, and any other records and filings of this action, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion. Plaintiff specifically requests oral argument on this motion and believes it will be beneficial to orally walk the Court through precisely what Defendant Ludivine Reynaud has done to bring this situation about.

        Respectfully submitted,

        /S/. BRYAN ANTHONY REO
        Bryan Anthony Reo
        P.O. Box 5100
        Mentor, OH 44061
        (P):  (440) 313-5893
        (E):  Reo@ReoLaw.org
        *Pro se Plaintiff*

Dated:  August 31, 2022

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **LUDIVINE JOAN CLAUDIA REYNAUD** <br> Rue Dodonee 3 <br> 1180, UCCLE, Belgium <br><br> Defendant | Case No: 1:22-cv-00510-JG <br><br> Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@ vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S MOTION TO MODIFY SCHEDULE ORDER

### (ORAL ARGUMENT REQUESTED)

Under Federal Civil Rule 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." In the instant action a brief glance at Defendant Ludivine Reynaud's misconduct to date shows sufficient reasons for why the order should be modified.

3

1- Ludivine Reynaud was served electronically with a courtesy copy of the summons and complaint on 31 March 2022. On this very same day Reynaud emailed Plaintiff to acknowledge service. [Exhibit 1 Reynaud acknowledges service in an email to Mentor Police, she also made calls and other emails to them and was apparently imploring them to charge Plaintiff with a crime

2- On the very same day, 31 March 2022, Ludivine Reynaud was destroying evidence in the form of hundreds of social media posts. [Exhibit 2- Reynaud destroys evidence]

3- On 31 March 2022 Reynaud called Plaintiff and told him if he did not drop the case and dismiss it she would diligently work to have Plaintiff charged with a crime by Mentor Police, while she was also emailing Mentor Police and complaining she had been sued by a man she had previously sworn out a criminal complaint against.

4- Sometime on or about 5 April 2022 Reynaud caused courtesy service on the then co-defendant Dominique Bilde to fail, with Reynaud using her position as head of Bilde's office staff to intercept and reject the FedEx envelope destined for Bilde. [Exhibit 3- Reynaud intercepts courtesy service of Bilde].

5- On 11 July 2022, Reynaud's attorney Raymond Vasvari attempted to ex parte the judge and promised that motions to strike were coming [no motions ever came]. Defense Counsel also told Plaintiff that an amended answer with counter-claim was coming[1].

6- On 11 July 2022, Reo propounded a full discovery packet upon Reynaud via counsel Vasvari. Vasvari immediately said he would object to everything on the basis of

---

[1] This helped serve to increase Plaintiff's costs as Plaintiff had to prepare to defend against counter-claims that ultimately never came. Plaintiff hired private investigators in Europe to gather evidence to be used to defend against Defendant's promised counter-claims. Plaintiff further conferred with possible expert witnesses and spent multiple hours consulting with possible experts in anticipation of what Defendant promised was coming.

4

volume and seek a protective order. The packet contained 29 interrogatories, 332 requests for admissions, and 37 requests for production of documents. Plaintiff was being thorough in anticipation of numerous counter-claims by Reynaud.

7- On 14 July 2022, Reo stated that the outstanding discovery was henceforth withdrawn without prejudice and that it would be substantially reduced if no counter-claim materialized. Defendant would not commit one way or whether a counter-claim was coming.

8- On 29 July 2022, Reo propounded a substantially reduced discovery packet upon seeing that no counter-claim was forthcoming. This packet consisted of 18 interrogatories, $221^2$ requests for admissions, and 39 requests for production of documents.

9- On 29 July 2022 Plaintiff also noticed the deposition of Defendant Ludivine Joan Claudia Reynaud and retained a court reporter. The deposition was noticed for 2

---

[2] Within less than 30 minutes of being served with the discovery, Vasvari told Plaintiff that the 332 requests for admissions were "too burdensome" and that he would have to spend 3 minutes per question and have to bill 16.6 hours at $330.00 per hour to answer them. Traditionally discovery is forwarded to a client and the client is given instructions to gather documents, answer interrogatories, and write "admit" or "deny" in regards to a Request for Admission. The present packet now has only 221 RFAs instead of 332. Handing a packet of 221 requests for admissions to a client and asking her, "write admit or deny where relevant" is quite easy, straight-forward, and would greatly narrow the issues for other paper discovery, depositions, or trial. For Defense Counsel to raise issues as to "volume" and "proportionality" while on 11 July 2022 he stated he would seek to do a forensic imaging and analysis of the computer of Plaintiff, an active licensed practicing attorney, in the absence of any IP evidence linking Plaintiff to the harm Reynaud alleged, indeed in the absence of any evidence that what Reynaud complained to the police about ever even actually happened, is ridiculous and pure hypocrisy. Defense Counsel would have this Court believe his client cannot write one word "admit" or "deny" 221 times, because it is burdensome, but imaging the computer of a practicing attorney, a man who was the victim of defamation, is reasonable and proportionate to the needs of the case. It is also odd to imagine Defense Counsel being the one to decide what the Defendant is going to "admit" or "deny" in regards to the facts, because nobody knows the facts of the Defendant's side better than the actual Defendant herself.

5

September 2022, the date that Ludivine Reynaud herself requested at the 11 July 2022 status conference and the date that the court set.

10- On 1 August 2022, Defense Counsel responded stating they would begin to respond to paper discovery while preserving objections based on volume and proportionately.

11- On 8 August 2022 Zoom links were sent out by email via the court reporter to Plaintiff, Defense Counsel Vasvari, Defense Counsel Zimmerman, and Defendant Reynaud herself. Plaintiff followed up with a mass email requesting everybody to acknowledge receipt of the links [no responses were received].

