**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **LUDIVINE JOAN CLAUDIA REYNAUD** <br> Rue Dodonee 3 <br> 1180, UCCLE, Belgium <br><br> Defendant. | Case No: 1:22-cv-00510-JG <br><br> Hon. James S. Gwin |
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@ vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S MOTION FOR IN PERSON STATUS CONFERENCE

Rather than reply to the substance of any pending motions, Defense Counsel has elected to email Plaintiff, threaten sanctions per 1927[1], and threaten Plaintiff with a bar grievance[2] to Disciplinary Counsel, while demanding that Plaintiff withdraw[3] pending meritorious motions, and

---
[1] Attached as Exhibit 1- Vasvari Emails P1
[2] Attached as Exhibit 2- Vasvari Emails P2
[3] Attached as Exhibit 3- Vasvari Emails P3

1

make light of the fact that Plaintiff admits[4] to recording a call from Defendant Ludivine Joan Claudia Reynaud made on 31 March 2022[5], by Reynaud, to Plaintiff, while intimating that this conduct may also serve as the basis for a bar complaint against Plaintiff because Defense Counsel suggests or outright states[6] that recording under those circumstances is violative of the Rules of Professional Conduct.

Plaintiff responded with an email[7] containing the relevant ethics opinion which provides that Plaintiff may record Ms. Reynaud on a phone call without disclosing the recording.

Under the present circumstances, Plaintiff is unable to engage in a telephone call with Defense Counsel and must unfortunately report that Plaintiff has absolutely no hope of resolving the ongoing discovery dispute.

Plaintiff will not submit to extortion, coercion, or blackmail, or the implicit threat that if he seeks to use the content of a surreptitiously recorded call that somebody there will be a professional ethics issued raised over the matter.

Defense Counsel, instead of seeking to attack the substance of the pending motions, or simply mooting most of the matters by providing written responses to outstanding and over-due

---

[4] Attached as Exhibit 4- Vasvari Emails P4

[5] In the phone call Ms. Reynaud acknowledges the lawsuit, makes it clear she is aware she is a party opponent of Plaintiff, she is a Defendant in litigation, she threatened to commit suicide in Belgium, she threatened to travel to the United States and commit suicide in a manner with a note that would morally implicate Plaintiff, and she threatened to continue working to get Plaintiff charged with a crime if Plaintiff would not drop the civil action.

[6] Attached as Exhibit 5- Vasvari Emails P5

[7] Attached as Exhibit 6- Vasvari Emails P6

Requests for Production, and actually substantively answering the two interrogatories Plaintiff seeks to compel, has elected to embark on a campaign of formal intimidation and intimidation by innuendo.

Discussing the possibility or prospect of a grievance and citing the Rules of Professional conduct as they relate to recording of phone calls, are likely themselves unethical. If Plaintiff has behaved unethically then Defense Counsel should have grieved Plaintiff weeks or months ago, he shouldn't be threatening such conduct while teasing the idea of an exchange of dropping the prospect of a complaint if only Plaintiff will withdraw motions and refrain from using a phone recording of the Defendant.

Plaintiff respectfully requests that this Court set an in-person status conference as soon as practically possible, to begin to sort these, and other issues, out. The case is being derailed and that is likely what Reynaud and Defense Counsel have been angling for. Plaintiff is now in a position where he does not want to speak to Defense Counsel outside the presence of the Court.[8]

This Court may also find itself in a position to resolve the possibly emerging matter of a motion to disqualify Raymond Vasvari as Defense Counsel; who through extortionate and coercive threats communicated in writing to Plaintiff, may have made himself a fact witness and may be

---

[8] Plaintiff is genuinely afraid of Defense Counsel and Ms. Reynaud and worries for his reputation and his professional license in light of threats by Defense Counsel and the history of false accusations on the part of Ms. Reynaud.

liable to being called at a hearing or trial on the matters pending before this Court or otherwise relevant to them[9].

 

                Respectfully submitted,

                /S/. BRYAN ANTHONY REO
                Bryan Anthony Reo
                P.O. Box 5100
                Mentor, OH 44061
                (P): (440) 313-5893
                (E): Reo@ReoLaw.org
                *Pro se Plaintiff*

---

[9] Plaintiff's theory is that Ms. Reynaud's defenses are so flimsy, they are crumbling, she cannot answer basic interrogatories, she was unable or unwilling to make proper initial disclosures, she was unable to provide timely responses to discovery, she objected to basic questions requesting names and contact for crucial fact witness she had to have known about for months, she objected to providing links to the actual content in dispute and she refused to discuss the circumstances surrounding her accessing that material, and because of these deficiencies in her defenses, she and her Counsel work to intimidate Plaintiff into withdrawing meritorious motions and just going away with his reputation damaged by Reynaud. Ms. Reynaud has done everything possible to shut down discovery and to intimidate Plaintiff into just dismissing his case and going away. From the moment Mr. Vasvari came on this case, he incessantly emailed Plaintiff the constant refrain of "your claims are frivolous, you should seriously consider dismissing" but he never served a draft motion in accordance with Fed. R. Civ. P. 11 and he never filed anything that would definitively dispose of Plaintiff's claims. If Plaintiff's claims are as frivolous as Defense Counsel insists, why is he not filing dispositive motions? Why is he seeking to threaten and intimidate Plaintiff? Why does he want to trigger so many discovery disputes? Why does he threaten to bog Plaintiff down with collateral matters and provide all of Plaintiff's settlement emails and collateral emails in front of the Court. If Plaintiff's claims are frivolous then file the motions and get them dismissed, don't try to strong-arm the Plaintiff into dismissing his own case and don't bring ethics/professionalism threats into the matter.

## **CERTIFICATE OF SERVICE**

    I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on August 31, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Reply in Support of Motion For In Person Status Conference to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

    /S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: August 31, 2022