**Bryan Reo**

| | |
|---|---|
| **From:** | Raymond Vasvari <vasvari@vasvarilaw.com> |
| **Sent:** | Wednesday, August 31, 2022 10:53 AM |
| **To:** | Bryan Reo |
| **Subject:** | Re: Posts |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I cannot help but wonder why you have numerous people seeking sanctions against you.

I am always available to speak with the Court. But I suggest you read my last email and consider withdrawing your motions.

Sanctions seems to be an obsession with you. You threaten it freely and seem to think it is a tactical tool.

You also – this email is evidence – seem to have a large bit of your ego tied up in seeking sanctions.

You have documented your intent to abuse collateral motions in multiple emails.

I urged you to withdraw your motions.


Yours sincerely,

Raymond V. Vasvari, Jr.


Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t    216.458.5880
f    216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Wednesday, August 31, 2022 at 10:37 AM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** RE: Posts

**Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.**

If you believe that an attorney who considers himself entitled to the identities of fact witnesses and the contact and names for anybody the party opponent has discussed the plaintiff with, is a making a vexatious demand, or that a party who believes himself to actual responses to Requests for Production of Documents, especially with an extended deadline, ahead of an upcoming deposition, is vexatious, then make that argument to the Court.

The last attorney who tried to get me sanctioned wound up sanctioned, suspended for two years, and is pending disbarment.

Another attorney who tried to get me sanctioned wound up fired from her Big Law job. You're sort of immune to that as you have your own firm.

Another attorney who tried to get me sanctioned wound up with her client having to pay my attorney's fees. Her partner quit his job and went into government work.

I've had a significant number of people try to seek sanctions against me. They never got a dime and they wound up on the receiving end of sanctions themselves.

While there is a first time for everything, I don't imagine my wanting answers to Interrogatories 12 and 13, and seeking to compel, rises to the level of vexatious conduct under 1927.

I am available for a joint call to the court if you wish to make such a call.

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Wednesday, August 31, 2022 10:00 AM
**To:** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Posts

Mr. Reo:

I awoke to motions I did not anticipate given our discussion over the past days via email.

Your motions to compel are out of order. Please withdraw them.

I have been very patient with you and your remarkably aggressive and unprofessional conduct until now.