**Bryan Reo**

| | |
|---|---|
| **From:** | Raymond Vasvari <vasvari@vasvarilaw.com> |
| **Sent:** | Wednesday, August 31, 2022 11:11 AM |
| **To:** | Bryan Reo |
| **Subject:** | Re: Posts |

Mr. Reo:

Did you inform Ms. Rerynaud that you were recording the call?

One party consent in Ohio notwithstanding, are you aware of the ethical opinions that relate to Ohio attorneys recording telephone calls?

Please withdraw your motions.

I would rather work on completing my document production than arguing about its completion.

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
T | 216.458.5880
F | 216.302.3700

vasvari@vasvarilaw.com

> On Aug 31, 2022, at 11:00 AM, Bryan Reo <reo@reolaw.org> wrote:
>
> I tried to settle this case for a retraction and less than $6,000 at the status conference on 11 July 2022. I have diligently worked to bring about a speedy and prompt resolution of this case on fair and reasonable terms. As you yourself even said, "some of your terms are perfectly reasonable." Your client won't even retract.
>
> I completely disagree with your characterization of your bullet point articulation.

I conceded you were right as the deadline to respond to discovery of Monday rather than Sunday. Discovery was propounded on 29 July 2022 after first being propounded and withdrawn on 11 July 2022 and being promptly withdrawn after you said it was excessive and part of it applied to potential but not yet pursued counter-claims.

I am within my rights to pursue Rule 11 where I believe applicable.

I have never informed you that I had a Rule 11 motion prepared to file and I challenge you to show me as much. I believe I said I had Rule 37 motions prepared and was researching and would have a Rule 11 motion prepared if necessary.

I completely dispute your characterization as to alleged direct contact with your client or as to offering to drop a criminal matter, which your client put in a sworn statement was non-existent. It is a matter known as a private criminal complaint, and to my knowledge, if the defamed receives a retraction and states that they are satisfied, the matter can possibly be resolved. I was at most proposing the possibility of a global resolution to resolve all outstanding matters in a way that would allow your client to cleanly and easily move on with her life. If she had been willing to provide me a retraction in the USA civil case, it would likely have had the duplicative effect of bringing about a rapid end of any pending matter in Belgium, to the extent that I would have been made whole and could have so informed and advised the investigating judge and prosecutor, "she has retracted, I am content." I did not implicitly link the resolution of a criminal case to a civil case in the manner of "end this civil case or else I will have you prosecuted."

Indeed on 31 March 2022 [in a phone call I recorded] Ms. Reynaud told me to drop the civil lawsuit or she would keep working to get me charged with a crime in Ohio, and she was still in contact with Mentor police that very day.

I do not appreciate being implicitly or explicitly threatened with a grievance in an attempt to gain advantage in a civil action.

Sincerely,

Bryan Reo


Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, 3rd Circuit, 6th Circuit, Court of Appeals for the Armed Forces (#37033), United States Air Force Court of Criminal Appeals (AFCCA), and United States Navy-Marine Corps Court of Criminal Appeals (NMCCA).

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information.  Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of