# Bryan Reo

| | |
|---|---|
| **From:** | Bryan Reo |
| **Sent:** | Wednesday, August 31, 2022 11:19 AM |
| **To:** | Raymond Vasvari |
| **Subject:** | Re: Posts |

In her interrogatory responses she claims to have never threatened suicide.

On the 31 March 2022 call she threatened suicide to the point I felt the need to contact Brussels police and the Brussels suicide crisis.

I would be more worried by her perjury than by my recording a call with a non-attorney and non-client.

At the time of the call and recording she knew a lawsuit was pending and had been filed and she knew that I was the party opponent. She called and made party admissions.


OPINION 2012-1 Issued June 8, 2012 Surreptitious (Secret) Recording by Lawyers

SYLLABUS: A surreptitious, or secret, recording of a conversation by an Ohio lawyer is not a per se violation of Prof.Cond.R. 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) if the recording does not violate the law of the jurisdiction in which the recording takes place. The acts associated with a lawyer's surreptitious recording, however, may constitute misconduct under Prof.Cond.R. 8.4(c) or other Rules of Professional Conduct. In general, Ohio lawyers should not record conversations with clients or prospective clients without their consent. Advisory Opinion 97-3 is withdrawn.



--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 31, 2022 11:10:40 AM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

Mr. Reo:

Did you inform Ms. Rerynaud that you were recording the call?

One party consent in Ohio notwithstanding, are you aware of the ethical opinions that relate to Ohio attorneys recording telephone calls?

Please withdraw your motions.

I would rather work on completing my document production than arguing about its completion.

# Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
T | 216.458.5880
F | 216.302.3700

vasvari@vasvarilaw.com

> On Aug 31, 2022, at 11:00 AM, Bryan Reo <reo@reolaw.org> wrote:
>
> I tried to settle this case for a retraction and less than $6,000 at the status conference on 11 July 2022. I have diligently worked to bring about a speedy and prompt resolution of this case on fair and reasonable terms. As you yourself even said, "some of your terms are perfectly reasonable." Your client won't even retract.
>
> I completely disagree with your characterization of your bullet point articulation.
>
> I conceded you were right as the deadline to respond to discovery of Monday rather than Sunday. Discovery was propounded on 29 July 2022 after first being propounded and withdrawn on 11 July 2022 and being promptly withdrawn after you said it was excessive and part of it applied to potential but not yet pursued counter-claims.
>
> I am within my rights to pursue Rule 11 where I believe applicable.