# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Pro se Plaintiff*

**VASVARI & ZIMMERMAN**
Raymond Vasvari, Jr. (#0055538)
K. Ann Zimmerman (#0059486)
20600 Chagrin Blvd.
Suite 800 Tower East
Shake Heights, OH 44122
(T): (216) 458-5880
(F): (216) 302-7000
(E): vasvari@vasvarilaw.com
(E): zimmerman@vasvarilaw.com
*Attorneys for Ludivine Joan Claudia Reynaud*

## PLAINTIFF BRYAN ANTHONY REO'S
## MOTION FOR SANCTIONS AGAINST DEFENDANT LUDIVINE JOAN CLAUDIA REYNAUD FOR COSTS ASSOCIATED WITH SUBPOENA

## (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Motion For Sanctions Against Defendant Ludivine Joan Claudia Reynaud for Costs Associated with Subpoena.

Plaintiff Bryan Anthony Reo, pro se, makes this motion pursuant to Fed. R. Civ. P. 45, and Fed. R. Civ. P. 37, on the basis that Defendant failed to properly confer and coordinate so as to lessen or eliminate costs of formal service.

This motion is supported by the accompanying brief, Complaint, Answer, and any other records and filings of this action, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion. Plaintiff only requests oral argument if this Court believes it will be helpful.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: August 31, 2022

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>P.O. Box 5100<br>Mentor, OH 44061<br><br>      Plaintiff,<br><br>    v.<br><br>**LUDIVINE JOAN CLAUDIA REYNAUD**<br>Rue Dodonee 3<br>1180, UCCLE, Belgium<br><br>      Defendant. | Case No: 1:22-cv-00510-JG<br><br>Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC**<br>Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(T): (216) 505-0811<br>(E): reo@reolaw.org<br>*Pro se Plaintiff* | **VASVARI & ZIMMERMAN**<br>Raymond Vasvari, Jr. (#0055538)<br>K. Ann Zimmerman (#0059486)<br>20600 Chagrin Blvd.<br>Suite 800 Tower East<br>Shake Heights, OH 44122<br>(T): (216) 458-5880<br>(F): (216) 302-7000<br>(E): vasvari@vasvarilaw.com<br>(E): zimmerman@ vasvarilaw.com<br>*Attorneys for Ludivine Joan Claudia Reynaud* |

**BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S
MOTION FOR SANCTIONS AGAINST DEFENDANT LUDIVINE JOAN CLAUDIA
REYNAUD FOR COSTS ASSOCIATED WITH SUBPOENA**

This matter presently before the Court can be concisely summarized as follows.

3

1- On 10 August 2022 Plaintiff sent an email[1] to Defense Counsel containing a subpoena commanding inspection of the following on behalf of Ludivine Joan Claudia Reynaud at her attorney's office in Ohio, "Access to your Instagram account, Facebook account, and LinkedIn account so that Plaintiff may see the posts you have made since August 2021, deletions/removal of content, and may see the content you are posting to the pages of others, particularly as regards Plaintiff or as regards your motives behind the false accusations." Plaintiff inquired if formal service by a process server would be needed or if they would coordinate with their client, obtain her login and password information, and cooperate by providing Plaintiff access to the accounts, from their office and their computer, on the date in the subpoena. No response was received.

2- On 23 August 2022 Plaintiff formally ordered a process server to serve the subpoena in question upon Ludivine Joan Claudia Reynaud via effectuating service on her lawyers at their Shaker Heights Office. The process server has provided Plaintiff an invoice and a proof of service[2] but no communications were received by Plaintiff on behalf of Defendant at the time of the service, because the office was closed.

3- On 23 August 2022, after Plaintiff had formally ordered service and paid, Defense Counsel responded and acknowledged the subpoena email, stated he would accept it[3], and that it was unnecessary to formally serve it via process server.

4- On 24 August 2022 Plaintiff's process server formally served the subpoena, although Defense Counsel's office was closed and locked even though it was during normal business hours.

---

[1] Attached as Exhibit 1.
2 Attached as Exhibit 5.
[3] Attached as Exhibit 2.

5- Defense Counsel ultimately emailed Plaintiff and advised he was revoking[4] his acceptance of the subpoena and did not consider it proper or properly served.

6- Plaintiff then withdrew[5] the subpoena as a procedural/strategic decision on the basis that Plaintiff did not believe the matter merited a significant back and forth dispute, by email, with Defense Counsel.

7- Plaintiff advised he would seek sanctions[6] for the issues associated with the cost of the subpoena. Frankly, from Defense Counsel's comments in Exhibit 3, it is obvious he is desperate to delay Ms. Reynaud's deposition by as long as possible because he keeps offering to provide documents while angling to get Plaintiff to adjourn or otherwise modify the deposition schedule by at least one if not multiple weeks.

8- Ms. Reynaud should be sanctioned in the amount of $125.00 [one hundred and twenty-five dollars] for the costs associated with Plaintiff having to formally serve her a subpoena with a retained process server.

Plaintiff seeks a sanction of $125.00 against Ms. Reynaud on the basis that Defendant, through Counsel, had some obligation to coordinate with Plaintiff after the 10 August 2022 email requesting coordination as to the service of the subpoena, with the failure to coordinate necessitating Plaintiff hiring a process server, only for Defense Counsel to ultimately accept service before finally revoking acceptance of service. Instead, Defendant hindered the informal no cost service of the subpoena, only agreed to accept service after formal service was ordered and paid for, and then proclaimed they were revoking acceptance of the subpoena while insisting

---

[4] Attached as Exhibit 3
[5] Attached as Exhibit 4
[6] Attached as Exhibit 6.

5

Plaintiff withdraw the subpoena [which Plaintiff withdrew to avoid an unnecessary confrontation and escalation]. Plaintiff's option now is to either do an extremely costly Hague Service of the subpoena upon Ms. Reynaud in Belgium, or issue another Fed. R. Civ. P. 34 request to produce, noting that Defendant's responses to Plaintiff's outstanding Fed. R. Civ. P. 34 request to produce documents are late, overdue, were due on 29 August 2022, and even with the 1-day extension that Plaintiff gave through to 30 August 2022, are still not in. Perhaps Defendant has a theory that Plaintiff just isn't entitled to any discovery in preparation for the presentation of his case.

      Plaintiff prayerfully hopes that this Court disagrees with Defendant's apparent position in regards to discovery.

                                                            Respectfully submitted,

                                                             /S/. BRYAN ANTHONY REO
                                                             Bryan Anthony Reo
                                                             P.O. Box 5100
                                                             Mentor, OH 44061
                                                             (P): (440) 313-5893
                                                             (E): Reo@ReoLaw.org
                                                            *Pro se Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on August 31, 2022, I submitted this Certificate of Service and Plaintiff's Motion For Sanctions Against Defendant Ludivine Joan Claudia Reynaud for Costs Associated with Subpoena. to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: August 31, 2022