UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **LUDIVINE JOAN CLAUDIA REYNAUD** <br> Rue Dodonee 3 <br> 1180, UCCLE, Belgium <br><br> Defendant | Case No: 1:22-cv-00510-JG <br><br> Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T):  (216) 505-0811 <br> (E):  reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T):  (216) 458-5880 <br> (F):  (216) 302-7000 <br> (E):  vasvari@vasvarilaw.com <br> (E):  zimmerman@ vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

### REPLY IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S MOTION TO COMPEL DISCOVERY

     Plaintiff wishes to advise this Court that Ms. Reynaud's deposition, set for 2 September 2022, at 8:00am EST, as set by the court at the date requested by Ms. Reynaud's is still on the calendar, although Defendant has not provided any written responses to outstanding Requests for Production of Documents and has not provided one actual document in response to the formal request made by Plaintiff pursuant to Fed. R. Civ. P. 34.

1

One of the seminal and foundational issues, a document which should be in Defendant's possession, has not even been produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS #12:** If you maintain that pornographic material was disseminated or that you were impersonated on a pornographic website, provide true and accurate screenshots of the material in question.
ANSWER:

Almost all of the documents requested are of things that would have already been within the custody, control, or actual possession of Defendant Reynaud.

Plaintiff was owed responses by 29 August 2022, and generously gave Defendant until 30 August 2022, stating that he would like them by the morning of 30 August 2022. Instead of providing written responses, objections, and actual substantive documents, Defendant did nothing, and let 30 August 2022 come and go.

On 31 August 2022 Plaintiff began to move to compel, which in the case of the documents request was particularly ripe and timely as the responses [with documents] were due 29 August 2022, extended by consent of Plaintiff to the morning of 30 August 2022, and as of 31 August 2022 [and indeed as 8:02 am EST on 1 September 2022] there have been neither written responses provided nor documents produced.

Defense Counsel sent Plaintiff a series of escalating emails on 31 August 2022 [attached on other filings] first beginning with a demand that Plaintiff withdraw the then pending several

motions [two motions to compel discovery, a motion for a status conference in person, a motion to modify the schedule order, and a motion to strike affirmative defenses]. Defense Counsel referred to Plaintiff as a vexatious litigant and threatened sanctions under USC 1927. When that email from Defense Counsel did not obtain the desired result of capitulation on the part of the Plaintiff, Defense Counsel escalated and mentioned ethics grievances, bar complaints, disciplinary counsel, and told Plaintiff "the die is cast" and that his fate was sealed.

Defense Counsel also insisted he would be spending all of 31 August 2022 preparing motions to strike and filing motions to strike everything Plaintiff had filed and would not be allocating time to respond to outstanding documents requests. Defense Counsel kept teasing the idea that if Plaintiff would continue or adjourn or otherwise cancel the deposition of Defendant Reynaud and wait several weeks, that some documents might be forthcoming ahead of the deposition of Defendant Reynaud, otherwise Plaintiff would be going into the deposition without documents.

Plaintiff believes that it is becoming quite clear that Defendant and her Counsel are bound and determined to provide nothing of value in discovery, stonewall, obstruct, derail, and work to hinder the flow of the upcoming deposition by first providing no documents or even written responses to outstanding requests for documents ahead of the deposition, and secondly by working to get the deposition itself canceled while making Plaintiff litigate under the threat of bar grievances if he persists in pursuing meritorious motions.

Tellingly, no motions to strike were filed by Defense Counsel on 31 August 2022.

3

Plaintiff has an additional concern as to the deposition. Defense Counsel has stated he has motions for protective orders prepared and briefed and has intimated and suggested if Plaintiff asks questions he does not approve of, he will stop the deposition and file for a protective order. Plaintiff asked Defense Counsel to agree to make a standing objection and to only interrupt for objections that go to attorney-client privilege or work-product privilege where he is instructing his client not to answer, and to refrain from continually making spoken objections on other grounds, so as to assure the smooth and timely flow of the deposition. He has responded to other emails but pointedly has not addressed that matter. It is obvious to Plaintiff that Ms. Reynaud and her Counsel will work to derail the deposition.

Plaintiff proposes the following solution.

The Court adjourn the deposition set for 2 September 2022. The Court order everybody [counsel and parties] to attend an in-person status conference sometime the week of 5 September 2022, perhaps 5 September 2022 itself, with Ms. Reynaud's deposition following within one or two court days of that conference, and possibly a follow-up conference or motion hearing to resolve outstanding motions, the day after. This would give Defendant the coming weekend to finish gathering documents, it would give Ms. Reynaud sufficient time to book a flight and pack a bag, and it would give Plaintiff sufficient time to completely restructure the schedule he has for next week because depositions are already set for 5 September 2022 [character witness] and 7 September 2022 [fact witness] and those will need to be moved. Plaintiff is also enrolled in a

community college class which meets on Tuesdays and Thursdays and will have to provide notice to the professor or reschedule a quiz.

Even if the documents were provided today, right now, [which they won't be], Plaintiff is going to be in mediation at a Common Pleas Court and to Plaintiff's best recollection, he has shared this fact with Defense Counsel.

Plaintiff made it clear to Defense Counsel that Plaintiff wanted the documents no later than the morning of 30 August 2022 so that Plaintiff would have ample time to review and prepare questions to be asked about the documents at Defendant Reynaud's deposition. Defendant and her Counsel have assured that such is not going to be the case.

Accordingly, Plaintiff prays that this Court will enter an appropriate order and do what is right to begin to put this case back on track. Plaintiff asks this Court to consider that Plaintiff was flexible while Ms. Reyanud objected to Plaintiff's first proposed deposition date. Plaintiff was amenable and agreed Ms. Reynaud could participate by Zoom in all proceedings other than the trial [Plaintiff now wants an in-person status conference and in-person deposition]. Plaintiff made 11+ pages of initial disclosures that were thorough and disclosed every possible relevant fact witness, character witness, the existence and types of documents, Defendant made approximately 2 pages of initial disclosures and has never disclosed the names or contact for the owners of the pornographic sites Ms. Reynaud claimed on 11 July 2022 she was in email correspondence with, she never disclosed the other third parties she has since admitted to discussing Plaintiff and this case with, and she never disclosed the existence of the email chains with the porn site

personnel/owners/agents, and she never disclosed the electronically stored URLs from the browsers on her devices she was using when she allegedly accessed and viewed the material that she considered to be impersonation of herself. Furthermore, Ms. Reynaud's Counsel has advised Plaintiff that he doesn't know and cannot guarantee that Ms. Reynaud has not in fact deleted or otherwise not preserved the browser history and he suggests she may not be able to provide actual URLs that link directly to the content she allegedly found.

Defendant should not be allowed to get away with derailing this case and throwing Plaintiff off the track of being able to pursue his claims to a successful adjudication on the merits. She should certainly not be allowed to get away at the low/no cost strategy of "stay in Belgium and cause massive problems in the United States for Plaintiff and the Court" that she appears to have adopted. This Court can and should enter an appropriate order that Ms. Reynaud come to the Court in the Northern District of Ohio, for an in-person status conference, sometime the week of 5 September 2022, with her deposition, in person, to follow within one or two court days, and that the response to outstanding requests to produce documents must be responded to at least one day prior to the status conference and documents must be produced no later than the status conference.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 1 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Reply in Support of Motion to Compel Discovery the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Pro se Plaintiff*

Dated:  September 1, 2022