IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo, | Case No. 1:22-cv-00510 |
| Plaintiff, | Judge James Gwin |
| –vs– | Motion for a Protective Order Postponing The Deposition of the Defendant Set for Friday, September 2, 2022 |
| Ludivine Joan Claudia Reynaud, | |
| Defendant. | |

Defendant Ludivine Joan Claudia Reynaud, by and through undersigned counsel and pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, hereby moves for a Protective Order postponing her deposition, which is presently set for tomorrow, Friday, September 2, 2022 at 8:00 a.m. E.D.T. The bases for this Motion are as follows.

### A. The Plaintiff Has Orchestrated a Premediated Discovery Dispute That Has Consumed a Great Deal of Time Set Aside for Depo Prep

The Plaintiff served discovery requests on the Defendant on July 29, 2022, responses to which were due within thirty days under Civil Rules 33(b)(2), 34(b)(2) and 36(a)(3). The thirtieth days after service was Sunday, August 28, 2022. By operation of Civil Rule 6(a)(1)(C), responses and objections to the Interrogatories, Requests for Production and Requests for Admission were due the next day, Monday, August 29, 2022.

Six days before our Responses and Objections were due, on August 23, 2022, the Plaintiff communicated his intent to file motions to compel if our Responses were not received on Sunday.

> The date counter provides that 30 days from July 29, 2022 is August 28, 2022.

\* \* \*

> Not counting the day that triggers the event, 30 days lands squarely on 28 August 2022 for responses to discovery. I normally am asleep by 11:00 pm each night. But I may stay up until 12:05 am the night of the 28th of August, so that if my responses are not in my inbox as of the stroke of midnight when the 29th is ushered in, I can file motions to compel without delay.[1]

Counsel advised Plaintiff that he misunderstood Rule 6(a)(1)(C). On Saturday, August 28, 2022, the Plaintiff wrote:

> Just to be clear. If I receive objections to RFA I already have a motion to deem objections insufficient and to deem admissions admitted.
>
> RFAs being admitted made me a multi-millionaire.
>
> If I don't have 221 x admit or deny, but rather objections, I intend to move to have them all deemed admitted and then move under Rule 56 on that basis.[2]

At 7:08 p.m. Saturday evening (the time actually matters), the Plaintiff again threatened motions to compel, albeit ungrammatically, weirdly asserting that only an hour remained to submit responses in time.

> It is 11 if I don't receive responses to discovery or if I receive all or mostly objections.
>
> If I receive actual responses and she actually attends her deposition and cooperates then it is probably 3 things.[3]

On August 29, 2022, Defendant produced Responses and Objections to Plaintiff's 221 Requests for Admission. Keeping the Plaintiff in the loop as to anticipated delays (discussed below), she produced Responses and Objections to Plaintiff's 18 Interrogatories on Tuesday, August 30, 2022.[4]

---

[1] See Exhibit 1, First Declaration of Raymond Vasvari, at ¶ 3 and Decl. Ex. A.

[2] Id., Decl. Ex. B.

[3] Id., Decl. Ex. C.

[4] Id., Decl. at 4.

2

That evening, Plaintiff took exception to her Objection and Partial Responses to two Interrogatories, Nos. 12 and 13, and demanded that the Responses be supplemented **not later that 2:00 p.m. on August 31, 2022**.[5] The same evening, undersigned counsel responded by saying that he would ask the Defendant to promptly supplement her responses to meet his concerns.[6]

The Defendant provided the supplemental information overnight, but to no avail. At **8:57 a.m. on August 31, 2022**, five hours ahead of his own deadline, the Plaintiff filed a Motion to Compel responses to Interrogatories 12 and 13. (ECF No. 30, Page ID 264–65).

Requests for Production, Responses to which were outstanding but well underway on Monday evening. On Saturday, August 28, 2022, Mr. Reo wrote that "[a]s long as I have responses 24 hours prior to the start of the [September 2, 2022] deposition, I am basically content."[7] Counsel kept him apprised of progress on the Responses on Monday and Tuesday. On August 31, 2022, at 8:08 a.m., forty eight hours prior to the scheduled deposition, Mr. Reo filed a Motion to Compel Responses to his Requests for Production (ECF No. 29).

