| State of Ohio | | Declaration of Raymond V. Vasvari, Jr. In Lieu of |
| County of Cuyahoga | } | Affidavit Pursuant to 28 U.S.C. § 1746 |

**I, Raymond V. Vasvari, Jr., hereby declare and testify as follows:**

1. My name is Raymond V. Vasvari, Jr. I am an adult, and an attorney licensed to practice in and by the Supreme Court of Ohio and its inferior tribunals, in the Supreme Court of the United States, and in various federal circuit courts of appeal and district courts nationwide. I have been admitted to practice before the United States District Court for the Northern District of Ohio since November 1991. The information contained in this Declaration is true, to the best of my personal knowledge and belief.

2. I am, together with my partner K. Ann Zimmerman, counsel for the Defendant in the matter styled Bryan Anthony Reo v. Ludivine Joan Claudia Reynaud, which appears upon the docket of the U.S. District Court for the Northern District of Ohio as Case No. 1:22-cv-00510 and is assigned to Judge James Gwin. I entered an appearance as counsel for the Defendant after the withdrawal of her original attorneys, Max E. Dehn and Madilyn E. Bell, of Cavitch Familio & Durkin Co., L.P.A. I entered a Notice of Appearance (ECF No. 16) on June 21, 2022.

3. Attached to this Declaration are emails between and among me and the Plaintiff in the referenced matter, being submitted in connection with the Motion for Protective Order in connection with which this Declaration is being filed.

4. On August 29, 2022, Defendant produced Responses and Objections to Plaintiff's 221 Requests for Admission. Keeping the Plaintiff in the loop as to anticipated delays (discussed below), she produced Responses and Objections to Plaintiff's 18 Interrogatories on Tuesday, August 30, 2022

Further Declarant Sayeth Naught

Sworn and subscribed below by me, Raymond V. Vasvari, Jr., pursuant to 28 U.S.C. § 1746 and under the laws of perjury of the United States, in witness whereof I have signed below at Cleveland Heights, Cuyahoga County, Ohio, on this 1st Day of September 2022.

_____
Raymond V. Vasvari, Jr.

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** RE: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-23T18:57:40

---

I find it difficult to countenance the idea that you are unaware of how subpoenas work or operate.

That aside…

The date counter provides that 30 days from July 29, 2022 is August 28, 2022.

Not counting the day that triggers the event, 30 days lands squarely on 28 August 2022 for responses to discovery. I normally am asleep by 11:00 pm each night. But I may stay up until 12:05 am the night of the 28th of August, so that if my responses are not in my inbox as of the stroke of midnight when the 29th is ushered in, I can file motions to compel without delay.

As to a second set of discovery request, do not doubt for a moment that I already have a second packet waiting and ready to be served, post-deposition.

Don't doubt that I also have a motion per Fed. R. Civ. P. 56, about 80% ready to go.

Depositions are set for-

2 September 2022 [Ms. Reynaud]

5 September 2022 [David Durkee]

7 September 2022 [Dan Molnar]

I look forward to seeing your discovery responses on 28 August 2022, and I look forward to being at your office on 31 August 2022 at the time provided on the deposition to conduct the download of your client's social media archive files and to otherwise inspect and examine her social media per the subpoena.

You have been at this a while, but apparently I have served more subpoenas than you. I've litigated about 300 cases in 12 years, I am very well-versed in the rules of discovery, discovery on parties, discovery on non-parties, and subpoenas.

Remember, I cooperate to assure the smooth flow of proceedings, but I'm not a nice person. As I told your client when I was first meeting her and conversing with her, she asked me what sort of man I was like, and I said, "I'm not very nice by any measure, but I'll facilitate for your success, health, and happiness, see you have what you need, and if you're faced with a problem on the street I'll put myself between you and an upraised blade without a second's thought and if somebody accosting you in the street has to die so you get home safe, then so be it. Don't ever make the mistake of thinking I am nice, I am not a very nice man."

I recall Ludivine once griping, "you're not very nice, I've never met a man as generous and as giving as you, but you're extremely provocative and not even remotely nice" and I said, "I told you very early on, when you asked what sort of man I was, I told you I was not very nice, that I was harsh, judgmental, demanding, and impatient. I didn't downplay anything, dress anything up, or pretend to be this or that, I told you I wasn't nice. I just laid all my cards down on the table for the world to see, maybe you didn't want to see them."

When somebody tells or shows you who they are, take note and listen.

I've filed everything I said I was going to file in this case, and I am preparing to file about 11 more things between 29 August and 3 September. You can count on that and bet the ranch on it.

