# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S
## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
## FOR PROTECTIVE ORDER ON DEPOSITION

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Brief in Opposition to Defendant's Motion for Protective Order on Deposition.

Defendant has failed to articulate a proper reason why a deposition that was set on the calendar on 11 July 2022 for 2 September 2022 at the request of Defendant should be adjourned

1

less than 18 hours before the deposition is set to begin. Defendant has had approximately 2 months to prepare for the deposition.

Defendant is essentially complaining of a problem of their own making. If instead of spending 29 August and 30 August sending threatening emails to Plaintiff, and 31 August 2022 threatening grievances and claiming to be preparing multiple motions to strike, Defendant had been producing responsive documents [or some responses] Defendant would have had ample time to become prepared for the deposition.

Plaintiff has a very specific deposition sequence.
2 September 2022 [Defendant- Ludivine Joan Claudia Reynaud, on the date she requested]
5 September 2022 [character witness- full time tenured professor who can generally only be available on federal holidays]
7 September 2022 [fact witness- a Mentor Police lieutenant who must obtain time off with approval from his employer]

It is important to keep in mind that Plaintiff originally requested to depose Defendant on 5 September 2022 and Defendant immediately took issue with being deposed on any day other than a Friday, due to her work, and she specifically requested 2 September 2022, with which Plaintiff agreed and which this Court stated would be the date of her deposition.

Plaintiff is concerned that Ms. Reynaud's purpose is to maneuver to torpedo Plaintiff's entire track of depositions and to try to be deposed prior to other deponents, especially fact witnesses who are police, to listen to their testimony and tailor her testimony to match theirs.

There is also the issue of last-minute cancelations on deponents and the court reporter. Plaintiff has already canceled a long over-due vacation, booked 8 months ago, that was set for 11 September to 26 September and involves courses Plaintiff wanted to take that are only offered twice per year and that Plaintiff had been looking forward to taking for at least the last 8 months. Plaintiff also blocked out all of 2 September, 5 September, and 7 September to do these depositions and was planning to have Defendant deposed on 2 September 2022, do a rush order on transcripts [paying extra to obtain them promptly] and then immediately moving under Fed. R. Civ. P. 56 in the hopes of bringing about an expeditious end to this case.

Defendant has stonewalled Plaintiff. Instead of moving for a protective order Defendant should have been using scarce time [scarce based on a delay the Defendant caused or at least significantly caused] to prep for the deposition and to respond to outstanding discovery.

Plaintiff has offered to agree to adjourn if the Court believes it is desirable or necessary to do so, especially if the Court is going to order Defendant to appear in the United States[1], in person, for a status conference and in person deposition within the next one or two weeks.

---

[1] Noting that airfare is cheaper than the already identified expert witnesses Plaintiff is about to formally retain and pay [$15,000+ total], Plaintiff is willing to pay Defendant's economy class airfare up to $800 so she can attend an in-person conference in the USA, followed by her deposition, and possibly in-person mediation. Plaintiff hopes it would be a more worthwhile utilization of his money and push things closer to resolution by settlement.

Plaintiff, unless he hears otherwise from the Court that the Court has specific intentions that change the schedule for deposition, will want to do the deposition of Ms. Reynaud, on 2 September 2022, via Zoom, noting that it is not necessarily Plaintiff's first choice, but it is Plaintiff's preference ahead of "kicking things back 1-2 weeks and deposing her via Zoom after the entire rest of Plaintiff's schedule is thrown in the air." Plaintiff would prefer a deposition, in person, of Ms. Reynaud, in ND Ohio and is willing to pay her airfare [to the amount mentioned above] to facilitate for her attendance in person in the United States. Failing her personal attendance in person, Plaintiff prefers a remote Zoom deposition on 2 September 2022, the originally scheduled date.

All of Plaintiff's concerns about how the deposition is likely to unfold, still remain. Plaintiff believes the most efficient and effective way to assure a smooth and easy deposition is for Ms. Reynaud to be deposed in person in the jury room or witness room of the United States District Court for the Northern District of Ohio, which would also allow her to participate in an in-person status conference and in-person mediation the same week, and possibly an in-person motion hearing if a motion hearing is held on any of the outstanding motions. A significant amount of ground might be covered within the same week.

