IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo<br><br>Plaintiff,<br><br>– vs –<br><br>Ludivine Joan Claudia Reynaud.<br><br>Defendants. | Case No. 1:22-cv–00510<br><br>Judge James Gwin<br><br>Defendant's Response in Opposition to Plaintiff's Motions to Compel Discovery (ECF No. 29) and to Compel Answers to His Interrogatories 12 and 13 (ECF No. 30) |

Before the Court are seven motions filed by the Plaintiff on August 31, 2022.[1] All these motions arise in one way or another out from two minor discovery delays that occurred between Tuesday, August 20, 2022 and Tuesday, September 6, 2022.

This Response in Opposition addresses two of those submissions: Plaintiff's Motion to Compel Discovery (ECF No. 29) which is directed generally toward his Requests for Production, and; his Motion to Compel (ECF No. 30), which seeks to compel supplemental Responses to Interrogatories Nos. 12 and 13.[2] Both of these motions should be denied because: **(a)** they are moot; **(b)** they were filed prematurely, before the extended time the Plaintiff himself set for responses to his requests had elapsed, and; **(c)** because both were filed in derogation of the discovery dispute mechanisms imposed by Civil Rule 37 and L.R. Civ 37.1.

---

[1] These are the Plaintiff's: Motion to Compel Discovery (ECF No. 29); Motion to Compel Discovery (as to Plaintiff's Interrogatories Nos. 12 and 13) (ECF No. 30); Motion for Conference (ECF No. 31); Motion for a Modification of the Scheduling Order (ECF No. 32); Motion to Exceed Page Limits and to Strike Affirmative Defenses (ECF No. 33); Motion for Sanctions and Costs Associated with the Service of a Subpoena (ECF No. 35) and; Motion to Supplement Second Motion to Strike (ECF No. 36).

[2] This is one of several Responses in Opposition to the Plaintiff's pending motions. Each will refer to a common set of exhibits which are being submitted with this Response under the covering declaration of undersigned counsel.

### A. THE CASE IN BRIEF

The case arises from what can charitably be characterized as a messy breakup. Plaintiff Bryan Anthony Reo ("Mr. Reo") is an attorney who lives in Mentor, Ohio. He represents himself in the case at bar. Ludivine Joan Claudia Reynaud ("Ms. Reynaud") is a French citizen living in Belgium, where she works as an Accredited Assistant to a Member of the European Parliament. The two met online, spent a little more than a week together in the United States, carried on a long distance relationship, and eventually broke up.

Their relationship unraveled late in the summer of 2020. At a certain point, Ms. Reynaud became concerned about the volume and content of the communications she was receiving from Mr. Reo. In March 2021, she emailed the Victim Advocate in the Lake County Prosecutor's Office to ask if anything could be done to make Mr. Reo stop contacted her. She was put in touch with the Mentor Police, to whom she sent three or four emails, complaining about Mr. Reo. On the basis of those emails, Mr. Reo has sued her for defamation, false light invasion of privacy and abuse of process. Discovery is underway.

### B. THE DISCOVERY PROMULGATED BY THE PLAINTIFF AND THE DISPUTE [3]

Plaintiff served Interrogatories, Requests for Production, and Requests for Admission upon the Defendant on July 29, 2022. Responses and objections were due, by operation of rule, on or before Monday, August 29, 2022.[4] His requests were unusual for their length. Despite the simplicity of the case, Mr. Reo submitted 221 Requests for Admission, a more manageable 18 Interrogatories (one of which had ten subparts) and 39 Requests for Production, covering a wide range of personal papers as well as parliamentary documents.

---

[3] This section does not address the Subpoena Duces Tecum the Plaintiff served on the Defendant on Friday, August 26, 2022, that is the subject of his Motion for Sanctions (ECF No. 35). The Defendant will file a separate Response in Opposition addressed to that motion alone.

[4] See: Civil Rules 6(a)(1)(C), 33(b)(2), 34(b)(2)(A) and 36(a)(3).

Prior to the production deadline, the Plaintiff on several occasions indicated his enthusiasm for seeking discovery sanctions. [5] On August 29, 2022, the Defendant timely provided Answers and Objections to the 221 Requests for Admission served by the Plaintiff.

