State of Ohio              }
                           }          **Second Declaration of Raymond V. Vasvari, Jr. In**
County of Cuyahoga         }          **Lieu of Affidavit Pursuant to 28 U.S.C. § 1746**

**I, Raymond V. Vasvari, Jr., hereby declare and testify as follows:**

1.      My name is Raymond V. Vasvari, Jr. I am an adult, and an attorney licensed to practice in and by the Supreme Court of Ohio and its inferior tribunals, in the Supreme Court of the United States, and in various federal circuit courts of appeal and district courts nationwide. I have been admitted to practice before the United States District Court for the Northern District of Ohio since November 1991. The information contained in this Declaration is true, to the best of my personal knowledge and belief.

2.      I am, together with my partner K. Ann Zimmerman, counsel for the Defendant in the matter styled Bryan Anthony Reo v. Ludivine Joan Claudia Reynaud, which appears upon the docket of the U.S. District Court for the Northern District of Ohio as Case No. 1:22-cv-00550 and is assigned to Judge James Gwin. I entered an appearance as counsel for the Defendant after the withdrawal of her original attorneys, Max E. Dehn and Madilyn E. Bell, of Cavitch Familio & Durkin Co., L.P.A. I entered a Notice of Appearance (ECF No. 16) on June 21, 2022.

3.      Attached to this Declaration are emails between and among me and the Plaintiff in the referenced matter, being submitted in connection with the Motion for Protective Order in connection with which this Declaration is being filed.

4.      I have in the last two weeks been engaged in producing responses, answer and objections to the Interrogatories, Requests for Production and Requests for Admission served on the Defendant by the Plaintiff in the referenced matter. The discovery requests were voluminous, with 221 Request for Admission, 18 Interrogatories (one with ten subparts) and 39 Requests for Admission, many subject to objections, and many of the objections requiring research.

**Second Vasvari Decl. Page 1 of 4**

5.     On Monday, August 29, 2022, the Defendant timely provided Answers and Objections to the 221 Requests for Admission served by the Plaintiff. Undersigned counsel also informed the Plaintiff on the previous Sunday evening and again on Monday that Responses to his Interrogatories might not arrive until Tuesday. (See **Exhibit B** hereto).

6.     On Sunday, August 28, 2022, I drafted a long email to the Plaintiff regarding his service of a subpoena on the Defendant. In that email, I also requested that the Plaintiff withdraw 25 Requests for Admission relating to the sexual history of the Defendant. (See **Exhibit C)** Between supper and midnight on Sunday, the Plaintiff sent counsel

32 emails, more or less, many of which required prompt responses. This substantially delayed work on the Interrogatory Responses, which were served in verified form on the afternoon of Tuesday, August 30, 2022.

7.     Ms. Reynaud objected to Interrogatory 12, which sought the identity of every person with whom she had discussed the Plaintiff since January 2021, as overly broad. She provided a partial response to Interrogatory No. 13, which asked her for the URLs of adult websites where she had seen her name. She provided three URLs and said she would provide more after further search. On Tuesday, August 30, 2022 at 9:04 p.m., Plaintiff wrote to take exception with these responses, stating: "If I am unable to have a full answer to those interrogatories **by 2:00 pm EST [*sic*] on 8/31/2022** it is my intention to move to compel."  (See **Exhibit D,** email exchanges).

8.     At **7:46 a.m**. on Wednesday, August 31, 2022, the undersigned responded at length, stating that he would request additional browser history from Ms. Reynaud and ask that she provide it by Noon, if possible, and that he would withdraw the objection to Interrogatory No. 12 and provide additional names and contact information as soon as the Defendant provided them. (See **Exhibit E).**

9.     At **8:57 a.m**. on August 31, 2022, the Plaintiff filed his Motion to Compel (ECF No. 30) responses to Interrogatories, five hours in advance of the drop-dead time he had announced the night before.

10.     Defendant provided verified supplemental responses to Interrogatories 12 and 13 over the lunch break during her deposition. These were delayed only by the need to read and begin to respond to seven motions filed by the Plaintiff on August 31, 2022. (See **Exhibit F**).

11.     Between Sunday (August 28, 2022) evening and Wednesday (August 31, 2022) Noon, the Plaintiff sent the undersigned no fewer than sixty-three emails arguing over the scope of discovery and other matters.

12.     This delayed work on the responses to Plaintiff's Requests for Production, something the undersigned urged Plaintiff to consider and to abate, for a time, his correspondence so his Requests might be answered. (See **Exhibit G**).

13.     Defendant was set to be deposed via videoconference beginning at 8:00 a.m. E.D.T. on Friday, September 2, 2022, and her deposition actually began at that time and continued, with various breaks, until the Plaintiff had taken approximately 5.5 hours of testimony. The deposition was then adjourned with the understanding that the Plaintiff would reconvene it at an agreed upon time and take approximately 1,5 hours of additional testimony.

14.     Regarding document production, on Saturday, August 28, 2022, Mr. Reo wrote that "[a]s long as I have responses 24 hours prior to the start of the [September 2, 2022] deposition, I am basically content." (See Exhibit H).

15.     Despite this, on Wednesday August 31, 2022, at 8:08 a.m., forty eight hours prior to the scheduled deposition, Mr. Reo filed a Motion to Compel Responses to his Requests for Production (ECF No. 29).

16.     Defendant served Responses and Objections to Plaintiff's Request for Production on the afternoon of Tuesday, September 6, 2022. Some Requests were objected to but several hundred pages of material were produced. Some material that the Defendant has agreed to produce, like financial records, have been withheld pending the completion of an Agreed Protective Order, which undersigned counsel has asked Plaintiff to provide as an edited version of Appendix L to the Local Civil Rules, but which the undersigned has not yet received.

