# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** | **VASVARI & ZIMMERMAN** |
| Bryan Anthony Reo (#0097470) | Raymond Vasvari, Jr. (#0055538) |
| P.O. Box 5100 | K. Ann Zimmerman (#0059486) |
| Mentor, OH 44061 | 20600 Chagrin Blvd. |
| (T): (216) 505-0811 | Suite 800 Tower East |
| (E): reo@reolaw.org | Shake Heights, OH 44122 |
| *Pro se Plaintiff* | (T): (216) 458-5880 |
| | (F): (216) 302-7000 |
| | (E): vasvari@vasvarilaw.com |
| | (E): zimmerman@vasvarilaw.com |
| | *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S
## MOTION FOR REVOCATION OF DEFENDANT'S ZOOM PRIVILEGES

## (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff Bryan Anthony Reo's Motion for Revocation of Defendant's Zoom Privileges.

Plaintiff Bryan Anthony Reo, pro se, makes this motion on the basis that Defendant's behavior as a bad faith litigant who is derailing the track of this case has become so problematic[1] that she no longer deserves the consideration of being allowed to participate remotely while causing problems remotely.

Equity is such that it no longer favors allowing international Defendant Ludivine Joan Claudia Reynaud to appear by Zoom as a cost-saving measure for her own benefit while she destroys evidence[2], declines to participate in discovery, derails the track of the case, and drives up Plaintiff's costs and costs Plaintiff extreme amounts of time. Ms. Reynaud is also consuming significant amounts of the judicial resources of this Court.

Ms. Reynaud is causing severe and extremely burdensome problems for this Court and this Plaintiff, eating up dozens of hours of this Plaintiff's time and consuming judicial resources vastly disproportionate to what is warranted for a case that should be straightforward and streamlined. She is doing this at virtually no cost to herself in regards to disruption of her daily life, routine,

---

[1] ECF No. 56, Defendant is now withholding contact information for a fact witness she has belatedly identified and admitted to discussing the case with. Plaintiff has actually been forced to file a motion to compel for Defendant to disclose a phone number and email address of a fact witness who should have been in her initial disclosures.

[2] Ms. Reynaud admitted at her deposition that she deleted significant amounts of email correspondence between herself and the alleged owners of alleged pornographic websites wherein she allegedly saw offensive content as to herself. Ms. Reynaud's attorney also opined that he does not know and cannot verify that Ms. Reynaud actually saved any browser history cache, suggesting she may have deleted all records of the actual URLs that would link directly to the offensive content that served as part of the basis of her complaint to police. Ms. Reynaud had no valid or reasonable explanation for why she, a woman educated in law and experienced in law and politics, deliberately deleted significant amounts of relevant evidence and failed to assure the preservation of other evidence. This will be addressed in a separate upcoming motion seeking a spoliation sanction.

time, or resources. She is doing this by simply not participating in good faith in responding to discovery and forcing Plaintiff to seek the intervention of the Court for almost every single aspect of discovery, to the point of seeking the Court to intervene to order Defendant Reynaud to provide the contact information for one fact witness with whom she has already admitted (under oath) she discussed this case.

Ms. Reynaud should no longer be afforded the opportunity to operate remotely and drive-up Plaintiff's costs via bad behavior she perpetrates from Belgium at virtually no cost to herself. Ms. Reynaud has already maliciously injured Plaintiff from Belgium and she has known all along she should expect to be made to come to Cleveland to be held accountable.

If Ms. Reynaud is forced to come to Cleveland as a consequence of her appalling behavior at various stages in this case, there will be a strong incentive for her to behave as a good faith litigant instead of the bad faith[3] litigant she presently is.

---

[3] Defendant refused to coordinate on a subpoena as of 8/10/2022 and necessitated Plaintiff paying $125.00 for formal service of process of the subpoena ordered on 8/23/2022 and served on [8/24/2022], just one more instance of Defendant working to drive up Plaintiff's costs. It is also important to keep in mind Ludivine Reynaud refused to waive service, made Plaintiff spend $1,385 to have her formally served, she intercepted and caused courtesy service on Dominique Bilde to fail, costing Plaintiff $124.55 for the failed service and $200.41 for the return to sender that FedEx billed Plaintiff for]. From the very first day the Defendant stonewalled, obstructed, destroyed evidence, deleted posts, failed to properly preserve evidence, made late initial disclosures, responded to all formal discovery late, failed to produce a shred of requested documents prior to her deposition, held back contact information for fact witnesses who she only ultimately disclosed even existed when under the pressure of motions to compel, and still tries to evade discussing the substance of her discussions with those third parties, certainly not producing the actual correspondence.

Defendant Reynaud does not deserve to continue to benefit from the generous consideration this Court extended to her at the 11 July 2022 status conference wherein this Court [with Plaintiff consenting[4]] granted Ms. Reynaud the right to participate via Zoom as much as possible and as much as practical.

Refusing to provide contact information for fact witnesses she has only just now begun to disclose should be rightly seen as the last and final straw. Plaintiff should not be in a position to have to move to compel the disclosure of an identified fact witnesses' contact information, particularly when Defendant admits she was in recent contact with said individual(s) and has the information.

Plaintiff prayerfully requests that this Court revoke the privilege it previously extended to Defendant Ludivine Joan Claudia Reynaud of participating in these proceedings by Zoom. Because Ms. Reynaud has vexatiously multiplied the filings and proceedings, beyond that which any routine case being litigated in good faith would ever require, and is causing Plaintiff to have to file motions to compel over the most basic of disclosures Plaintiff Reo is owed, Ms. Reynaud should be required to come to the Northern District of Ohio and participate in resolving these

---

[4] If Plaintiff's consent on an ongoing basis is relevant or factored into such, Plaintiff no longer consents, and wishes to withdraw his consent, to Defendant Reynaud's continued participation by Zoom, if the Court is concerned with such consent and will permit said withdrawal. This is ultimately a decision for the Court but Plaintiff hopes that this Court will consider the impact Defendant's behavior, which has so far been incredibly low cost to her, is having on Plaintiff in terms of time and money. Ms. Reynaud has never had to come a dollar out of pocket for her obstructionism and stonewalling. She should be made to pay the costs associated with the problems she deliberately causes and she should be made to feel her share of the sting of the enhanced costs she has necessitated for others.

matters at her expense in time, money, and resources, rather than being allowed to get-by with her present low-cost strategy of holding back evidence, destroying evidence, refraining from making required disclosures, while causing others to spend their time and resources to resolve the extensive paperwork problems she is creating with her bad faith stonewalling and obstructionism.

                                             Respectfully submitted,

                                             /S/. BRYAN ANTHONY REO
                                             Bryan Anthony Reo
                                             P.O. Box 5100
                                             Mentor, OH 44061
                                             (P): (440) 313-5893
                                             (E): Reo@ReoLaw.org
                                             *Pro se Plaintiff*

Dated: September 12, 2022

**CERTIFICATE OF SERVICE**

    I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 12, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Motion for Revocation of Defendant's Zoom Privileges in Person to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

        /S/ BRYAN ANTHONY REO
        Bryan Anthony Reo
        P.O. Box 5100
        Mentor, OH 44061
        (P):  (440) 313-5893
        (E):  Reo@ReoLaw.org
        *Pro se Plaintiff*

Dated:  September 12, 2022