# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **LUDIVINE JOAN CLAUDIA REYNAUD** <br> Rue Dodonee 3 <br> 1180, UCCLE, Belgium <br><br> Defendant. | Case No: 1:22-cv-00510-JG <br><br> Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@ vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

### SUR REPLY IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT LUDIVINE JOAN CLAUDIA REYNAUD

Plaintiff provides the following as his Sur Reply Brief in Support of Plaintiff's Second Motion to Strike Affirmative Defenses.

It has now become obvious why Defendant Ludivine Reynaud resisted for so long making proper initial disclosures of her fact witnesses (only disclosing their existence on 2 September

1

2022 in late supplemental responses to interrogatories) and why she has so long resisted providing contact information for the fact witness Emmanuel Brun d'Aubignosc, only providing that on 13 September 2022.

Ms. Reynaud has only recently begun disclosing the existence of her fact witnesses, with whom she has discussed Plaintiff, this case, claims, defenses, and the substance of her dispute with Plaintiff, and to whom she has made party admissions, because she has been working behind the scenes to procure their unavailability.

On 10 September 2022 Plaintiff sent an email to the address Ms. Reynaud provided for her mother, Dominique Gouly requesting availability for a deposition. No response has been received.

On 10 September 2022 Plaintiff sent an email to the address Ms. Reynaud provided for her sister, Anne Giraud requesting availability for a deposition. No response has been received.

On 10 September 2022 Plaintiff sent an email to the address Ms. Reynaud provided for her friend, Fabien Roodhans requesting availability for a deposition. No response has been received.

On 10 September 2022 Plaintiff sent a Whats App text to the phone number Ms. Reynaud provided for her friend, Souradeep Purkayastha requesting availability for a deposition. No response has been received.

On 10 September 2022 Plaintiff sent a Whats App text to the phone number Ms. Reynaud provided for her friend, Christopher Aspen requesting availability for a deposition. No response has been received.

On 10 September 2022 Plaintiff sent a Whats App text to the phone number Ms. Reynaud provided for her friend, Vincent Uher requesting availability for a deposition. No response has been received.

On 13 September 2022 Plaintiff sent an email to the address Ms. Reynaud (finally- after a motion to compel) provided for her friend and former colleague, Emmanuel Brun d'Aubignosc requesting availability for a deposition. No response has been received.

What Plaintiff does have is a chat transcript (in the French language) provided by Ms. Reynaud's attorney, which Counsel Vasvari sent to Plaintiff at 1:34 pm EST on 13 September 2022, along with multiple other chat transcripts of Whats App conversations between Ms. Reynaud and her various friends. This particular conversation is between Ms. Reynaud and Vincent Uher and it is as interesting as it is relevant to this motion..

In the conversation[1], which Mr. Uher has with Ms. Reynaud after having received communications from Plaintiff requesting his cooperation and participation in a deposition, Mr. Uher says to Ms. Reynaud, "It is agreed that I do not follow up on his request?." In short, Ms. Reynaud is procuring the unavailability of fact witnesses. Mr. Uher appears to have been

---

[1] Exhibit 1.

referencing a voice phone call he had with Ms. Reynaud, where she presumably told him not to respond or follow up with Plaintiff.

10/09/2022[2] à 19:21 - Uher Vincent: Bonjour Ludivine, j'ai un avocat américain denommé Reo qui veut me poser des questions dans le cadre d'un litige qu'il aurait avec toi. On est d'accord que je ne donne pas suite à sa demande? Amitiés, Vincent

10/09/2022 à 19:26 - Ludivine: Je suis désolée

10/09/2022 à 19:26 - Ludivine: Je peux t'expliquer si tu veux au téléphone

10/09/2022 à 19:41 - Uher Vincent: Non, ne t'embête pas. Tu me diras juste si tu veux que je fasse quelque chose. Bon courage!

