**Bryan Reo**

| | |
|---|---|
| **From:** | Bryan Reo |
| **Sent:** | Tuesday, September 20, 2022 12:12 PM |
| **To:** | Raymond Vasvari; K. Ann Zimmerman |
| **Cc:** | 'REYNAUD Ludivine Joan Claudia'; 'Ludivine Reynaud' |
| **Subject:** | RE: Reo v Reynaud [Discovery Concerns and pending motion for Protective Order] |

I am prepared to go forward with Ms. Reynaud's deposition tomorrow with what I have on hand. We can worry about outstanding document production shortly. If it becomes necessary we can coordinate or stipulate to a second deposition of 1-2 hours or if necessary I would move the court to allow another 7 hour deposition.

Since the issue of her communications and documents with the Belgian could not be resolved, it is my intention to seek to do a second deposition [up to 7 hours] once the court resolves the issue of her production of those Belgian documents.

Furthermore, since you are in possession of the electronically signed copy of the proposed protective order you asked me to sign, for production of her financials, and you have not signed and submitted it, let alone furnished me with the financial docs, bank docs, tax docs, etc., it would also be my intention to, in the near future, move the court to compel the production of those docs and then do a deposition on those docs.

If you wish to avert and avoid those sort of issues, I invite you to promptly sign and file the proposed stipulated protective order, furnish me the financial docs, and then I also invite you to furnish me the Belgian police docs.

Suffice to say, she has not provided the following.

1. Correspondence with Dominique Gouly.
2. Correspondence with Anne Giraud.
3. Correspondence with Emmanuel Brun.
4. Correspondence with Fabien Roodhands.
5. Complete correspondence with the 4 fact witnesses she has provided clearly abridged Whats App chat logs for.

I have asked that Ms. Reynaud use the "export chat" feature and send me the Whats App chats, directly, to Reo@ReoLaw.org instead of downloading the chats to her desktop and clearly modifying parts of the conversations, with some messages clearly deleted, before they are saved and sent on to me.

If you could not care less about my sexual orientation you would not have asked if I use the dating app Grindr. You identified it as social media, it is not social media, it is an app. I will disclose whether I have ever used it, subject to a court order requiring me to make that disclosure, but that disclosure will not come cheaply. If you intend to pry into whether I have ever used an LGBT dating app, I will let you work through legal process to try to compel that disclosure, I will abide by any court order requiring that disclosure, and the process will unfold as it unfolds. Asking me whether I have ever used an LGBT dating app would not give you any insight into the identities of my past relationship partners. It is a clear and cheap maneuver to implicitly threaten, "Ms. Reynaud has always maintained you are bisexual and have sex with men, I intend to prove it, if I can prove it, she or I will out you through this case." I will cooperate with a court ordered inquiry into my sexuality, sexual orientation, sexual past, sexual likes, sexual behaviors, and sexual proclivities, but I am going to make you involve the court and I am going to make you put your professional reputation on the line. You can go down the road and perhaps drag me along down that road, but you had better be prepared to face the

consequences in the proceeding that may come about from embarking on that path. I cannot stop you from taking things down that road, but I have invited you to withdraw what I flagged as abusive and irrelevant discovery.

Remember, when this case is over I am moving, leaving Ohio forever, and taking up residence on a ranch/vineyard. You are presumably still going to be in Ohio and still practicing law in NE Ohio. Ms. Reynaud is presumably still going to be in Brussels and still working in the parliament. How you behave in this case and the sort of court involvement you attempt to procure to inquire into sexual issues about me, will likely have a key role in shaping your reputation in this community for the next 30 years. As for me, I will be growing grapes, making wine, breeding horses, raising horses, raising cows, and selling cows, when not leasing out my land for various courses and seminars.

Asking a man "do you use an LGBT hook-up or dating app?" does not address the matter of "how do you disconnect from intimate partners in the aftermath of a relationship?"


Somehow my past relationships are relevant but you do not believe Ms. Reynaud's past, let alone recent relationships, are relevant in regards to the fact that she appears to be a serial defamer who defames men and damages their careers in the aftermath of her numerous and many failed relationships.

This is a defamation case, the issue is whether or not Ms. Reynaud defamed me when she accused me of [criminally] threatening her and "possibly" or "probably" publishing or impersonating her on pornographic websites. My behavior in the aftermath of a relationship, unless it allegedly involves threatening a woman or impersonating for pornographic purposes, is not relevant, it is not probative of any fact in consequence.

Your seeking of discovery on "all mental health records and therapist notes" going back to age 18, that is 16 years into my past, is so over-the-top and beyond the pale that it might be necessary to seek a protective order preventing the vast majority of the discovery you intend to conduct on me. As an aside, I do have approximately a significant amount of files responsive to non-objectionable discovery, that might be responsive to your requests.

