# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S MOTION TO COMPEL PRODUCTION OF DEFENDANT LUDIVINE JOAN CLAUDIA REYNAUD'S FINANCIAL DOCUMENTS RELEVANT TO HER NET WORTH

## (ORAL ARGUMENT REQUESTED)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Motion to Compel Production of Defendant Ludivine Joan Claudia Reynaud's Financial Documents Relevant to her Net Worth.

Plaintiff Bryan Anthony Reo, pro se, makes this motion pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) and Fed. R. Civ. P. 37(a)(3)(A) and moves this Court to enter an order compelling Defendant to respond to an outstanding discovery request[1], on the basis that the Plaintiff propounded written discovery on 29 July 2022 requesting certain financial documents of Defendant that would show her net worth at the time of her tortious conduct (relevant for calculation as to punitive damages under Ohio law), and even though Plaintiff has met the conditions requested/demanded by Defendant for the production, that being signing a stipulated protective order, Defendant, as a means to retaliate for Plaintiff having recently sought a protective order on other discovery, will not submit the stipulation and will not produce the documents. Plaintiff seeks to compel production of documents responsive to #8 and #9 of Requests for Production of Documents.

This motion is supported by the accompanying brief, Complaint, Answer, and any other records and filings of this action, and such other and further oral and documentary evidence as may be presented at any future hearing on this Motion. Plaintiff respectfully requests an immediate oral argument on this matter due to the time sensitive nature as Defendant's net worth will be relevant for briefing a dispositive motion as to punitive damages.

                                                    Respectfully submitted,

                                                    /S/. BRYAN ANTHONY REO
                                                    Bryan Anthony Reo
                                                    P.O. Box 5100
                                                    Mentor, OH 44061
                                                    (P): (440) 313-5893
                                                    (E): Reo@ReoLaw.org
                                                    *Pro se Plaintiff*

Dated: September 26, 2022

---

[1] Attached as Exhibit 1- Discovery Request for Production of Documents.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>P.O. Box 5100<br>Mentor, OH 44061<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**LUDIVINE JOAN CLAUDIA REYNAUD**<br>Rue Dodonee 3<br>1180, UCCLE, Belgium<br><br>　　　　Defendant | Case No: 1:22-cv-00510-JG<br><br>Hon. James S. Gwin |

| | |
|---|---|
| **REO LAW, LLC**<br>Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(T): (216) 505-0811<br>(E): reo@reolaw.org<br>*Pro se Plaintiff* | **VASVARI & ZIMMERMAN**<br>Raymond Vasvari, Jr. (#0055538)<br>K. Ann Zimmerman (#0059486)<br>20600 Chagrin Blvd.<br>Suite 800 Tower East<br>Shake Heights, OH 44122<br>(T): (216) 458-5880<br>(F): (216) 302-7000<br>(E): vasvari@vasvarilaw.com<br>(E): zimmerman@ vasvarilaw.com<br>*Attorneys for Ludivine Joan Claudia Reynaud* |

**BRIEF IN SUPPORT OF PLAINTIFF BRYAN ANTHONY REO'S
MOTION TO COMPEL PRODUCTION OF DEFENDANT
LUDIVINE JOAN CLAUDIA REYNAUD'S
FINANCIAL DOCUMENTS
RELEVANT TO HER NET WORTH**

**(ORAL ARGUMENT REQUESTED)**

Plaintiff seeks an order from this Court compelling Defendant Reynaud to immediately produce all responsive documents to Plaintiff's Request for Production of Documents #8 and #9. The requests made by Plaintiff, with the answers and objections of Defendant are as follows:

3

**REQUEST FOR PRODUCTION OF DOCUMENTS #8:** Produce true and accurate copies of any and all documents in your possession showing your net income after taxes for fiscal years 2018, 2019, 2020, and 2021.

**ANSWER:**

**Objection:** the records requested are highly sensitive and contain information in which the Defendant has an expectation of privacy. **This objection notwithstanding,** Defendant will produce the records requested subject to an appropriate protective order limiting their use, dissemination, and retention. These will be produced in a via Dropbox that is designated **Folder 8** and its appropriate subfolders, if any.

**REQUEST FOR PRODUCTION OF DOCUMENTS #9:** Produce true and accurate copies of any and all documents in your possession showing your bank balances on a monthly basis from 1 January 2020 to the present.