12- On 10 August 2022 Plaintiff sent an email[3] to Defense Counsel containing a subpoena commanding inspection of the following on behalf of Ludivine Joan Claudia Reynaud at her attorney's office in Ohio, "Access to your Instagram account, Facebook account, and LinkedIn account so that Plaintiff may see the posts you have made since August 2021, deletions/removal of content, and may see the content you are posting to the pages of others, particularly as regards Plaintiff or as regards your motives behind the false accusations." Plaintiff inquired if formal service by a process server would be needed or if they would coordinate with their client, obtain her login and password information, and cooperate by providing Plaintiff access to the accounts, from their office and their computer, on the date in the subpoena. Plaintiff proposed that Defendant Reynaud provide her login information to her attorneys who would enter it

---

[3] Plaintiff can provide all of these emails if the Court so desires or orders, but Plaintiff believes the Court is busy enough with other cases and this case, without having to sift through stacks of emails from this case. If Defendant wishes to contend the emails were not sent by Plaintiff, Plaintiff will produce the emails and the read receipts. Plaintiff will also concede that he has sent a high volume of emails to Defense Counsel, but most of them are providing background narrative of the sort that would be gotten to in a deposition if Plaintiff were ever deposed, along with settlement proposals, and attempts to try to build a rapport and find some common ground to push towards a resolution.

into a computer at their office in Shaker Heights and then allow Plaintiff to access the account from their computer, so that Plaintiff would be able to obtain the information commanded to be produced without obtaining or coming into possession of the login or password information. No response was received.

13- On 23 August 2022, after Plaintiff had already ordered formal service of process by the process server of the subpoena upon Counsel Vasvari on behalf of Reynaud, and paid for the service of the same, Vasvari finally emailed Plaintiff and told him it wouldn't be necessary to hire a process server. Vasvari also revealed he would have to research whether a subpoena duces tecum could be used that way[4], and he would have to research the issue before discussing further with Plaintiff and with his client. Vasvari said his initial gut reaction was that service of a subpoena commanding a deponent to produce documents for inspection at a set time/place is not an appropriate exercise of subpoena power, and he stated it was his view that a Plaintiff is restricted to using Rule 34 to obtain documents from a Defendant while discovery is open.

14- Even still, Vasvari had told Plaintiff he regarded the subpoena as duly served, and he was accepting service on behalf of Ludivine Joan Claudia Reynaud.

15- The subpoena called for Plaintiff to be allowed to perform the inspection on 31 August 2022.

16- On 29 August 2022 Defense Counsel advised Plaintiff he was revoking acceptance of the service of the subpoena and he did not consider the subpoena served.

17- Later on 29 August 2022 Plaintiff advised he considered the subpoena withdrawn and would pursue other methods to obtain the documents and access sought.

---

[4] Plaintiff has these emails and will provide them if the Court so orders it.

18- On 29 August 2022 the Defendant's responses to Plaintiff's first set of discovery propounded on were due.

19- On 29 August 2022 Plaintiff's Requests for Admissions were responded to but significantly objected to [Plaintiff has not yet filed a motion in regards to this matter].

20- On 30 August 2022 Plaintiff's Interrogatories were responded to [late] with many responses to basic questions such as the actual links to the supposedly pornographic content, and the names, identities, and contact information for fact witnesses being objected to as "burdensome."

21- As of 31 August 2022 no responses have been received, not even objections, in regards to Request for Production of Documents propounded upon Defendant.

22- Dispositive motions are due on 31 October 2022. Defendant Ludivine Joan Claudia Reynaud and her Counsel have effectively shut down discovery and derailed the track of this case[5].

23- Given that the Defendant has clearly adopted a strategy of making darn sure Plaintiff doesn't get to conduct any discovery, it is highly unlikely Plaintiff will be in any position to move for summary judgment by 31 October 2022 or will be ready for trial by 9 January 2023. Accordingly, because of the ongoing discovery disputes, the near certainty discovery will take months to resolve, and the Defendant having brought the case to standstill, Plaintiff requests that the deadline for dispositive motions be moved to the middle or end of January 2023, with trial being moved to the beginning or middle of April 2023.

---

[5] This is obviously their intention and is the result of a calculated and deliberate plan. Ms. Reynaud likely had a plan to shut down discovery and derail the case.

24- Plaintiff also wishes this Court to note that Plaintiff had a deposition sequence, Defendant Reynaud on 2 September 2022, a character witness on 5 September 2022, and then Lieutenant Dan Molnar of the Mentor Police on 7 September 2022, and that Defense Counsel knows Plaintiff is going on a reserved/booked vacation from 11 September 2022 to 26 September 2022 and will be out of the state6, and then attending a 3-day training seminar from 30 September 2022 and 2 October 2022. These courses were booked 8 months ago. It is likely that Defendant is striving to derail not only this case, but Plaintiff's personal life as a means to further hamper Plaintiff's ability to prepare for and diligently prosecute this case.

25- Simply changing Reynaud's deposition date by two weeks won't work and Defendant knows that. Accordingly, Plaintiff would request that an in-person status conference be set for 5 September, 6 September, or 7 September, with the attendance of all parties and counsel, required, in person, at the courthouse, and that the day after this conference Ms. Reynaud will be deposed, in person7, in the witness room of the Court.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

---

[6] Plaintiff will be in southwestern Oklahoma near the Texas border, with limited phone coverage and occasional access to internet.
[7] Ms. Reynaud should be ordered to attend in person, at a set time on a certain date, with her failure to attend resulting in judgment by default being entered against her.

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on August 31, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Motion to Modify Schedule Order to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: August 31, 2022