This is nothing if not bad faith. Twice Mr. Reo agreed to extend response times, only to file Motion to Compel prior to the times and dates in question. A review of his emails, some quoted above suggest that he has been spoiling for a Rule 37 fight for weeks, and had at least some of the seven motions filed yesterday prepared in advance of any dispute. On August 28, 2022, before discovery responses were due, he wrote:

> On September 3 I intend to make it very clear how I have been stonewalled and how and why I am entitled to Rule 37 sanctions against your client.

---

[5] Id., Decl. Ex. D.

[6] Id., Decl. Ex. E.

[7] Id., Decl. Ex. F.

3

> Believe me, I have 11 things ready to file. The most important of which go in September 2 around 6pm EST.[8]

In the last thirty hours, Mr. Reo has filed seven documents relating to discovery, including the two Motions to Compel, a Reply Brief (ECF No. 37) in Support of one Motion to Compel (ECF No. 29) and a Reply i(ECF No. 34) in Support of his Motion for a Status Conference (ECF No. 31). He filed these Replies despite that fact that to date, no Response in Opposition has been filed with respect to either of the Motions on behalf of which the Replies were filed.

Undersigned counsel has worked to meet Defendant's discovery obligations diligently and in good faith. Mr. Reo has, by contrast, played a game of bait and switch. He set deadlines and filed motions to compel before they arrived. His flurry of recent motions appears intended to, and has had the actual effect, consuming hours of time that were to be spent preparing the Defendant for her deposition.

In addition to this, Mr. Reo has occasioned the very delay he was hoping to avoid by sending incessant, disputative and argumentative emails. He would have received Responses to his Requests for Admission Sunday, had he not sent counsel some 32 emails between dinner and might. Between Sunday and Wednesday he has sent some 70 emails, many disputative and needing a response. This, and his having filed a criminal complaint with the Mentor Police against the undersigned, have combined to take up the time – Wednesday and Thursday – that the Defendant and the undersigned had set aside for deposition preparation.

---

[8] Id., Decl. Ex. G.

**B.    Ground Rules and Limitations Need to Be set Before the Defendant Is Deposed**

Recall that this case arises from an allegation that the Defendant wrongfully reported the Plaintiff to the Mentor police in an effort to stop his further contacted her, and in connection to the appearance of her name on adult websites, which Defendant told police she could not link to him.

The Plaintiff served 25 Requests for Admission seeking details of the Plaintiffs sex life, including admissions that she slept with numerous named men, was presently engaged in a lesbian relationship with a Member of European Parliament who is her supervisor, gave sexual favors to employers as a means of advancing her career, and was involved sexually in the downfall of various French politicians.[9] He served an Interrogatory seeking the identity of every person with whom she has ever had sexual contact. All this is a case that, at base, turns on a handful of emails sent to the Mentor Police that never allege that nude images of her were posted on line.

The Plaintiff denies it, but inquiries into Ms. Reynaud's sexual history are irrelevant and seem likely if she is deposed before the Court can impose limits on her testimony. These questions would be intimate, embarrassing and oppressive. They require a judicial determination as to their propriety before the deposition, to avoid Counsel instructing the witness not to answer, prompting such a determination during the deposition. Mr. Reo has also communicated an intent to impose his own ground rules on the deposition, purporting to limit the manner in which and the topics on which Counsel may interpose anything but standing objections.[10] This is improper and likely to lead to needlessly disputatious inquiry. For these reasons too, the Court should postpone the deposition of the Defendant now set for September 2, 2022.

---

[9] Requests for Admission Nos. 33, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 65, 67, 68, 102, 103, 111, 199, 201, 203, 207, and 208.

[10] Id., Decl. Ex. H.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr. (0055538)**
**K. Ann Zimmerman (0059486)**
VASVARI & ZIMMERMAN
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone 216.458.5880
Telecopier 216.302.3700
Email: vasvari@vasvarilaw.com
Email: zimmerman@vasvarilaw.com

Counsel for the Plaintiffs

### – CERTIFICATE OF SERVICE –

The foregoing Motion for Protective Order was served today, September 1, 2022 upon Bryan A. Reo, via email at reo@reolaw.com, as a PDF Files.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
Vasvari | Zimmerman

One of the Attorneys for the Plaintiff

6