Sincerely,

Bryan Reo



**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T21:17:10

Just to be clear. If I receive objections to RFA I already have a motion to deem objections insufficient and to deem admissions admitted.

RFAs being admitted made me a multi-millionaire.

If I don't have 221 x admit or deny, but rather objections, I intend to move to have them all deemed admitted and then move under Rule 56 on that basis.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT B

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T21:07:08

---

It is 11 if I don't receive responses to discovery or if I receive all or mostly objections.

If I receive actual responses and she actually attends her deposition and cooperates then it is probably 3 things.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT C

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Interrogatory Objections- Motion to Compel
**Sent datetime:** 2022-08-30T21:04:42

Sir,

This is to inform you that I believe your objection to this request is outrageous and insufficient.

**INTERROGATORY NO. 13:** Provide the url addresses of the websites wherein you claim Plaintiff "probably" impersonated you for pornographic purposes as well as the dates and times you accessed the website(s), the browser(s) you were using, how you found the website(s) and how long you remained on each website.
**ANSWER:**
**Objection**: the Request is burdensome and disproportionate to the needs of the case, in that there are a very large number of sites with different URLs that repost essentially the same information. Further objecting, Defendant never said Reo probably impersonated her, but only might possibly have. **These objections notwithstanding**, the following URLs / domain names post the information described, and the Defendant will supplement this list to a reasonable degree and provide additional URLs in that regard.
• 42.porn-net-vid.agency
• 9.cam-jerk-hot.agency
• 1.fuck-hd-wap.agency


This is the seminal matter as to claims and defenses. Specific URLs to the "actual posts" are not burdensome, and her briefly describing the circumstances that brought her to encounter the content, when, how, what time, which browser/device she used, and how long she viewed the content, are discoverable and relevant, they are fundamental to claims and defenses.

If I am unable to have a full answer to those interrogatories by 2:00pm EST on 8/31/2022 it is my intention to move to compel.


Additionally, as to Interrogatory #12, it is my opinion that your client is required to provide all non-privileged names/contact, she may not object and decline to provide non-privileged information simply because the request could be said to embrace privileged information. Furthermore, the request does NOT seek the actual content of communications, it seeks the identities of names, along with contact information. A name of an attorney cannot be subject to attorney-client privilege, nor can their contact information.


Finally,

In regards to the last interrogatory, #18, and the assertion that Plaintiff lacks a basis to claim Ms. Reynaud was under the influence of a substance on 11 July 2022. Although I am not raising any issues or suggesting I will seek to compel as to #18 at this time or in the near future.


Plaintiff has a bachelor of science which included a significant body of course work in psychology and the psychopharmacological properties of many controlled and prescription substances. Plaintiff also has completed graduate level coursework in psychiatry completing Psychiatry and the Law at law school [and earning the High A], attended seminars on substances and their properties, and interacted with the mentally ill, involuntary psychiatric patients, and attended seminars and understand the properties of common drugs of abuse and psychotropic pharmaceuticals and other prescription medications. Ms. Reynaud was under the influence of a potent mind- and mood-altering drug which blunted her affect to the point it was nearly flat, her eyes were droopy, glossy, and glazed over, she had a forceful and powerful yet blank stare, her facial expressions were frozen and unnatural, her tone and inflection were significantly different from when Plaintiff knew her in the relationship, and her traditionally demure manners of not interrupting were obviously gone and not present, indicating problems with impulse control and emotional regulation. Whatever Ms. Reynaud was on during the 11 July 2022 status conference, her mental state was of such a nature that any deposition or trial testimony she would give under the influence of said substance(s) would likely be inadmissible or would serve as the basis for her appeal if she had an adverse result. Plaintiff would venture an educated guess that Ms. Reynaud was likely under the influence of tranquilizers, anxiolytics, anti-psychotics, and mood stabilizers or a combination of medications primarily used to treat delusions, anxiety, and paranoid ideation because Ms. Reynaud likely suffers from transient psychosis as an aspect of what is probably Borderline Personality Disorder. In short, Ms. Reynaud almost certainly has episodes of acute paranoid delusions and psychotic splits/breaks with reality, likely triggered by anxiety, where she is unable to correctly perceive external stimuli and she is unable to differentiate reality from her delusions.

EXHIBIT D

Sincerely,

Bryan Reo

---

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Tuesday, August 30, 2022 5:06 PM
**To:** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Requests for Admission

My apologies. Too many emails today and you start to forget things.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
 attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

---

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Tuesday, August 30, 2022 at 4:46 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Requests for Admission

This email contains no attachments.