Plaintiff notes that he is at a disadvantage having to brief this matter right now in this manner because only in the last hour or so has Plaintiff learned Defendant would be seeking a protective order on the deposition to adjourn the date. Plaintiff also wishes the Court to note that any notion, raised by Defendant, that Plaintiff intends to verbally abuse or denigrate Defendant at a deposition is baseless and without foundation. Defendant has articulated [in emails to the Court]

a concern that Defendant purports to believe that Plaintiff will ask intrusive questions about Defendant's sexual past as a means to embarrass Defendant. Defendant objected to those lines of questions in interrogatory responses and responses to requests for admission and Plaintiff has tellingly not sought to compel substantive responses on those matters[2].

Plaintiff is ready to go forward with what he has on hand, to keep the schedule flowing, and reserve the right to adjourn the deposition at some point and then continue it later after responsive documents have been produced, or seek leave or stipulation to do a second deposition as to the documents ultimately produced. Plaintiff has all of his questions prepared, his court reporter reserved, his own documents he has marked for the court reporter and Defendant, and his scheduled cleared.

Plaintiff sees no particularly compelling reason why the deposition should not go forward, unless the Court has a favorable view of Plaintiff's earlier suggestion that everybody needs to be brought into Cleveland so things can begin to be sorted out and everything can be done in person[3] in Cleveland, including the deposition of Defendant.

---

[2] If it does become apparent that Defendant's sexual past is highly relevant, Plaintiff might in the future consider a motion to compel as to certain documents and interrogatories relating to Defendant's sexual behavior and history. However, at this time, Plaintiff has elected to pursue less intrusive discovery and does not intend to abuse Defendant at her deposition. If Defendant is sincerely concerned of the potential for verbal abuse at her deposition, there is an even stronger case for the entire deposition to be done in person in the witness room or jury room with the Court available to intervene as needed.

[3] If the Defendant will stipulate to an in-person status conference and in-person deposition both to be held no later than 14 September 2022, subject to the court's schedule, then Plaintiff will stipulate to adjourn the deposition of 2 September 2022 and as stated above, will pay up to $800 for Defendant's economy class airfare.

It appears Defendant has been desperately angling to 1) torpedo the deposition set for 2 September 2022, even to the point of raising issues with the date just prior to the development of the ongoing discovery disputes, and 2) to not produce responses to outstanding written discovery and to instead use scarce time to throw the course of the case off-track.

The Court should reject Defendant's suggestions and Plaintiff respectfully and prayerfully hopes the Court will accept Plaintiff's suggestions or at least some of Plaintiff's suggestions. With that noted, if this Court, formally or informally, communicates it does not support a deposition of Defendant on 2 September 2022, then Plaintiff will abide by any order or recommendation issued by this Court.

Plaintiff wishes the Court to note that it is Plaintiff's sincere belief that discovery should not be this difficult[4], it shouldn't be like pulling teeth, and Plaintiff apologies to the Court that these matters have to be brought before the Court with the result being the consumption of the Court's valuable time and judicial resources. When one is to be deposed, it is a date they originally requested, they have known about it for seven weeks, they should cooperate and attend their own deposition.

---

[4] Plaintiff dislikes discovery disputes and dislikes having to bring discovery disputes before the Court. Plaintiff sees discovery disputes as fundamentally a misuse of time, money, judicial resources, and legal resources. Plaintiff is of the view that the last thing a busy court wants to see is a situation where somebody does not want to be deposed at a date they agreed to be deposed by, basic interrogatories being objected to, initial disclosures that are clearly deficient, and a lack of responses to requests for production of documents. Plaintiff needs to be able to get some degree of discovery to progress the case forward to a conclusion on the merits, hence everybody is, gobbling up Court time and resources to resolve discovery disputes.

Plaintiff will ultimately follow the Court's orders or, in the absence of a formal order, recommendation or guidance.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

# CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 1, 2022, I submitted this Certificate of Service and Plaintiff's Brief in Opposition to Defendant's Motion for Protective Order on Deposition. to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: September 1, 2022