Undersigned counsel informed the Plaintiff on Sunday evening and again on Monday that Responses to his Interrogatories might not arrive until Tuesday.[6]

That night, counsul also drafted a long email to the Plaintiff regarding his service of a subpoena on the Defendant and a request that the Plaintiff withdraw 25 Requests for Admission relating to the sexual history of the Defendant. Between supper and midnight on Sunday, the Plaintiff sent counsel 32 emails, more or less, many of which required prompt responses. This substantially delayed work on the Interrogatory Responses, which the Defendant served in verified form on the afternoon of Tuesday, August 30, 2022. [7]

### 1. THE DISPUTE OVER INTERROGATORIES (ECF NO. 30)

Ms. Reynaud objected to Interrogatory 12, which sought the identity of every person with whom she had discussed the Plaintiff since January 2021, as overly broad. She provided a partial response to Interrogatory No. 13, which asked her for the URLs of adult websites where she had seen her name. She provided three URLs and said she would provide more after a further search.

On Tuesday, August 30, 2022 at 9:04 p.m., Plaintiff wrote to take exception with these responses, stating: "If I am unable to have a full answer to those interrogatories **by 2:00 pm EST [*sic*] on 8/31/2022** it is my intention to move to compel." [8]

---

[5] These threats are produced at length in Defendant's Motion to Postpone Deposition (ECF No. 38, Page ID 478–79) and Declaration of Raymond Vasvari, ECF 38–1, at ¶ 3 and Decl. Ex. A-C, Page ID 484–87. These statements are remarkable for the strange glee with which they contemplate sanctions, in the context of this discovery dispute bear a second look.

[6] See: Second Vasvari Decl., at ¶ 5 and Decl. Ex. B.

[7] Id., at ¶ 6 and Decl. Ex. C. The subpoena is addressed in a separate Response in Opposition.

[8] Id., at ¶ 7 and Decl. Ex. D, Responses and Objections to Plaintiff's Interrogatories.

At **7:46 a.m**. on Wednesday, August 31, 2022, the undersigned responded at length, stating that he would request additional browser history from Ms. Reynaud and ask that she provide it by Noon, if possible, and that he would withdraw the objection to Interrogatory No. 12 and provide additional names and contact information as soon as the Defendant provided them.[9]

At **8:57 a.m**. that morning, the Plaintiff filed his Motion to Compel (ECF No. 30) responses to Interrogatories, five hours in advance of the drop-dead time he had announced the night before.[10]

### 2.    THE DISPUTE OVER DOCUMENT PRODUCTION (ECF NO. 29)

Between Sunday evening and Wednesday Noon, the Plaintiff sent the undersigned no fewer than sixty-three emails arguing over the scope of discovery and other matters.[11] This delayed work on the responses to Plaintiff's Requests for Production, something the undersigned urged Plaintiff to consider and to abate, for a time, his correspondence so his Requests might be answered.[12]

At this point, the Defendant was set for deposition at 8:00 a.m. on Friday, September 2, 2022.[13] On Saturday, August 28, 2022, Mr. Reo wrote that "[a]s long as I have **responses 24 hours prior to the start of the [September 2, 2022] deposition, I am basically content**." Counsel kept him apprised of progress on the Responses on Monday and Tuesday.[14] On **August 31, 2022, at 8:08 a.m.,** forty eight hours prior to the scheduled deposition, Mr. Reo filed a Motion to Compel Responses to his Requests for Production (ECF No. 29).[15]

---

[9] Id., at ¶ 8 and Decl. Ex. E (email exchange described above).

[10] Verified supplemental responses were provided during the deposition on September 2, 2022. Id., at ¶ 10 and Decl. Ex. F.

[11] Id., at ¶ 11. The number reflects the number of individual emails in counsel's browser. But it is approximate, as some of the emails represent threads. The point is that there were many emails, many of them detailed and argumentative and requiring a response, and that in the midst of responding to discovery, the emails took up a great deal of time.

[12] Id., at ¶ 12 and Decl. Ex. F.