17.     On August 28, 2022, Plaintiff sent me the email attached hereto as Exhibit I, stating the he did not believe he was obligated to confer as to a discovery dispute notwithstanding the requirements of Civil Rule 37.

18.     On August 28, 2022, Plaintiff sent me the email attached hereto as Exhibit J, stating the he did not believe he intended to seek default sanctions against the Defendant based on a discovery dispute then two days old.

**FURTHER DECLARANT SAYETH NAUGHT**

I have read the foregoing and declare and testify that it is true to the best of my knowledge under penalty of perjury under the laws of the United States, in witness whereof and pursuant to 28 U.S.C. § 1746 I have signed this Declaration below at Cleveland Heights, Cuyahoga County, Ohio on this 4th Day of September 2022.

_____
Raymond V. Vasvari, Jr.

Case: 1:22-cv-00512-JG  Doc #: 44-1  Filed: 09/06/22  5 of 28.  PageID #: 533

Dear Mr. Reo:

Attached please find our Responses and Objections to your Requests for Admission in Reo v. Rerynaud.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
  attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t    216.458.5880
f    216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.



**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Discovery and Other Matters
**Sent datetime:** 2022-08-29T10:16:21

Dear Mr. Reo:

I have received and read this. I am in the process of finalizing our Responses to your RFAs, comments the last draft of which I received this morning. As soon as I get those to you, I will turn my attention to this.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
  attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

Dear Mr. Reo:

I was in the process of composing an email to you on several outstanding discovery issues when your email arrived. I thought it best to respond sooner rather than later, given the week ahead. You have since I drafted this earlier this evening sent me some 30 emails. As a result, it may cover ground we have already covered.

**Timing of Responses**

To avoid any ambiguity, because your Requests for Admission were served 30 days ago, and this 30th day after service is a Sunday, the Responses are due tomorrow through operation of Civil Rule 6(a)(3), which extends to the next business day "**any time period** specified in these rules, in any local rule or court order" than last day of which falls on a Sunday. This applies to the deadline set under Rule 36(a)(3). Linamar Corp. v. Harvey Goldman & Co., E.D.Mich. No. 09-11458, 2009 U.S. Dist. LEXIS 121414, at * 2-3 (Dec. 31, 2009). That said, the Responses are complete save for proofreading and editing, and hopefully you will have them tonight. I am also confident that I will have Answers and Objections to your Interrogatories to you tomorrow (in all likelihood verified or to be certified no later than Tuesday), and will provide the majority of documents you are seeking (subject to objections) as well. Given the very large volume of your Requests, the document production may slide into Tuesday, and I would request your cooperation in that regard. In emails earlier this evening, you have expressed your approval of this, and said that you are okay provided the documents arrived before the deposition of Ms. Reynaud, now set for Friday next.

**Objections and Anticipated Motion for a Protective Order**

That said, you will notice that my client has answered directly, or answered over objection the bulk of the 221 Requests for Admission served on her. A certain category of request, however, is problematic and unless you are prepared to withdraw the Requests described next, I will be seeking a Protective Order under Civil Rule 26(c)(1) based on those requests having little or nothing to do with the claims and defenses in this case, and burdening Ms. Reynaud by dint of seeking information that is intimate and sexual in nature, the revelation of which would be embarrassing or annoying. Specifically, I am referring to the folling items:

Requests for Admission Nos. 33, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 65, 67, 68, 102, 103, 111, 199, 201, 203, 207, and 208 (seeking intimate and irrelevant information about my clients sexual history, Nos. 29 and 30 (dealing with non existent counterclaims), and 55, 155, 157 and 157 (irrelevant attempts to get my client to implicate her boss, Mrs, BNilde, who is no longer a party to this action.

Interrogatories Nos. 3 as it Relates to RFA 33, 5, 6, and 16 as it relates to Int. Nos. 5–6 (all as to sexually intimate information)

Requests for Production Nos. 21, 22, 28 (which seek European Parliament internal documents irrelevant to your case).

The bulk of these requested withdrawals, of course seek information and admission regarding the sexual history of Ms. Reynaud, the disclosure of which would embarrass and annoy her or any rational party, and in any event have no bearing on your claims for defamation, false light invasion of privacy and abuse of process under Ohio law.

There is nothing in Ms. Reynaud's sexual past that has anything to do with these claims nor with her defenses. And it is apparent that the information is being sought to embarrass or annoy her, or to intimidate her into settling. This is plain from (1) the discovery requests themselves, many of which seek (falsely) to characterize Ms. Reynaud as a prostitute or woman of loose sexual morals; (2) the scandalous allegations in the Complaint which gratuitously spread (false) allegations about her sexual proclivities and mental health upon the public record; (3) your own communications with Ms. Reynaud on matters of sexuality, your views on the social standing of women, and your distaste for feminism; (4) passages in emails you have sent me regarding your views of Ms. Reynaud.

The fact that your claims are against a women with whom you had a sexual relationship in no way entitle you to discover, under the aegis of a lawsuit, her sexual history. Courts in this Circuit and elsewhere have repeatedly denied discovery regarding the sexual history of women in cases where that history would have a far–less–attenuated relationship to the claims and defenses in question, including in cases involving rape (despite the constitutional aspect of a defendant's right to information) and sexual harassment.