10/09/2022 à 19:48 - Ludivine: Merci beaucoup. Je t'expliquerai

Google Translator[3] provides the following-

```
09/10/2022⁴ at 7:21 p.m. - Uher Vincent: Hello Ludivine, I have an American
lawyer named Reo who wants to ask me questions in the context of a dispute he
has with you. It is agreed that I do not follow up on his request? Regards,
Vincent
09/10/2022 at 7:26 p.m. - Ludivine: I'm sorry
09/10/2022 at 7:26 p.m. - Ludivine: I can explain it to you if you want on
the phone
09/10/2022 at 19:41 - Uher Vincent: No, don't bother. You just tell me if you
want me to do something. Good luck!
09/10/2022 at 7:48 p.m. - Ludivine: Thank you very much. I will explain you
```

At this point Plaintiff is not anticipating receiving a word in response from any of the fact witnesses whom he has contacted, because Defendant has caused significant delays in even

---

[2] Note the European date convention of Day/Month/Year, per the original French text.
[3] Exhibit 2- Plaintiff's Declaration.
[4] Note the American date convention of Month/Day/Year, adjusted by Google Translate.

4

disclosing their existence and made sure she wound up with the time to diligently procure their unavailability and non-cooperation with the proceedings in the instant action.

Ms. Reynaud has destroyed significant amounts of evidence by deleting Quora posts on 31 March 2022. She has insisted those posts had "nothing to do" with Plaintiff, although she since admits to having written about Plaintiff.

Ms. Reynaud inexplicably deleted significant amounts of email correspondence with the alleged owners and operators of the allegedly pornographic websites.\

Ms. Reynaud made woefully deficient initial disclosures. These disclosures were also late.

Ms. Reynaud declined and resisted providing proper answers to interrogatories, not disclosing crucial fact witnesses in a timely manner.

Ms. Reynaud made late responses to Plaintiff's interrogatories.

Ms. Reynaud made deficient and late supplementals of her initial disclosures and responses to interrogatories, with information she had already been in possession of, coming almost five weeks late for initial disclosures.

Ms. Reynaud failed to produce one single document prior to her deposition, despite the responses being overdue by the time of her deposition.

Ms. Reynaud forced Plaintiff to file a motion to compel to obtain the contact information for fact witness Emmanuel Brun d'Aubignosc.

Ms. Reynaud has been caught procuring the unavailability of fact witness Vincent Uher. It stands to reason that Ms. Reynaud withheld the identities and contacts of her fact witnesses, only began releasing them slowly at a trickle, and resisted providing the contact information for a crucial fact witness, Emmanuel Brun d'Aubignosc., because she was working diligently to contact them as quickly as possible to procure their unavailability and thus damage Plaintiff's ability to prepare and present his case.

This is yet one more example of glaringly bad behavior[5] by Defendant Reynaud. Ms. Reynaud has now progressed from outright destruction of evidence, active concealment of evidence, dilatory disclosures, to procuring the unavailability of fact witnesses in an open and overt act that is calculated at disrupting Plaintiff's ability to prepare and present his case on the merits[6].

Defendant Reynaud should not be allowed to offer any of her enumerated affirmative defenses because her misconduct and hindrance of Plaintiff in the discovery process has significantly prejudiced Plaintiff's ability to marshal evidence to prepare to present his case and

---

[5] Ms. Reynaud could serve as a real-world example of a bad faith litigant in a Civil Procedure class or a seminar on Legal Ethics. It is no exaggeration to say that law students could reasonably study and analyze the bad behavior of Ms. Reynaud in this instant action.

[6] Defendant Reynaud appears desperate to avoid having Plaintiff present his case on the merits.

meet his burden of production. Defendant's affirmative defenses all focus around her alleged good faith, reasonable belief in the truth, truth, qualified privilege, and she has made concerted effort as part of what is clearly a calculated campaign intended to stonewall Plaintiff's ability to do discovery relevant to those affirmative defenses.

This Court can and should enter an appropriate order striking Defendant's Affirmative Defenses.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

## **CERTIFICATE OF SERVICE**

    I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 13, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Sur Reply in Support of Second Motion to Strike Affirmative Defenses to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

                              /S/ BRYAN ANTHONY REO
                              Bryan Anthony Reo
                              P.O. Box 5100
                              Mentor, OH 44061
                              (P):  (440) 313-5893
                              (E):  Reo@ReoLaw.org
                              *Pro se Plaintiff*

Dated:  September 13, 2022