I believe you be underwhelmed when you learn that almost every person I have to disclose is privileged. I have discussed Ms. Reynaud with precisely one non-privileged person, a Danish psychic. Every other person I have discussed Ms. Reynaud or my dispute with her, is privileged by one or more of the following privileges. 1- atty-client, 2- psychotherapist-patient, 3- clergy-penitent, 4- spousal privilege/confidential marital communication.

I can be deposed October 17, October 19, October 24, and October 26.


I will again invite you to withdraw the discovery I have identified as objectionable, offensive, and abusive. I have a motion for a protective order that I am prepared to file, and I believe it will have to be filed with enough time for the court to rule on the matter, especially if you intend to depose me in the next 20-30 days and you intend to depose on those matters.

I do not want a situation where the first time the issue of an abusive question is raised winds up being at my deposition, the deposition stalls or is adjourned to seek intervention of the court, which might take 10-30 days, meanwhile the dispositive motion briefing schedule winds up derailed and the whole case is pushed by 8-12 weeks. I want to keep the schedule and keep things flowing and moving properly.

I have invited you to try to resolve the matter by 4:00pm on 21 September 2022. If you are telling me you do not intend to withdraw the discovery I flagged as offensive and abusive, then I will proceed accordingly to timely and properly protect and safeguard my interests, while giving the Court sufficient notice and time to render a ruling prior to any deposition you wish to conduct as to me and prior to my having to go through formal written discovery.

Sincerely,

Bryan Reo

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Tuesday, September 20, 2022 11:37 AM
**To:** Bryan Reo <reo@reolaw.org>; K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Cc:** 'REYNAUD Ludivine Joan Claudia' <ludivine.reynaud@europarl.europa.eu>; 'Ludivine Reynaud' <ludivineclaudia.reynaud@yahoo.com>
**Subject:** Re: Reo v Reynaud [Discovery Concerns and pending motion for Protective Order]

Mr. Reo:

I will be in deposition until 5:00 pm.

Please provide me a list of what you think might be outstanding before you complete Ms. Reynaud's depo tomorrow so that I can turn to getting you any additional information you need.

As for withdrawing Requests: I could not care less about your sexual orientation. I am interested in potential witnesses (past relationships) who can speak to your ability or inability to disengage from a relationship when it ends.

Why don't you object where you think objections are needed. When I see the whole response, I will be in a better position to assess whether the information matters enough, in light of what is produced, to warrant the trouble of a motion to compel.

Can you provide October dates for your deposition post October 13 that still work?


Yours sincerely,


Raymond V. Vasvari, Jr.




20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5366

t   216.458.5880

f   216.302.3700

vasvari@vasvarilaw.com
   www.vasvarilaw.com

CONFIDENTIALITY NOTICE: This message, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

**From:** Bryan Reo <reo@reolaw.org>
**Date:** Monday, September 19, 2022 at 9:27 AM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>, K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Cc:** 'REYNAUD Ludivine Joan Claudia' <ludivine.reynaud@europarl.europa.eu>, 'Ludivine Reynaud' <ludivineclaudia.reynaud@yahoo.com>
**Subject:** RE: Reo v Reynaud [Discovery Concerns and pending motion for Protective Order]

Sir,

Do you intend to meet and confer, address my concerns, or otherwise withdraw the discovery requests I have noted?

I set a deadline of 21 September 2022 at 4:00pm EST, but I have not yet heard from you that you intend to discuss this matter or otherwise work to resolve my concerns by then, and it has been approximately 2 days since I sent that email.

I am sorry if you feel I am not a nice person, because I generally am not. As I said, I would try to litigate the case in a procedurally proper and substantively meritorious manner. I regret that you have apparently elected to litigate on the basis of trying to dig into my personal and private life, uncover if I am something other than heterosexual, and if I am, implicitly threaten to "out" me via this litigation process, or by handing the information off to your client so she could "out" me. I am a 36 year old man who has not put his emotional or mental state into controversy in this action, nor is it relevant to claims or defenses. Inquiries into my mental health including "therapist notes" going back to age 18 are clearly only meant to intrusively harass, oppress, abuse, and humiliate me, or to present the situation of "dismiss your case and walk away or we're going to dig and dig hard."

I am generally not willing to interact with people who hold the views that it seems that your client and you hold, or who put their abilities to work in the service of people such as your client, because I do not believe in using abusive discovery to try to leverage or coerce a settlement, nor weaponizing the criminal justice system or using threats of grievances to gain an edge in a case where there are no meritorious defenses.

Your level of unprofessionalism is fairly new and unknown to me, this is an emotionally charged and passionate case, and I apologize if you feel I have at times been less than nice, or if I have lost my cool and said something untoward.

I generally have a low tolerance for bigotry, which makes things especially hard when you consider my low appetite for obstructionism, stonewalling, or people treating the Rules of Civil Procedure as the Suggestions of Civil Procedure.