**ANSWER:**
**Objection:** the records requested are highly sensitive and contain information in which the Defendant has an expectation of privacy. **This objection notwithstanding,** Defendant will produce the records requested subject to an appropriate protective order limiting their use, dissemination, and retention. These will be produced in a via Dropbox that is designated **Folder 9** and its appropriate subfolders, if any

On 29 July 2022 Plaintiff propounded written discovery[2] on Defendant via Counsel.

Plaintiff asked questions about the outstanding documents he seeks at Defendant Reynaud's deposition on 2 September 2022, and was told in written responses[3] on 6 September 2022 that Defendant would produce the documents if Plaintiff would agree to be bound by a stipulated protective order.

---

[2] Requests for Production of Documents propounded upon Defendant are attached as Exhibit 1.
[3] Attached as Exhibit 2- Defendant's Responses and Objections.

On 6 September 2022 Defense Counsel sent Plaintiff a proposed protective order[4] and stated the documents would be produced once Plaintiff had signed the order and the order was signed and submitted by Defense Counsel.

On 18 September 2022 Plaintiff signed and returned[5] the proposed protective order that had been furnished upon him by Defense Counsel.

On 20 September 2022 Plaintiff advised Defense Counsel he wanted the financial documents, and soon[6].

On 21 September 2022, Plaintiff advised Defense Counsel that Defense Counsel was now in possession of the protective order he had requested Plaintiff sign, Plaintiff had signed it, and that if Defense Counsel did not execute the document, submit it, and furnish the documents by 22 September 2022 at 4:00 pm EST, Plaintiff would proceed to file a motion to compel[7].

Around 1:00 pm on 22 September 2022 Defense Counsel requested[8] that Plaintiff agree to be bound by the terms of the protective order for financial document production even if the Court did not accept the order. Plaintiff responded and told Defense Counsel he would agree to be bound by the terms of the proposed order and would proceed as though the order were entered, even if it had not been and was not accepted by the Court.

---

[4] Attached as Exhibit 3- Defendant's Proposed Protective Order.
[5] Attached as Exhibit 4- Email Chain Part 1.
[6] Attached as Exhibit 5- 1st Meet and Confer Attempt.
[7] Attached as Exhibit 6- 2nd Meet and Confer Attempt.
[8] Attached as Exhibit 7- 3rd Meet and Confer Attempt.

On 22 September 2022 around 4:50 pm EST Defense Counsel stated he would finalize and submit the order and then provide the documents the evening[9] of the 22 September 2022.

However, on 22 September 2022 around 7:00 pm EST Plaintiff filed for a Protective Order as to (unrelated) discovery being sought by Defendant from Plaintiff.

Now Defense Counsel has not submitted the protective order regarding Defendant's financial documents, bank statements, and tax records, and has not furnished the documents upon Plaintiff. This is clearly in direct retaliation for Plaintiff having sought a protective order as to discovery Defendant sought to conduct into Plaintiff's sexual history, mental health, etc.

Plaintiff has not heard a word out of Defense Counsel on the matter of the stipulated protective order for the financial documents, or what was previously promised as the imminent production of said documents on 22 September 2022.

Plaintiff has insisted on the production of the documents, trying to follow-up[10] with Defense Counsel on 23 September 2022.

Plaintiff sent an additional follow-up email, calling Defense Counsel out for contriving to lay the foundation for yet another discovery dispute that would necessarily have to involve the

---

[9] Attached as Exhibit 8- 4th Meet and Confer Attempt.
[10] Attached as Exhibit 9- 5th Meet and Confer Attempt.

Court, and for clearly working to further drive up the legal fees of his (possibly hapless and clueless) client[11]. Plaintiff gave a final ultimate deadline of 26 September 2022 at 8:00 am EST for the production of the financial, bank, and tax documents, explicitly stating that otherwise a motion to compel would be filed. Plaintiff has not heard from Defense Counsel since 22 September 2022 at approximately 7:00 pm (it was mostly a rant against Plaintiff, a criticism of Plaintiff for making inquiry into Defendant's recent sexual behaviors/history, and a threat by Defense Counsel to sue Plaintiff for defamation) and no mention was made as to when, or even if, Plaintiff would receive the financial documents.