--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On August 30, 2022 4:44:25 PM Raymond Vasvari <vasvari@vasvarilaw.com> wrote:

> Mr. Reo:
>
> Thank you for this information. I will let you know as soon as my own schedule is in focus, but one of these should work.

**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Interrogatory Objections- Motion to Compel
**Sent datetime:** 2022-08-30T21:37:38

Dear Mr. Reo:

Several points in the email you sent 30 minutes ago need to be addressed.

**Objections to Interrogatory No. 13**

We will supplement, as noted, No. 13 to the extent the information remains available. We will be providing screen shots of the materials that Ms. Reynaud mentioned to the Mentor Police and Victim Advocate, but again stress that she never claimed as a fact that you were responsible for those postings, but qualified her belief as a suspicios she could not substantiate. Her candor in that regard makes her statements something quite distinct from the way in which you have characteized them, but that argument will be one we have during dispositive motion practice.

So I am clear, what exactloy do you want regarding No. 13? If there are a multitude of URLs that contain exactly the same material (that is, the use of Ms. Reynaud's name in essentially or exactly the same context) do you want to see every one she has ever seen? That would be budensome, duplicative, and frankly not to your advantage. Do you want to establish that he name was very widely used on sexually themed websites? If that is what you are insisting on (1) the timeframe you have set may not premit the search you demand and (2) the particular URLs may no longer be accessible to her. That depends on how far back her browser history goes. And before you start making claims of spoliation, we both know that peosple update browsers and clear caches for innocent reasons (like speeding up performnace or just clearing out digital clutter) all the time. I have no idea whether she has done so or not.

Also, the Interrogatory asks how she came upon the sites. Her answer, through a Google search, as indicated in Response to Interrogatory No. 2. We will update our Response to No. 13 to incorporate that response as well. Do you claim that a further explanation is needed? We will provide browser information. I am not sure there is any record of how long Ms. Reynaud stayed on any particular website. In fact, based on my own experience, I am fairly sure there is not. I am not aware that browser search histories record that information. If it can be constructed otherwise, given the number of sites likely to be involved, its reconstruction by more complicated means would be burdensome and disproportional.

I will ask Ms. Reynaud to search her browser history and files for additional URLs. I will ask her to provide that information by Noon E.D.T. if at all possible. I can make no promises that the information was retained or is accessible, and at this point do not know how many additional URLs she has, though I know she has some and I have already asked her to gatgher the others.

**Objections to Interrogatory No. 12**

I grant you that the mere names of lawyers she consulted is not protected. I will supplement this Response prior to Ms. Reynaud's deposition. I believe you will find substantial overlap between the list provided and the names and contact information already provided in Response to Interrogatories No. 16.

**Objections to Interrogatory No. 18**

We answered the question over objection: Ms. Reynaud was not under the influence of any drugs or other substances on July 11, 2022. Beyond that, I don't see what the issue is. Your undergranduate training and high marks are things to be proud of. But neither of us is a physician, psychologist or mental health professional, so I am not sure what the relevance is.

**Joint Stipulated Protective Order**

We will be providing you with documents over the next day. Those are expected to include tax and financial documents in Response to Requests 8 and 9, which I believe are unnecessary, intrusive and disproportional, but imagine are subject to discovery given your assertion of a punitive damages claim. I have asked that you execute and agree to the entry of the Stipulated Protective Order that constitutes Appendix L to the Local Civil Rules. Nothing special, nothing fancy, just the Court's own form. Do you intend to do so? I will not be releasing personal financial information to you without such a stipulation. If you feel the need to move to compel on that basis, it will be interesting to hear why you need access to that information without its being limited to use in this case.

I await your answers to the questions posed in this email. That said, I am working to complete our remaining Responses (to your RFP) tonight. I don't have time for the sort of lengthy email colloquy that occurred on Sunday. I am, after all, spending time working on your discovery and want to get it to you sooner rather than later.

The file sizes involves suggest that it will all come via a password protected Dropbox link.

EXHIBIT E

Yours sincerely,

Raymond V. Vasvari, Jr.

# Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T18:49:05

---

As long as I have responses 24 hours prior to the start of the deposition, I am basically content.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT F

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T18:48:03

---

On September 3 I intend to make it very clear how I have been stonewalled and how and why I am entitled to Rule 37 sanctions against your client.

Believe me, I have 11 things ready to file. The most important of which go in September 2 around 6pm EST.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT G

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** RE: Requests for Admission
**Sent datetime:** 2022-08-29T14:17:45

Sir,

I consider the subpoena withdrawn.

I am not going to change the date of the deposition for Ms. Reynaud. We will go forward on 2 September 2022. I have a tight schedule to keep for 5 September and 7 September and I want Ms. Reynaud to be the first deponent deposed in this sequence.