[13] Her deposition started on time and continued, with breaks, for about 5.5 hours. The parties agreed to suspend the deposition and continue for an additional 1.5 hours after the Defendant had completed making her document production.

[14] Second Vasvari Decl., at ¶ 9 and Decl. Ex. G.

[15] Id., at ¶ 10 and Decl. Ex. H.

### C. PLAINTIFF'S MOTIONS TO COMPEL

In his general Motion to Compel (ECF No. 29) the Plaintiff resorts to misstatements and hyperbole. Undersigned counsel freely admits that he did not meet the deadline for document production, and that in good faith told the Plaintiff he could expect it soon, while all the while being delayed by both the number of the Plaintiff's Request for Admission and the number of documents responsive to his Requests for Production.[16]

But this delay (which ultimately will amount to eight days on the document productions) is hardly the catastrophe the Plaintiff claims. He has only his own panic and inflexibility to blame for allowing so minor a delay to result in the "torpedoing his entire September schedule in regards to the structure of his month." He began Ms. Reynaud's deposition without documents, but adjourned it subject to its being reconvened after the documents are produced after some five hours of examination. Ms. Reynaud is prepared to make herself available for additional examination.[17] Nothing has been derailed. The dispositive motion deadline is two months away, the Plaintiff has received a trove of paper discovery, and the Plaintiff's deposition is more than half done.

In support of his Motion to Compel (ECF No. 30) answers to his Interrogatories 12 and 13, the Plaintiff takes a similar overblown approach, reading an email (ECF No. 30, Page ID 267), for example, in which the undersigned promises to ask the Defendant to redouble her efforts to produce her browser history as a reason to expect the Defendant is engaged in spoliation.

---

[16] Both the Requests for Admission and Requests for Production resulted in numerous objections, Counsel took these seriously, researching a variety of issues (including the relevance of sexual history in a defamation action, the propriety of producing financial records, whether the internal emails of Members of European Parliament sought by the Plaintiff were subject to discovery and more) and supported most objections with case citations, rather than simply (and inappropriately) admitting or denying objectional Requests or interposing boilerplate objections to Document Requests. This took time.

[17] The Plaintiff (ECF No. 29, Page ID 237) also makes unsubstantiated claims about spoliation and the undersigned reneging on an agreement to accept a subpoena duces tecum to be served on the Defendant. These are not trivial matters, but they do represent the sort of scattershot misrepresentation of details that are not, in the end, material, and which invite responses that distract from the main points and take time. The subpoena matter is dealt with separately, in a Response in Opposition to Plaintiff's Motion for Sanctions (ECF No. 35).

In light of the discovery he had already received at the time these motions were filed, it is a gross overstatement to say, as the Plaintiff says (ECF No. 30, Page ID 269) that:

> Ms. Reynaud appears eager to mount a defense based on "I am right, believe me" while also maintaining, "you cannot inspect my actual evidence, just take my word that this opaque box I won't allow you to look inside actually has the evidence I claim it has."

This is hyperbolic and untrue. The actual problem is that he Plaintiff will brook no objection to his discovery requests, and falsely interprets every objection as an effort to conceal evidence.

### D. BOTH MOTIONS TO COMPEL SHOULD BE DENIED

The Motions to Compel Discovery (ECF No. 29) and to Compel Responses to Interrogatories No. 12 and 13 (ECF No. 30) were premature, are moot and were filed without regard to the discovery dispute resolution mechanism imposed by the Civil and Local Rules.

#### 1. The Motions Are Moot Because The Discovery In Question Has Now Been Produced

Defendant provided Verified Supplemental Responses to Plaintiff's Interrogatories 12 and 13 on Friday, September 2, 2022, over the lunch break taken during her deposition.[18] Defendant provided Responses and Objections to the Plaintiff's Requests for Production on Tuesday, September 6, 2022.[19]

When material that is the subject of a motion to compel is produced after the motion is filed but before the Court rules, the motion is rendered moot by the production. See e.g.: *Young v. Johnson*, N.D.Ohio No. 1:14-CV-01237, 2015 U.S. Dist. LEXIS 53542, at * 6 (Apr. 17, 2015). Accord: *Dodson v. Mohr*, S.D.Ohio No. 2:18-cv-00908, 2020 U.S. Dist. LEXIS 188412, at * 12 (Oct. 9, 2020); *Israfil v. Jeffreys*, S.D.Ohio No. 2: 11-cv-385, 2012 U.S. Dist. LEXIS 125346, at * 5 (Sep. 4, 2012). Defendant has made her production and the motions are moot.