I cannot fathom how the information you are seeking, in the context of what is essentially a defamation case, would be more relevant to the proceedings or more probative than prejudicial. I recommend, without limitation, the opinions in T.C. ex rel. S.C. v. Metro. Govt. of Nashville & Davidson Cty., M.D.Tenn. No. 3:17-CV-01098, 2018 U.S. Dist. LEXIS 113517 (July 9, 2018), United States v. Mack, N.D.Ohio No. 1:13CR278, 2014 U.S. Dist. LEXIS 12198m (Jan. 31, 2014) and Hulec v. J.H. Bennett & Co., N.D.Ohio No. 1:14-CV-00492, 2014 U.S. Dist. LEXIS 94688 (July 11, 2014) as instructive on this issue.

We should discuss this matter tomorrow. If you do not consent withdraw the referenced requests by tomorrow, I will file a Motion Seeking a Protective Order before the end of business, and do so tomorrow because that is the date on which my responses are do and the last day on which I may do so. I would have sent this email sooner (about six hours ago) had I not been distracted by your barrage of 30 emails sent since dinnertime.

I understand and you have written to me that this case is very personal to you. I am asking that you set aside your personal animus and afford my client the respect and right to privacy, regarding her sexual history, that any litigant deserves.

**You Subpoena to My Client and a Possible Resolution of that Discovery Issue**

After research and after consulting with other experienced counsel, I am asking you to withdraw your subpoena. You have counseled me to learn something about subpoena practice, an insult I will let pass unanswered. While Civil Rule 45 does not expressly prohibit the service of a subpoena duces tecum on a party, the practice is highly irregular – so much so that I cannot remember another instance in which it was done. District Courts in this Circuit have held that the practice is disfavored, and is least acceptable and improper when Civil Rule 45 is used as an end run around the timing requirements imposed by Civil Rule 34. See e.g.: Stokes v. Xerox Corp., Civ. A. No. 05-cv-71683-DT, 2006 U.S. Dist. LEXIS 98888, 2006 WL 6686584 at *3 (E.D. Mich. Oct. 5, 2006); Shulman v. Amazon, E.D.Ky. No. 13-5-DLB-REW, 2014 U.S. Dist. LEXIS 113506, at * 13-14 (Aug. 15, 2014).

You served Requests for Production 31 days ago and the responses are due today. You served a subpoena on my client, service of which I agreed to accept without prejudice to my ability to context the propriety of the subpoena on Friday, 26 AUG 2022, and have said that you will appear at my office on Wednesday, 31 AUG 2022 to collect the materials subpoenaed.

I intend to move to quash your subpoena because: (1) it represents an end run around Rule 34, and seeks documents you apparently forgot to include in your pending Request for Production; (2) it does not allow an adequate time for a response, and; (3) it was served upon my client (not me) who resides more than 100 miles from the specified place for production (my office in Shaker Heights) and thus does not comply with Rule 45 (c)(2)(A).

I think we may be able to negotiate a resolution to this impasse, however.

If you are willing to withdraw your subpoena and in its place issue a new Request for Production, I will provide the material sought to the extent its production is not otherwise objectionable.

I understand this might push the production beyond the 2 SEP 2022 date om which you seek to depose Ms. Reynaud. I also allow that you requested the documents in an email. Had you amended your Requests when the email was sent, however, the requested production would not have been due until the week after the scheduled deposition date.

If you would consider delaying her deposition for a week or so (there are several days you set aside for deposition in early September which depositions you have said you intend to cancel) I would be happy to work with you to produce the materials sought – subject to any legitimate objection – in time for the rescheduled deposition.

There is no trick involved in my qualification here. I say subject to legitimate objection because I am not going to agree in advance to waive any applicable objection until I have seen and studied the responsinve materials.

**Your Constant Talk of Sanctions**

I cannot help but notice that you frequently threaten sanctions during even routine emails. You have threatened to seek sanctions, if I resist your subpoena. You have threatened sanctions if I attempt to interpose a defense of immunity to your claims. You announce in the email to which I am responding that you "love to" seek sanctions and have mo problem getting them. Earlier this evening you threatened a Rule 11 motion against me, when all I have failed to date is a Notice of Appearance and a Memorandum opposing a motion for discovery which you immediately after the motion was filed withdrew.

In what appears to be an attempt to intimidate me, you mention a Pennsylvania lawyer you once opposed who was suspended for misconduct. I read his case. I can find nothing in his egregious misconduct over the course of several cases that in any way resembles my defense in this case.

My request with respect of this talk is simple and direct: knock it off. I have never been sanctioned, have done nothing with respect to you to warrant sanctions, and I regard your constant threats to be unprofessional and rude. It strikes me as especially ironic that you should level such threats in an email that ends with Christ's admonition to settle with thine adversary quickly.

There is no need for and nothing to be gained by personal threats and insults. Seeking sanctions is not an occasion for joy. It is a solemn thing that should never be undertaken lightly and in any good  professional would occasion sadness though directed at an adversary.

Rather than threatening to manufacture collateral distractions, why not concentrate on the merits of your case?

**Your Direct Contact with My Client**

Despite my having asked you not to contact my client directly, you continue to do so, copying her opt emails as recently as this evening. I was wrong to lable that ex parte contact in the instances in which I was cc'd. It was and is instead direct contact with a represented party.

I am now aware that on a half dozen occasions this month you contacted my client directly by email, without copying me. In those emails you discussed resolving the differences between the two of you, including criminal charges you allege to have filed against her in Belgium.

You also disparaged me for charging her over what you claim is my stated rate of $300.00 per hour. I charged Ms. Reynaud - and almost everyone else these days for that matter – $330.00 an hour. Thank you for reminding me to update my website, where the stated rate is frozen at $300.00.  In any event, Ms. Reynaud knows what she is paying and signed a fee agreement approving my rate. I view your remarks in this regard to be nothing less than an attempt to sow discord and undermine the attorney client relationship in the process, while seeking to settle a dispute directly with a represented party.