I hope you and your client and are able to reflect on the actions and inactions on your part that have effectively brought about this present situation and the intensity of this dispute within what is already contentious litigation. I understand and reflect on my contribution to this sad and sorry state of affairs and I regret the role I have played in this unnecessary drama, while noting that I have zealously observed deadlines, maintained communication, and been continually open to a reasonable and negotiated resolution as to all disputes, while your client has weaponized the Belgian prosecution process, attempted (but failed) to weaponize my local prosecutors, and attempted to weaponize the FBI, while you have threatened to weaponize the Disciplinary Counsel ethics grievance process after your threat to seek USC 1927 sanctions did not rattle me.

For my part, I am not particularly nice and I tend to speak harshly with people, especially if I see them as handing me a pile of dung on a piece of moldy bread and telling me it is a black angus hamburger and I should consider myself privileged to eat it.

It is still my hope that we can work together to resolve my discovery concerns short of having to involve the court.

Please advise as to the withdrawal of those discovery requests.

Sincerely,

Bryan Reo

---

**From:** Bryan Reo
**Sent:** Saturday, September 17, 2022 5:47 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>; K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Cc:** 'REYNAUD Ludivine Joan Claudia' <ludivine.reynaud@europarl.europa.eu>; 'Ludivine Reynaud' <ludivineclaudia.reynaud@yahoo.com>
**Subject:** Reo v Reynaud [Discovery Concerns and pending motion for Protective Order]

Sir,

I have identified the following discovery requests as entirely irrelevant to claims/defenses, not reasonably calculated to lead to discoverable information, unduly burdensome, disproportionate to the needs of the case, oppressive, harassing, abusive, and imposed clearly for the purpose of attempting to humiliate or embarrass the Plaintiff.

I call your attention to the following discovery requests and respectfully request that you formally communicate that you withdraw them by 21 September 2022 at 4:00 pm EST.


Your Interrogatory Definition 19 makes a reference to Grindr, which is not a social media network, based on my basic research is an LGBTQ dating app used for homosexual/bisexual hook-ups or dating. I will not be responding to any interrogatory or discovery that seeks to do discovery on my sexual orientation as it is not relevant to any claim or defense. I accordingly ask that you withdraw your request as to Grindr.

> **INTERROGATORY NO. 11**
> Please identify every person with whom you have had a romantic, sexual or erotic relationship, which relationship terminated at any point in the last five years, including relationships conducted in whole or in part online.

**My sexuality, sexual history, and sexual reputation are *not* in controversy and are not relevant to claims or defenses. In the Complaint I have already stated I had consensual sex with the Defendant and the Defendant has**

admitted as much in her answer, discovery responses, and deposition testimony. Other individuals with whom I have had sex, assuming I have had sex with other individuals in the last 5 years, are not relevant. I invite you to withdraw that interrogatory.

### INTERROGATORY NO. 15

Please identify every person with whom you have consulted, or by whom you have been seen, counseled, or treated for any mental illness, emotional disturbance, addiction, substance abuse or other mental health issue at any point since you were aged 18.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that interrogatory.**

### INTERROGATORY NO. 16

Please identify with particularity any diagnosis you have received for any mental illness, emotional disturbance, addiction, substance abuse or other mental health issue at any point since age 18. Identification shall consist in disclosing: (a) the diagnosis; (b) the date of the diagnosis, and; (c) the person or persons by whom the diagnosis was made.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that interrogatory.**

### INTERROGATORY NO. 18

Please identify every drug or remedy prescribed for you in connection with any condition identified in response to Interrogatory No. 16 above.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that interrogatory.**

### REQUEST FOR PRODUCTION NO. 39

Your current health insurance policy, and all such policies in effect during the last five years, along with any group, plan or membership numbers, and identity or insurance cards.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP.**

### REQUEST FOR PRODUCTION NO. 40

Please produce HIPPA compliant releases authorizing the disclosure to undersigned counsel of your medical and mental health treatment records, including the notes of any mental health care provider. Applicable form releases are provided for providers associated with the Cleveland Clinic, University Hospitals and MetroHealth care systems.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP.**

### REQUEST FOR PRODUCTION NO. 42

Any and all records of your having been involuntarily admitted to any hospital, psychiatric or mental health care facility, or having been to psychiatric evaluation at the request of any police or law enforcement agency.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP.**

#### REQUEST FOR PRODUCTION NO. 55

Every diary, journal, record, memoire or other periodic record of your thoughts, activities, emotions, impressions, reflections moods, and/or mental state in which any entry has been made during the last five years.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP. My thought processes over the last 5 years are not relevant.**

#### REQUEST FOR PRODUCTION NO. 56

All records, notes, treatment records, appointments, appointment reminders, prescriptions or communications to, from, with or relating to anyone who provide you with mental health treatment or services during the relevant period, including without limitation any psychiatrist, psychologist, therapist, social worker, licensed clinical social worker, supervising licensed clinical social worker, or clergy member, which reflect treatment or services within the last ten years.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP. My thought processes over the last 5 years are not relevant.**

#### REQUEST FOR PRODUCTION NO. 57

All records, notes, treatment records, appointments, appointment reminders, prescriptions or communications to, from, with or relating to anyone who provide you with substance abuse and/or addiction treatment or services during the last ten years, including without limitation any psychiatrist, psychologist, therapist, social worker, licensed clinical social worker, supervising licensed clinical social worker, or clergy member.