It is clear that Defense Counsel, who on 22 September 2022 at least verbally articulated a willingness and readiness to produce the documents (that evening or night) pursuant to the stipulated protective order has decided not to produce them as a means to retaliate or gain leverage

---

[11] There are generally two distinct possibilities. The first is that Defense Counsel is playing to his Client's ignorance of American Law and Procedure while stringing her along to endlessly bill her for things that shouldn't be occurring (there is significant evidence for this). The second is that Defense Counsel is savvy and in tune with his Client's possible war path agenda against Plaintiff and just wants to bill while cheerleading for her war. In either event, it is quickly becoming obvious that contriving unnecessary disputes to drum up the opportunity to do unnecessary work so as to bill additional fee is the go-to strategy employed by Defense Counsel. It is also possible that Defense Counsel is inept, has no real clue how to properly litigate a case, has no coherent strategy, has no client control over a difficult and possibly mentally ill client, and is content to just ride things out and take as much of Ms. Reynaud's money as possible so long as she is willing to pay for her farce of a defense. There is a tragic irony that for a written retraction and probably 10% of what her legal fees to date have been, Ms. Reynaud could have settled this case on 11 July 2022. Defense Counsel is certainly glad she didn't. Defense Counsel previously (and repeatedly) told Plaintiff that the statements his client made are, as a matter of law, not defamatory, but why then does he take his Client through tens of thousands of dollars worth of contrived discovery disputes instead of just briefing his argument on an early dispositive motion and potentially ending the case? Why is this case not settling? Why has Defense Counsel not filed a dispositive motion sometime in the last 12 weeks if Plaintiff's claims, as he says, fail as a matter of law? Because that cuts off his ability to continue billing Ms. Reynaud. As long as discovery disputes can be contrived and more work drummed up, the cash register keeps ringing.

against Plaintiff for Plaintiff trying to pursue a protective order as to the outrageously abusive discovery sought by Defendant as to Plaintiff.

As of the evening/night (the most recent time Plaintiff has heard from Defense Counsel) of 22 September 2022 at least Defense Counsel has found the time to threaten to sue Plaintiff for defamation for a post Plaintiff made to the Ohio State Bar Association list[12] that does not provide Defense Counsel's name, does not provide the case number, case caption, name of parties, and does not provide sufficient information for anybody to actually identify Defense Counsel. Apparently, Defense Counsel does not want Plaintiff seeking legal advice and ethics guidance from Plaintiff's professional peers[13].

Not only does Plaintiff have to litigate under the threat of 1927 Sanctions, Disciplinary Counsel Ethics Grievances, criminal prosecution in Belgium, Defendant and her Counsel's attempt to involve the FBI to prosecute[14] Plaintiff in the USA, Defendant and her Counsel's attempt to involve the Belgian Embassy in Washington DC to add weight to requests aimed at American authorities criminal prosecution, intrusive and abusive discovery into the most intimate and private

---

[12] Attached as Exhibit 11- OSBA Post by Plaintiff that Defense Counsel claims defamed him.
[13] It is somewhat ironic to see Defense Counsel, a First Amendment attorney, threatening to sue for defamation over a professional who sought legal advice and ethics guidance without divulging the name or providing any information that could have been used to identify Defense Counsel.
[14] Keeping in mind that Mentor's Municipal Law Director and Lake County Prosecutor have already determined no crime was committed and that the dispute is entirely a civil matter. That doesn't matter to Ms. Reynaud and her counsel, they seem to live by "if the first two prosecutors say no crime, go find some others, it might only be a matter of time." This would help explain their apparent strategy of "cause maximum delay." They are playing for time in hopes of having this case determined by outside pressure and coercion via the ethics grievance system, Belgian prosecutors, or perhaps the FBI.

8

details of Plaintiff's life, now Plaintiff has to deal with threats of defamation litigation by a man who apparently doesn't understand the basics[15] of Ohio defamation law.

The post Plaintiff made on the Ohio State Bar Association Email List does not in any way identify Defense Counsel or provide information sufficient for a reader/listener to readily identify Defense Counsel as the subject of the statement. If Defense Counsel wants to sue Plaintiff for that post, at least this Court can breathe a sigh of relief in knowing it will be in the Court of Common Pleas and will not be before this Court[16].