I am going to withdraw the subpoena and I will resolve the matter via RFP under Rule 34 to be propounded within the next week. I consider the subpoena withdrawn as of yesterday and certainly as of today/this email.

If it becomes necessary I will seek leave or concurrence to do a second deposition after the production and obtaining of those documents and any other documents that are not produced in response to the pending RFP that is presently before you, if said documents are ultimately compelled to be produced.

Here is a preliminary statement I have that I will read to Ms. Reynaud and you at the start of the deposition.

*I am going to ask that your lawyer, Mr. Vasvari make a standing objection at the onset of this deposition and that he refrain from making specific objections to questions I ask, so as not to interrupt the tempo or the progression of this deposition. If he has a specific objection on a privilege and is going to invoke privilege and instruct you not to answer, that is fine, but I request all other objections be considered standing objections and I consider his objections on those points preserved. If this deposition is hindered or derailed or otherwise disrupted to an extent I cannot meaningfully conduct it, I will adjourn it, take the matter to the court, and ask the Judge to order that the deposition be conducted next week, in person, in the witness room of the court in Cleveland, is that understood?*

*I am going to provide one Reo specific ground rule for depositions that Reo runs, it is applicable for difficult litigants, such as yourself. Your attorney is allowed to object and he may object for various reasons, but unless his objection is for attorney-client privilege or work-product privilege, generally you must still answer the question if he objects for relevancy, calling for speculation, foundation, hearsay, or those reasons. If you refuse to answer questions where the answer would not be subject to privilege, at some point, after a certain number of refusals, I am going to adjourn the deposition, contact the court, advise the judge as to your non-cooperation, and then ask that the deposition be reset for September 5 in the witness room of the courthouse in Cleveland, which means everybody goes to Cleveland. I am not going to tell you how many refusals I will tolerate before I invoke this, I am just explaining to you, if you try to shut this deposition down by refusing to answer when the answers are not covered by privilege, I will take it to the court and we can all go to Cleveland. Do you understand?*

*Attorney-client privilege does not apply to any statements you may have made to attorneys other than your present attorneys in this case and your prior attorneys in this case, and licensed Ohio attorneys you may have consulted with. It does not cover statements you may have made to Belgian attorneys or French attorneys, do you understand?*

I would like to invite you to make a standing objection and to only intervene in cases of atty-client privilege or work-product privilege where you are explicitly instructing her not to answer.

I remind you that discovery is fairly broad and that something may be discoverable even if it is ultimately not admissible at trial. I do not know if anything on her sexual history will be admissible at trial, but it is extremely relevant in terms of being open to discovery in the discovery process.

It is my intention to delicately raise issues regarding the possibility of sources of dissemination, other than myself. If the first and second line of questioning reveal what I expect it will, then it may never be necessary to get into her sexual past/history and I will try to avoid that.

I do not intend to sit down at the depo and ask "what is your full legal name?" followed by blurting, "how many men have you had sex with?" as my second question.

There are questions that might come up, about sex, but that is largely dependent on how the first 120-2[?], whether we get to the point where questions 251-310 become necessary [I have about 300 questions, sexual topics are less than 10%, probably 5%].

**EXHIBIT H**

If you instruct her not to answer those sexual questions, I will note your objection, move on, and then when you move for a protective order I will move to compel and I will seek to have her submit to an additional deposition which I would ask be conducted in Cleveland due to the likelihood she may continue to refuse.

I actually have motions and briefs in hand, that will be filed if it is necessary to adjourn the deposition. I will be asking the judge to set a status conference, in person, for September 5 in Cleveland, and a deposition in the witness room for September 6.

From my perspective, if there is sufficient non-cooperation, the risk that is run is that I will get leave to depose Ms. Reynaud a second time, or there will be a deposition, the adjourned first, or a second, in Cleveland. I would hope everybody will work together and cooperate in good faith.


As to settlement. If Ms. Reynaud regards the litigation as oppressive and she considers my main point, a retraction, to be the point she won't flex on, I would prefer to let the next few weeks unfold and perhaps it will paint a cleaner or clearer picture/image for her as to which way the case is going and what is going to happen as it further unfolds. I would have been willing to get a good mutual release, an unambiguous and unequivocal retraction, and my out of pocket expenses/costs. The retraction is the primary issue. If she won't retract then any discussions are premature at this point.

We can revisit settlement discussions sometime next week.