---

[18] Second Vasvari Decl. at ¶ 10 and Decl. Ex. F.

[19] Id. at ¶ 16.

### 2. The Motions Were Filed Prior to the Dates through Which the Plaintiff Himself Extended Responses & Were Thus Premature

Plaintiff wrote he was content to receive the Defendant's production up to 24 hours before she was deposed, but filed a Motion to Compel (EC No. 29) two days before deposing her.

He threatened to move to compel unless Defendant supplemented her Interrogatory responses by 2:00 p.m. on August 31, 2022, then filed his Motion (ECF No. 30) five hours earlier.

Parties have an obligation to cooperate in good faith during discovery. Extending deadlines only to pull the rug out from beneath an opposing party before those deadlines arrive is neither cooperative nor good faith. For these shenanigans alone, the Motions to Compel should be denied.

### 3. The Motions and Supporting Memoranda Were Filed In Derogation of the Discovery Dispute Mechanisms Established by L.R. Civ. 37.1

Civil Rule 37 provides, in part:

> **(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed.R.Civ.P. 37(a)(1). Both the Motion to Compel Discovery (ECF No. 29, Page ID 238) and the Motion to Compel Interrogatory Answers (ECF No. 30, Page ID 269) purport to satisfy this obligation, but in fact the Plaintiff has done nothing like confer in good faith.

His Motions conjecture that the Defendant will never meet her discovery obligations, never supplement her Interrogatory responses. He treats objection as obstruction, without so much as meeting the objections on the merits, or allowing that the Defendant promised to supplement, and later did supplement, her Interrogatory Responses and provide requested documents.

He is impatient, but conferring takes time and good faith cooperation does not demand that an opposing party respond instantly to the demands for supplemental discovery or be subject to judicial intervention, especially in light of a discovery dispute one day old.

Local Civil Rule 37.1 imposes a structure on discovery disputes designed to prevent them from blowing up into collateral motion practice. In this case, the parties did seek to confer with the Court by telephone, but were not able to do so. In that event:

> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

L.R. Civ. 37.1(a)(3)–(4) (N.D.Ohio, September 23, 2002).

Here, before any attempt was made by either parties to submit letters under subparts (3) and (4) above, the Plaintiff submitted two Motions to Compel with supporting Memoranda.

On August 28, 2022, before responses to his discovery were due, the Plaintiff accused the undersigned of stonewalling him, and indicated that he had already prepared 11 discovery motions for filing. When undersigned counsel advised him of his Rule 37 duties, Plaintiff responded:

> Rule 37 only requires a meet and confer if one wants monetary sanctions. I couldn't care less about those. Believe me. I have 11 things ready to go. I spent 2 hours drafting 11 motions over the last 14 days. I won't be seeking monetary sanctions. [20]

Later that night, the Plaintiff sent the following email, evincing a plain intention to use collateral motions and sanctions—and not arguments on the merits—to prevail in this case.

> I won't be seeking money. Amigo, esto es guerra.
>
> I intend to go for the throat and seek default as a sanction.

---

[20] Id., at ¶ 18 and Decl. Ex. J.

> I don't want to prolong this case or take her money on nickel and dime sanctions. I want to win and I aim to do so.
>
> If you've never been in Latin America alongside a military tactical unit and watched an officer just kick a body to confirm it was indeed done, well then. Go spend six months in Latin America and you'll have a new perspective on life, conflict, war. [21]

This is not evidence of an intent to resolve a discovery dispute in good faith. Filed in prematurely, in derogation of L.R. Civ. 37.1 and now moot, the Motions should be denied.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone: 216.458.5880
Telecopier: 216.302.3700

Attorneys for the Defendant

---

[21] Id.

## – Certificate of Service –

The foregoing was filed today, Tuesday, September 6, 2022, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the
Defendant