These are very serious matters.

One again, I am instructing you not to have direct contact with my client.

**Protective Order**

I will be producing sensitive information to you tomorrow. We have discussed the need for a protective order, mentioned in one of your recent emails. I have attached a copy of the Court's form protective order and ask that you consent to its being filed as a joint stipulation in the morning.

**Your Remarks Regarding Your Own Demeanor and Settlement**

We share a history of being involved in cases with rather intimidating opponents, the KKK in common, and for me the Nation of Islam and the NSA as well. That makes for interesting work. Noon is trying to intimdsater you and no-one is intimidated;. That is how it should be. I hope we can work toward a just resolution off this matter without ancillary skirmishes. One I have answered your discovery and addressed the subpoena, I will serve paper discovery on you, and in that regard, would like to discuss dates on which you might be deposed in early October.


Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
T | 216.458.5880
F | 216.302.3700

vasvari@vasvarilaw.com

Sir,

This is to inform you that I believe your objection to this request is outrageous and insufficient.

**INTERROGATORY NO. 13:** Provide the url addresses of the websites wherein you claim Plaintiff "probably" impersonated you for pornographic purposes as well as the dates and times you accessed the website(s), the browser(s) you were using, how you found the website(s) and how long you remained on each website.
**Answer:**
**Objection**: the Request is burdensome and disproportionate to the needs of the case, in that there are a very large number of sites with different URLs that repost essentially the same information. Further objecting, Defendant never said Reo probably impersonated her, but only might possibly have. **These objections notwithstanding**, the following URLs / domain names post the information described, and the Defendant will supplement this list to a reasonable degree and provide additional URLs in that regard.
• 42.porn-net-vid.agency
• 9.cam-jerk-hot.agency
• 1.fuck-hd-wap.agency

This is the seminal matter as to claims and defenses. Specific URLs to the "actual posts" are not burdensome, and her briefly describing the circumstances that brought her to encounter the content, when, how, what time, which browser/device she used, and how long she viewed the content, are discoverable and relevant, they are fundamental to claims and defenses.

If I am unable to have a full answer to those interrogatories by 2:00pm EST on 8/31/2022 it is my intention to move to compel.

Additionally, as to Interrogatory #12, it is my opinion that your client is required to provide all non-privileged names/contact, she may not object and decline to provide non-privileged information simply because the request could be said to embrace privileged information. Furthermore, the request does NOT seek the actual content of communications, it seeks the identities of names, along with contact information. A name of an attorney cannot be subject to attorney-client privilege, nor can their contact information.

Finally,

In regards to the last interrogatory, #18, and the assertion that Plaintiff lacks a basis to claim Ms. Reynaud was under the influence of a substance on 11 July 2022. Although I am not raising any issues or suggesting I will seek to compel as to #18 at this time or in the near future.

Plaintiff has a bachelor of science which included a significant body of course work in psychology and the psychopharmacological properties of many controlled and prescription substances. Plaintiff also has completed graduate level coursework in psychiatry completing Psychiatry and the Law at law school [and earning the High A], attended seminars on substances and their properties, and interacted with the mentally ill, involuntary psychiatric patients, and attended seminars and understand the properties of common drugs of abuse and psychotropic pharmaceuticals and other prescription medications. Ms. Reynaud was under the influence of a potent mind- and mood-altering drug which blunted her affect to the point it was nearly flat, her eyes were droopy, glossy, and glazed over, she had a forceful and powerful yet blank stare, her facial expressions were frozen and unnatural, her tone and inflection were significantly different from when Plaintiff knew her in the relationship, and her traditionally demure manners of not interrupting were obviously gone and not present, indicating problems with impulse control and emotional regulation. Whatever Ms. Reynaud was on during the 11 July 2022 status conference, her mental state was of such a nature that any deposition or trial testimony she would give under the influence of said substance(s) would likely be inadmissible or would serve as the basis for her appeal if she had an adverse result. Plaintiff would venture an educated guess that Ms. Reynaud was likely under the influence of tranquilizers, anxiolytics, anti-psychotics, and mood stabilizers or a combination of medications primarily used to treat delusions, anxiety, and paranoid ideation because Ms. Reynaud likely suffers from transient psychosis as an aspect of what is probably Borderline Personality Disorder. In short, Ms. Reynaud almost certainly has episodes of extreme paranoid delusions and psychotic splits/breaks with reality, likely triggered by anxiety, where she is unable to accurately perceive external stimuli and she is unable to differentiate reality from her delusions.

**EXHIBIT**

**D**

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Monday, August 29, 2022 4:58 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** RE: Requests for Admission

It is my interpretation that since you have objected and I have not moved to compel, a motion for a protective order is premature and not ripe.

I have received your responses, I regard them as timely, I regard the admissions responded to per the rule, such that everything has been properly admitted, denied, or objected to, with objections timely preserved.

I am contemplating whether to move to compel.

If a motion for protective order is filed, I will seek to compel and I will seek first the production/response without qualification, limitation, or restriction, and I will seek secondarily as a fall-back position, the production/response with qualification/restriction on dissemination.

I stand by my earlier proposal regarding Ms. Reynaud withdrawing her 8th and 9th affirmative defenses, which won't be around much beyond the end of September in any event, based on filings coming up.

Please advise if, in light of my proposal and in light of this email, you still intend to file for a protective order, so I can proceed accordingly.