**I have not pled a claim for any sort of emotional distress damages and I am not seeking emotional distress damages. My mental health is not relevant to any claims or defenses as I have not placed my mental or emotional condition into controversy. Accordingly, I invite you to withdraw that RFP. My thought processes over the last 5 years are not relevant.**

Please advise by 4:00 pm on 21 September 2022 if you will be addressing my concerns by withdrawing those requests.

If the concerns cannot be addressed and if those requests are actively sought, it is my intention to have an attorney enter his appearance, move for a protective order, and file a motion for sanctions. Your client will be paying the costs of this contrived and manufactured discovery dispute. We both know you are absolutely not entitled to do discovery on

mental health records or my sexual history as none of that is even remotely in controversy based on the claims I have pled in my complaint. Your client will not only be paying you tens of thousands of dollars for a discovery dispute you are contriving, but she will be paying Rule 37 sanctions to the attorney I will be bringing on to clean up the discovery mess, assuming it has to be cleaned up. If she wants to pay you tens of thousands of dollars for another discovery fiasco that didn't have to come about [see the first one where you missed all of the response deadlines], that is entirely on her. Spending 3 years and an enormous sum of your client's money on the case of the former Police Chief Robert Lampela and his dispute with the municipal government of Put-In-Bay [which as you may recall you catastrophically lost] may have been good for you, but it probably wasn't good for former Chief Lampela, the fact that his trial level case was so badly bungled an employment law appellate specialist wasn't even able to salvage his situation on appeal, only underscores how horrifically bad that entire case was handled.

With all respect, you contrive expensive discovery disputes where none should ever have to exist. Your style of practice benefits only yourself, at the expense of your clients, the court, and the opposing party. Casually missing deadlines, delaying production, requiring motions to compel for obtaining things as basic as email addresses, causing unnecessary work to be created, forcing stacks of paperwork in front of the court and then billing your hapless clients tens of thousands of dollars to respond to papers that were only required to be responded to because of your inappropriate actions where no actions were required or your inactions where action was necessary.

Your style of law practice is clearly calculated to bring about a situation where you can lighten the pockets of your client by creating and contriving drama and endless legal work where no such work needed to have ever been created.

You have unnecessarily and vexatiously multiplied the proceedings in this case by missing deadlines and forcing me to go before the court for every small and trivial matter, such as obtaining email addresses and phone numbers for fact witnesses. If this is why your client worked and saved her money over the last 12 years, to pay you to clean up the discovery disputes you have contrived and the unnecessary proceedings you have made necessary, then that is a matter entirely between her and you.

The discovery packet you served upon me is so ridiculously abusive and intrusive that you know you have no realistic or reasonable expectation of being able to obtain much of the information you are demanding, such as medical releases for mental health, yet you propounded it anyway, in what was doubtless a maneuver to lay the foundation for your next contrived discovery problem so you can lighten your client by another $25,000 which you will bill her to sort out the mess that you created.

With all respect sir, your practice of law is a selfish practice that benefits only yourself at the expense of those unfortunate enough to come across you. A diligent and competent lawyer would not have missed every discovery deadline thus far, including the deadline for initial disclosures, and then written to me complaining "your motions to compel have caused me to bill my client 60 hours in the last 10 days." If you are indeed billing your client 60 hours for the costs associated with your cleaning up the deadlines you missed, then that matter I leave to you and your client and I leave to you and those ethics expert you have told me you consult with regularly. You might want to ask for an advisory opinion as to whether or not it is ethical for an attorney to bill his client for motion practice and work that has to be done only because the attorney missed deadlines. I've only been practicing for about 5 years, so I don't have your experience in making those sort of mistakes because I don't miss deadlines and if I make a mistake I don't bill the client for the costs associated with my fixing my mistakes.


If this cannot be resolved, we will move for a protective order and we will seek sanctions. If denied Rule 37 sanctions we will file an appeal on the matter.



Sincerely,

Bryan Reo


Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, 3rd Circuit, 6th Circuit, Court of Appeals for the Armed Forces (#37033), United States Air Force Court of Criminal Appeals (AFCCA), and United States Navy-Marine Corps Court of Criminal Appeals (NMCCA).

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.