Given that Defendant's net worth is discoverable for sake of computation of punitive damages Plaintiff is clearly entitled to the documents he seeks as they would be relevant to the claim for punitive damages since the documents will be useful (perhaps even necessary) for determining Defendant's net worth at the time of the tortious conduct. R.C. § 2315.21

Because the financial documents are long overdue, because Defense Counsel promised to produce them if Plaintiff signed a stipulated protective order, because Plaintiff signed the order, because Defense Counsel has gone silent in what is apparently retaliation for Plaintiff daring to move for a protective order on other (unrelated) discovery, and because Plaintiff still does not have

---

[15] Defense Counsel presents himself as an expert on defamation law while apparently not understanding basic elements for a prima facie case for defamation under Ohio law. Defense Counsel is definitely an expert in contriving discovery disputes and billing fee.

[16] Plaintiff respectfully believes this Court has enough on its docket from the disputes between Bryan Reo and Ludivine Reynaud and likely does not desire to have defamation litigation between Counsel added to its docket.

the financial documents and does not appear on track to receive the documents, Plaintiff must file this motion to compel.

Therefore, this Plaintiff has no choice but to (once again[17]) come before this Court to ask that the Court intervene and compel Defendant to produce the documents, or perhaps at least cite controlling law for the proposition that the Plaintiff, when seeking punitive damages in Ohio, is not entitled to information relevant to the Defendant's net worth. Perhaps the Defense can cite controlling law that supports the proposition of "Defendant may spitefully withhold documents they are obligated to produce because Plaintiff has dared to file a motion for a protective order on discovery he reasonably finds objectionable."

The Court should enter an order compelling Defendant to furnish Plaintiff with documents responsive to Request for Production of Documents #8 and #9.

In the alternative, this Court could set an in-person status conference and instruct Defendant Reynaud to bring the documents to the in-person status conference.

---

[17] Once again, and this likely is far from the last time Plaintiff will have to come before this Court to get Defendant to cooperate with discovery. Defense Counsel shows that he is perfectly at home playing discovery games of "how dare you move for a protective order on stuff you don't believe you should have to produce, now I am going to hold back something I agreed to produce if you would stipulate to a protective order, you stipulated to it, and I won't sign the order I furnished you, I won't file the order I proposed and furnished you, and I won't produce the documents the evening I said I would, I am going to make you go before the Court to get these documents." Another contrived discovery dispute by a man who wants to bill his client for more unnecessary work. Coming before this Court over a discovery dispute contrived and brought about solely by the actions or inactions of Defense Counsel is fast becoming a weekly occurrence.

Endless discovery disputes, contrived by Defense Counsel, are what this Court and this Plaintiff can look forward to as this case continues to progress forward despite Defendant and her Counsel's best efforts to delay, obstruct, stonewall, and derail. It isn't entirely clear if Defendant is an accomplice of Defense Counsel or is a victim[18].

Plaintiff prays this Court will grant him the relief he seeks and will proceed to resolve these seemingly endless discovery disputes in a manner which puts the Defendant on notice that there will be severe consequences associated with continued non-compliance with the Rules that govern discovery.

Respectfully submitted,

/S/. BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

---

[18] Whatever the circumstances may be, Defendant Reynaud is certainly paying an enormous sum of money, between $40,000 and $50,000 to date. Although she stated at her deposition that she hopes, believes, and expects to recover all of her fees at the conclusion of this case; a curious perspective in light of the American Rule regarding fees. It is possible that Ms. Reynaud doesn't care about legal fees bills because she is operating under the belief that she is not only going to prevail on her defense, but that she will be awarded all of her attorney's fees, so she doesn't scrutinize the fact that many of her bills are for tasks that would have been unnecessary but for her attorney's lack of diligence in attending to this case. In France and Belgium the general rule is that the prevailing party recovers their fees from the losing party. Plaintiff is concerned that Ms. Reynaud is very poorly advised, especially in regards to attorney's fees, and that this has resulted in her adopting a position that has helped assure this case cannot settle, particularly in view of her attorney who appears eager to do unnecessary work and bill for it. Ms. Reynaud appears not to care about her legal fees and expenses, and her Counsel appears fine billing for work that only became necessary because of his bad faith behavior within the litigation. He is happy to bill and she is happy to not scrutinize what she is being billed for, because she expects to ultimately get it all back.

## **CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 26, 2022, I submitted this Certificate of Service and Plaintiff Bryan Anthony Reo's Plaintiff's Motion to Compel Production of Defendant Ludivine Joan Claudia Reynaud's Financial Documents Relevant to her Net Worth to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

Dated: September 26, 2022