Your client is afraid that I am going to widely or publicly publish and disseminate a retraction or otherwise use it in the Belgian Art 445 case and she is afraid/concerned she may be facing a jail sentence before the end of 2023, isn't she? I don't want to see Ludivine hit with a criminal record or to have her languish in jail. Of course you don't represent her [to my knowledge] in the Belgian matter, so any discussion with you on that is a bit misdirected.

Consider reminding her that "Marty had the opportunity to settle in 2018 for $100,000, a retraction, deleting defamatory content, and refraining from publishing any more, he doubled down, refused, and $3,000,000 in judgments later, he lost his the ranch his senator grandfather had given him."

Ludivine has a golden ticket to get out early on, via good terms, before things become a veritable conflagration. I always tell people that an early resolution that is workable and reasonable is better than a protracted battle with an uncertain outcome.


I would wager your client needs to structure her life so she has a lifestyle that lends itself to more than 3 hours of sleep per night. The schedule she keeps isn't healthy and it probably clouds her mind and compromises her judgment. She ought to find a way to relax, think clear, take 10-15 days off, go on some hikes, sleep 8 hours per day, wake up at 6-7am after having gone to be at 10-11pm, have a decent breakfast of some eggs and yogurt, a glass of water, shower, have some green tea, go for a morning walk, soak up some sunlight in a park, watch birds and other morning animals going about their routine, roam around and explore, catch a light lunch around 12:00pm, go home, get cleaned up, shower, sit down, read a bit, go for a drive, have some intellectually stimulating conversations, go window shop in a small town, talk to a relative, go for a bicycle ride, return home, watch a movie, have a light dinner of some grilled chicken or salmon with some wine, wind down, prepare to go to sleep. Relax, enjoy life, do something that isn't work related or litigation related.

I just knocked out about 40 pages in a book on the first [and last] voyage of the Battleship Bismarck. Life has to be more than just drafting motions and reading legal texts or learned treatises.

She is always complaining about someone or some thing being oppressive. In 2018-2019 it was her job. Then in 2020 it was a mix of covid/lock-down and of course by the end of the year, me. Then I became public enemy number one, chief villain, throughout 2021 and into 2022.

I'm preparing for a 16 day vacation, and by the way, bragging about marksmanship with a woman I offered to teach rifle fundamentals to, is not an implied threat. It is a very relaxing recreational hobby that makes sense for me given the threats I live under from various KKK/Aryan types and from the fact I stepped on a lot of toes in Philadelphia and the mafia front call center money-lender wound up subject to an SEC investigation that cost ½ a billion dollars and saw their operators go down on big charges.

I would hope that everybody could agree I have never [explicitly] threatened Ludivine, and because she claims to have felt implicitly threatened, I'm not really comfortable even talking with her or being in the same room with her. She told me about her friends and relatives in French police paramilitary units, intelligence units, and her connections and contacts with the Russian embassy and the Belarussian embassy. Should I feel implicitly threatened from those statements?

My ability to hit a steel target at distances beyond 1200 meters doesn't mean somebody in Belgium is in any kind of danger, because the last time I checked, 1) I'm not a criminal, 2) I have never threatened her, 3) I would never hurt Ludivine, and 4) Brussels Belgium is further than 1200 meters from Ohio.

Men brag and boast about those things, but unfortunately as for Ludivine, it does not appear that [other than myself] she has ever dated or been courted by what I would consider a genuine man. As I recall she said Yuri spent the first two dates

crying his eyes out over memories about his father who had been dead for 10-15 years prior to the date. I could understand a man whose father just died in the last month, but 15 years ago and he still needs to cry about this, and on a date with a woman he just met? I don't know many women who would tolerate such effeminate displays from a man or who would be up for being a quasi [and uncompensated] therapist for such a man, but there was Ludivine.

If a man brags to a woman about this or that aspect of personal, physical, combative prowess, while offering to teach her rifle marksmanship, it is his way of saying, "let's hang out in a field with a rolling meadow all day and I'll teach you the fundamentals of shooting, you'll hit targets at 500 meters after 6 hours of my instruction, and then probably at some point during the afternoon we'll make out and get some romance going on top of the shooting mat while watching the sun set" it isn't an implied, "you should feel intimidated and threatened by me."

I don't like it when people feel afraid of me, because it isn't what or how they should feel. Stefani always told me she felt safe with me and I put her at ease in a dangerous world.

I've never done or said anything to Ludivine such that she should legitimately feel in actual danger of me, from me, or because of me.


Sincerely,

Bryan Reo


Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, 3rd Circuit, 6th Circuit, Court of Appeals for the Armed Forces (#37033), United States Air Force Court of Criminal Appeals (AFCCA), and United States Navy-Marine Corps Court of Criminal Appeals (NMCCA).

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.