---

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Monday, August 29, 2022 12:20 PM
**To:** Bryan Reo <reo@reolaw.org>
**Cc:** K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Subject:** Requests for Admission


Dear Mr. Reo:

Attached please find our Responses and Objections to your Requests for Admission in Reo v. Rerynaud.

Yours sincerely,

Raymond V. Vasvari, Jr.


Vasvari | Zimmerman
   attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t    216.458.5880
f    216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Interrogatory Objections- Motion to Compel
**Sent datetime:** 2022-08-30T21:37:38

Dear Mr. Reo:

Several points in the email you sent 30 minutes ago need to be addressed.

**Objections to Interrogatory No. 13**

We will supplement, as noted, No. 13 to the extent the information remains available. We will be providing screen shots of the materials that Ms. Reynaud mentioned to the Mentor Police and Victim Advocate, but again stress that she never claimed as a fact that you were responsible for those postings, but qualified her belief as a suspicios she could not substantiate. Her candor in that regard makes her statements something quite distinct from the way in which you have characteized them, but that argument will be one we have during dispositive motion practice.

So I am clear, what exactloy do you want regarding No. 13? If there are a multitude of URLs that contain exactly the same material (that is, the use of Ms. Reynaud's name in essentially or exactly the same context) do you want to see every one she has ever seen? That would be budensome, duplicative, and frankly not to your advantage. Do you want to establish that he name was very widely used on sexully themed websites? If that is what you are insisting on (1) the timeframe you have set may not premit the search you demand and (2) the particular URLs may no longer be accessible to her. That depends on how far back her browser history goes. And before you start making claims of spoliation, we both know that peosple update browsers and clear caches for innocent reasons (like speeding up performnace or just clearing out digital clutter) all the time. I have no idea whether she has done so or not.

Also, the Interrogatory asks how she came upon the sites. Her answer, through a Google search, as indicated in Response to Interrogatory No. 2. We will update our Response to No. 13 to incorporate that response as well. Do you claim that a further explanation is needed? We will provide browser information. I am not sure there is any record of how long Ms. Reynaud stayed on any particular website. In fact, based on my own experience, I am fairly sure there is not. I am not aware that browser search histories record that information. If it can be constructed otherwise, given the number of sites likely to be involved, its reconstruction by more complicated means would be burdensome and disproportional.

I will ask Ms. Reynaud to search her browser history and files for additional URLs. I will ask her to provide that information by Noon E.D.T. if at all possible. I can make no promises that the information was retained or is accessible, and at this point do not know how many additional URLs she has, though I know she has some and I have already asked her to gatgher the others.

**Objections to Interrogatory No. 12**

I grant you that the mere names of lawyers she consulted is not protected. I will supplement this Response prior to Ms. Reynaud's deposition. I believe you will find substantial overlap between the list provided and the names and contact information already provided in Response to Interrogatories No. 16.

**Objections to Interrogatory No. 18**

We answered the question over objection: Ms. Reynaud was not under the influence of any drugs or other substances on July 11, 2022. Beyond that, I don't see what the issue is. Your undergranduate training and high marks are things to be proud of. But neither of us is a physician, psychologist or mental health professional, so I am not sure what the relevance is.

**Joint Stipulated Protective Order**

We will be providing you with documents over the next day. Those are expected to include tax and financial documents in Response to Requests 8 and 9, which I believe are unnecessary, intrusive and disproportional, but imagine are subject to discovery given your assertion of a punitive damages claim. I have asked that you execute and agree to the entry of the Stipulated Protective Order that constitutes Appendix L to the Local Civil Rules. Nothing special, nothing fancy, just the Court's own form. Do you intend to do so? I will not be releasing personal financial information to you without such a stipulation. If you feel the need to move to compel on that basis, it will be interesting to hear why you need access to that information without its being limited to use in this case.

I await your answers to the questions posed in this email. That said, I am working to complete our remaining Responses (to your RFP) tonight. I don't have time for the sort of lengthy email colloquy that occurred on Sunday. I am, after all, spending time working on your discovery and want to get it to you sooner rather than later.

The file sizes involves suggest that it will all come via a password protected Dropbox link.


Yours sincerely,

Raymond V. Vasvari, Jr.

## Vasvari | Zimmerman

attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Supplemental Responses
**Sent datetime:** 2022-09-02T13:07:33

Case: 1:23-cv-00510-JG  Doc #: 44-1  Filed: 09/06/22  14 of 28.  PageID #: 542

Mr. Reo:

Attached are Supplemental Responses to Interrogatories 12 and 13. Ms. Reynaud has been sent a copy for verification and asked to return it before we resume her deposition after lunch.

    Yours sincerely,


    Raymond V. Vasvari, Jr.


# Vasvari | Zimmerman
attorneys | counselors at law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5366

t  216.458.5880
f  216.302.3700

vasvari@vasvarilaw.com
  www.vasvarilaw.com

――――

CONFIDENTIALITY NOTICE: This message, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.



EXHIBIT
E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan A Reo, | Case No.: 1:22-cv-00510 |
| Plaintiff, | |
| | Judge: James Gwin |
| – vs – | |
| Ludivine Joan Claudia Reynaud, | Supplemental Responses to Plaintiff's Interrogatories Nos. 12 and 13 |
| Defendant. | |

Defendant Ludivine Joan Claudia Reynaud, by and through her undersigned counsel hereby provided these Supplements to her previous Responses to Plaintiff's Interrogatories 12 and 13. Defendant emphasizes that these Supplemental Responses are being provide in addition to and not in lieu of the Responses and Objections she has already admitted, and to the extent her initial Responses to Plaintiff's Interrogatories 12 and 13 were made notwithstanding Objections, those Objections are preserved and nothing in these Supplemental Responses should be construe to waive, abandon or deprecate the Objections already on file.

**INTERROGATORY NO. 12**:  **Provide the names and contact information for all individuals and organizations with whom you have discussed Plaintiff from 1 January 2021 to the present.**

SUPPLEMENTARY RESPONSE:

Preserving her already submitted Responses and Objections and subject to the limitations above, the Defendant supplements those responses as follows. **The Defendant specifically objects** to any Request for information as to the content of any conversations with any attorney, as protected by the attorney-client privilege, and that by disclosing merely the names of attorneys with whom she has spoken she does not waive, limit or abandon any privilege.

These are the references I have kept record for, corresponding to people I wrote to either by email, by text messages or through social media, to the best of my recollections and ability to swiftly produce such records. In the vast majority of those communications, Plaintiff was not named or made identifiable in any way. A lot of people mentioned did not respond.



EXHIBIT
F

- Quora.

  - David: https://www.quora.com/messages/thread/9164990

  *Mentioned being stalked without naming Plaintiff.*

- Friends and pen pals:

  - Souradeep Purkayastha (+33 7 66 70 78 50)
  - Christopher Aspen (+44 7398 133577),
  - Madi Sharma (madi@madisharma.org),
  - Anshish Raj (+91 996 18 010507)
  - Vincent Uher (+33 6 30 42 29 83),
  - Fabien Roodhans (fabien.roodhans@skynet.be).

  *In all these cases, Plaintiff was not named.*

- Family.

  - Anne Giraud: petitepolka@gmail.com
  - Dominique Gouly: domgouly@gmail.com

- Lawyers in France or Belgium.

  - Jean Bornet: bornet@libralex.be
  - Denis Bosquet (denis.bosquet@struyven-law.be)
  - Henri Laquay (hl@laquay.be)
  - Bernard Magrez (b@magrez.be)
  - Sandrine Carneroli (sandrine.carneroli@berenboom.be)
  - Bedoret Van Vooren Avocats Associés (avocats@bedoretvanvooren.be)
  - Jonathan Capp info@avocats-usa.com
  - Cabinet Hincker & Associés (info@hincker-associes.com)
  - Soskin Avocats (contact@soskin-avocats.fr)
  - Bénédicte Billet (b.billet@apmlaw.be)

  *All Without naming Plaintiff.*

- Lawyers referrals for the lawsuit.

  - The Chandra Law Firm
    - (alex.alvarez@chandralaw.com)
    - (jamie.screen@chandralaw.com)
  - Minc Law (cpayne@minclaw.com)
  - Brian Bardwell (inbox@speech.law)
  - jennifer.braceras@iwf.org
  - Charlotte Proudman (cb672@cam.ac.uk)
  - Mary-Anne Franks, mafranks@law.miami.edu
  - Elle Winfield Elle Winfield ewinfield@mcolaw.com
  - Jill Filipovic (jill.filipovic@gmail.com)

- o Beatrice Rieger: (bernadetter@odvn.org)
- o info@forbeshouse.org.

  *Without naming Plaintiff unless asked*
  *for the lawsuit reference.*

- o osba@ohiobar.org

  *Simply requesting a form, without naming*
  *Plaintiff or identifying him in any way*

- Before the lawsuit for general advice.

  - o Stephen L. Dreyfuss, Hellring Lindeman Goldstein & Siegal LLP, Newark, New Jersey 07102 USA (through Jean Bornet)

  - o Isabelle Bibet-Kalinyak, former honorary French consulate +1 330 55 44 133: lawyer referral for CAVITCH.

  - o Danielle Citron (dcitron@law.virginia.edu), Victim Bar (victimbar@ncvc.org) , "Anna" from help@gardeningqa.com - *without naming Plaintiff.*

- General advice about cyberstalking:

  - o Suzan Vanderaa, suzan.vanderaa@maastrichtuniversity.nl -*without naming Plaintiff.*

- Other.

  - o European Parliament security to the extent of what was necessary for my protection (NDA).
  - o Dominique Bilde to the extent of drawing attention to Plaintiff's communications to her (NDA).
  - o Co-workers: two of them, after communications by Plaintiff to members of the European Parliament (NDA)

- Law enforcement in Belgium (submitted to Belgian national law pertaining to access to such files) and USA.

—

**INTERROGATORY NO. 13:  Provide the url addresses of the websites wherein you claim Plaintiff "probably" impersonated you for pornographic purposes as well as the dates and times you accessed the website(s), the browser(s) you were using, how you found the website(s) and how long you remained on each website.**

SUPPLEMENTARY RESPONSE:

Preserving her already submitted Responses and Objections and subject to the limitations above, the Defendant supplements those responses as follows.

- 23.xcams-sexy-video.cloud
- 43.xnxx-bang-slut.agency
- 6.blog-jerk-sexo.cloud
- 21.blog-news-sexy.cloud
- 10.news-news-video.agency
- 8.cam-cams-free.agency
- 10.porn-news-hardcore.cloud
- 1.fuck-hd-wap.agency
- 38.porn-net-vid.agency
- 42.porn-net-vid.agency
- 29.porn-net-vid.agency
- 38.tube-pussy-hardcore.cloud
- 32.porn-net-vid.agency
- 50.cam-tube-trend.agency
- 26.horny-slut-news.cloud
- 54.free-wap-news.agency
- 9.cam-jerk-hot.agency
- 35.free-wap-news.agency
- 40.jizz-clip-hd.cloud
- 51.blog-blog-porno.agency
- 14.blog-hub-top.agency
- 31.sexcams-net-sex.cloud
- 47.video-porno-jerk.cloud
- 26.tube-clip-cam.cloud
- 48.jerk-bang-tube.agency
- 48.blog-news-sexy.cloud
- 33.blog-news-sexy.cloud
- atas.vetarl.co
- mag-top-online.agency
- red.pooget.xyz
- resa.setefier.co
- media.blubrry.com
- herna.net
- redeletras.com.ar

I use Windows Edge, Mozilla or Chrome for browsing. Results were found on Google, through a Google search between the end of October and November 2021.


*(this space intentionally left blank – signatures on next pages)*

Respectfully submitted &
As to Objections

/s/ <u>Raymond V. Vasvari, Jr.</u>

RAYMOND V. VASVARI, JR. (0055538)
   vasvari@vasvarilaw.com
K. ANN ZIMMERMAN (0059486)
   zimmerman@ vasvarilaw.com
VASVARI | ZIMMERMAN
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122
Telephone | 216.458.5880
Telecopier | 216.302.7000

Attorneys for Defendant
Ludivine Joan Claudia Reynaud

City of Uccle                }
                             }          Third Declaration of Ludivine Joan Claudia
Kingdom of Belgium  }          Reynaud in Lieu of Affidavit

     **NOW COMES LUDIVINE JOAN CLAUDIA REYNAUD,** who under penalty of perjury under the laws of the United States, hereby deposes and testifies as follows:

     1.    My name is Ludivine Joan Claudia Reynaud. I am an adult competent to testify in a Court of law and suffer from no condition or disability that prevents me from doing so knowingly and truthfully. The information set forth in this Declaration is based upon my personal knowledge and true to the best of knowledge. I am highly conversant in the English language and have read and fully understand the statements in this Declaration.

     2.    I am the Defendant in a lawsuit styled <u>Bryan Anthony Reo v. Ludivine Joan Claudia Reynaud, et al.</u>, which is Case No. 1:22–cv–00510 upon the Docket of the United States District Court for the Northern District of Ohio. I am making this Declaration to be submitted as evidence in support of my Response in Opposition to a Renewed Motion for Early Discovery filed by the Plaintiff in that case, Bryan Anthony Reo.

     3.    I have reviewed the Supplemental Responses to Interrogatories Nos. 12 and 13 served on me by the Plaintiff in that case, and the objections and responses set forth above. The facts contained in those responses are true and accurate to the best of my knowledge, information and belief, and I am executing this Declaration in lieu of an affidavit verifying the same, pursuant to 28 U.S.C. § 1746.

     **FURTHER DECLARANT SAYETH NAUGHT**

     I, Ludivine Joan Claudia Reynaud, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States that the foregoing information is true and correct to the best of my knowledge, in witness whereof I have signed this Declaration below this 2d Day of September 2022, at Uccle, Belgium.


_____
Ludivine Joan Claudia Reynaud

— Certificate of Service —

These Supplemental Responses were served today, Friday, September 2  2022, upon the Plaintiff at reo@reolaw.org as a PDF attachment.

Respectfully submitted,

/s/ <u>Raymond V. Vasvari, Jr.</u>

Raymond V. Vasvari, Jr. (0055538)
    vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
    zimmerman@ vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122
Telephone | 216.458.5880
Telecopier | 216.302.7000

Attorneys for Defendant
Ludivine Joan Claudia Reynaud

**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Discovery and Other Matters
**Sent datetime:** 2022-08-29T10:16:21

Dear Mr. Reo:

I have received and read this. I am in the process of finalizing our Responses to your RFAs, comments the last draft of which I received this morning. As soon as I get those to you, I will turn my attention to this.


Yours sincerely,

Raymond V. Vasvari, Jr.


Vasvari | Zimmerman
  attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t     216.458.5880
f     216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.



**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Posts
**Sent datetime:** 2022-08-31T10:49:13

---

Mr. Reo:

I have worked on nothing but responding to you oppressive and overbroad discovery requests since Friday. You have answers to your requests for admissions (timely tendered) and your interrogatories (one day late with due warning that they would which you acknowledged, and late in part because of my having to address more than 30 emails you sent between dinner and midnight on Sunday, 28 August, 2022). You would have had your responses to requests for production today, but for these motions.  They are largely done. Now, the time I intended to spend completing them will be spent addressing your improperly filed motions).

Two days late. With notice they would be late. I think you misunderstand the rules and the Court if you think this is cause for alarm. I have done nothing but make a good faith effort to get you what you were entitled to in a timely manner.

You have evinced in writing an intention to use collateral motions to intimidate and browbeat my client, and spend her money, almost from the start. You have done so repeatedly and in writing.

- You have threatened to file a Rule 11 motion against me if I attempted to assert a qualified privilege defense, weeks before any such motion is do.

- You have informed me that you had Rule 11 motions prepared to file at a point in the case where I had filed nothing but a Notice of Appearance and an Opposition to your Motion for Early Discovery, which Motion you withdrew within hours of my filing.

- You threatened to move to compel if my discovery responses arrived five minutes after midnight, despite your being so unfamiliar with the Rules as to insist they be produced on a Sunday.

- You have engaged in direct contact with my client behind my back after you were instructed to stop, and after you said you would stop, in an effort to undermine the attorney–client relationship and – despite your artless protestations – resolve this case by renewing a romantic relationship in which she has no interest.

- In emails to my client, on which I was not copied, you implicitly linked the resolution of this case to your willingness to dismiss criminal charges you filed against my client in Belgium.

You lack insight Mr. Reo.

You are combative, unprofessional, personally insulting and at times bizarre.

You also fail to realize that you have engaged in serious misconduct.

Nor is it misconduct that I can ignore. You have written things and done things which directly reflect upon your fitness as an attorney. I am not exaggerating and not making loose allegations. I have it all in writing, and you are the writer.

Until now I had hoped to calm your overzealous abuses by being that much more civil. I had hoped to walk you back to the path of collegiality. That has not worked.

Withdraw your motions. They are improper and filed out of Rule.

I will be responding to your motions and seeking to have them stricken, or in the alternative set a fixed time within which to respond.

As for involving the Court, the die is cast. Certain of your documented misconduct is such that I have an ethical duty to report it. I have consulted with outside counsel in an effort to ascertain my obligations. I have devoted hours to those consultations in the past ten days. The decision to report your misconduct was taken days ago. Two very senior members of the bar have already agreed to represent me in any collateral matters involving you. Your aggressive misconduct has wasted my time and my client's money. It must stop.

If your motions are not withdrawn by Noon, I will move to strike.

The question of reporting your misconduct and strange behavior is not negotiable. My duty to report is mandatory and it would be improper to bargain with it.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t   216.458.5880
f   216.302.3700

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**Sender:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Recipient(s):** Bryan Reo <reo@reolaw.org>
**Subject:** Re: Interrogatory Objections- Motion to Compel
**Sent datetime:** 2022-08-31T14:28:12

Mr. Reo:

You have not complied with the rules governing motions to compel discovery. Your motions are premature, and I have asked that you withdraw them. You have not. Because you have ignored the Court's own procedures for the resolution of discovery disputes, a motion to strike is in order.

If you had not wasted my time with frivolous motion practice and countless belligerent emails, you would by now likely have all your production in hand. But you have created an emergent situation that required an urgent response. You have distracted me from the very task you are asking that I attend to next.

My objections to your Requests for Production and your Interrogatories were not made in bad faith. Each was detailed, addressed the specific deficiencies in the queries in question, and in most instances cited applicable case law. You have an obligation to attempt to narrow our disputes before involving the Court. You have not done so. Nor have you even listed the objections with which you take issue.

I have already indicated that we would supplement our responses to Interrogatories 12 and 13. I said so last night. You filed a motion to compel this morning. In what way does that reflect a good faith attempt to resolve a dispute? Are you dissatisfied that I did not supplement between midnight and breakfast? Was I supposed to wake my client to do so? For the record, I asked her to gather the supplemental information last night before I went to bed.

About thirty minutes ago, I was advised by the Mentor Police that you had filed a complaint against me for extortion. You alleged that I was threatening to file disciplinary charges against you unless you withdrew your motions. The Officer who called said that he had read my emails and saw no sign of a quid pro quo. Did you read my emails? Did you read the email sent at 10:49 this morning, the following unambiguous text (emphasis added here):

> **As for involving the Court, the die is cast**. Certain of your documented misconduct is such that I have an ethical duty to report it. I have consulted with outside counsel in an effort to ascertain my obligations. I have devoted hours to those consultations in the past ten days. **The decision to report your misconduct was taken days ago.** Two very senior members of the bar have already agreed to represent me in any collateral matters involving you. Your aggressive misconduct has wasted my time and my client's money. It must stop.

> \* \* \*

> **The question of reporting your misconduct and strange behavior is not negotiable. My duty to report is mandatory and it would be improper to bargain with it.**

Your attempt to invoke the police in a discovery dispute – in light of this language – is oppressive, unconscionable and unethical. It will be called to the attention of the District Court, and to the Office of Disciplinary Counsel. Period. No quid pro quo. The conduct is so egregious that I have never in thirty-one years seen anything like it.

I am working on a Motion to Strike.

Your Motion for an in-person status conference that would require my client to travel from Belgium on a few day's notice over two interrogatory responses is a naked attempt to use litigation punitively. It is something you have threatened before. It is disproportionate to the circumstances and abusive. That motion is being opposed as well. It is odd that you filed a Reply in support of that Motion given that no Response has yet been filed.

Your motion to amend the Scheduling Order is unjustified. Dispositive Motions are due October 31, 2022. I cannot see why you are unable to meet that deadline.

Yours sincerely,

Raymond V. Vasvari, Jr.

Vasvari | Zimmerman
attorneys & counselors-at-law

20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
vasvari@vasvarilaw.com
www.vasvarilaw.com
t    216.458.5880
f    216.302.3700

CONFIDENTIAL & PRIVILEGED. This email and any attachments contain private and confidential material for the sole use of the intended recipient. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T18:49:05

As long as I have responses 24 hours prior to the start of the deposition, I am basically content.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT

H

**Sender:** Bryan Reo <reo@reolaw.org>
**Recipient(s):** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Notice of Service of Subpoena on Ludivine Reynaud
**Sent datetime:** 2022-08-28T19:10:00

I won't be seeking money. Amigo, esto es guerra.

I intend to go for the throat and seek default as a sanction.

I don't want to prolong this case or take her money on nickel and dime sanctions. I want to win and I aim to do so.

If you've never been in Latin America alongside a military tactical unit and watched an officer just kick a body to confirm it was indeed done, well then. Go spend six months in Latin America and you'll have a new perspective on life, conflict, war.

I never thought leprosy was still an issue until I crossed from Brazil into Paraguay and came across a leper at the border crossing. If I knew how far the $5 USD I gave him would have gone I would have given him $100 USD without hesitation.


--
Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, United States Court of Appeals for the 3rd Circuit, United States Court of Appeals for the 6th Circuit, and the United States Court of Appeals for the Armed Forces (#37033)

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



EXHIBIT
J