**Bryan Reo**

| | |
|---|---|
| **From:** | Bryan Reo |
| **Sent:** | Tuesday, September 20, 2022 12:12 PM |
| **To:** | Raymond Vasvari; K. Ann Zimmerman |
| **Cc:** | 'REYNAUD Ludivine Joan Claudia'; 'Ludivine Reynaud' |
| **Subject:** | RE: Reo v Reynaud [Discovery Concerns and pending motion for Protective Order] |

I am prepared to go forward with Ms. Reynaud's deposition tomorrow with what I have on hand. We can worry about outstanding document production shortly. If it becomes necessary we can coordinate or stipulate to a second deposition of 1-2 hours or if necessary I would move the court to allow another 7 hour deposition.

Since the issue of her communications and documents with the Belgian could not be resolved, it is my intention to seek to do a second deposition [up to 7 hours] once the court resolves the issue of her production of those Belgian documents.

Furthermore, since you are in possession of the electronically signed copy of the proposed protective order you asked me to sign, for production of her financials, and you have not signed and submitted it, let alone furnished me with the financial docs, bank docs, tax docs, etc., it would also be my intention to, in the near future, move the court to compel the production of those docs and then do a deposition on those docs.

If you wish to avert and avoid those sort of issues, I invite you to promptly sign and file the proposed stipulated protective order, furnish me the financial docs, and then I also invite you to furnish me the Belgian police docs.

Suffice to say, she has not provided the following.

1. Correspondence with Dominique Gouly.
2. Correspondence with Anne Giraud.
3. Correspondence with Emmanuel Brun.
4. Correspondence with Fabien Roodhands.
5. Complete correspondence with the 4 fact witnesses she has provided clearly abridged Whats App chat logs for.

I have asked that Ms. Reynaud use the "export chat" feature and send me the Whats App chats, directly, to Reo@ReoLaw.org instead of downloading the chats to her desktop and clearly modifying parts of the conversations, with some messages clearly deleted, before they are saved and sent on to me.

If you could not care less about my sexual orientation you would not have asked if I use the dating app Grindr. You identified it as social media, it is not social media, it is an app. I will disclose whether I have ever used it, subject to a court order requiring me to make that disclosure, but that disclosure will not come cheaply. If you intend to pry into whether I have ever used an LGBT dating app, I will let you work through legal process to try to compel that disclosure, I will abide by any court order requiring that disclosure, and the process will unfold as it unfolds. Asking me whether I have ever used an LGBT dating app would not give you any insight into the identities of my past relationship partners. It is a clear and cheap maneuver to implicitly threaten, "Ms. Reynaud has always maintained you are bisexual and have sex with men, I intend to prove it, if I can prove it, she or I will out you through this case." I will cooperate with a court ordered inquiry into my sexuality, sexual orientation, sexual past, sexual likes, sexual behaviors, and sexual proclivities, but I am going to make you involve the court and I am going to make you put your professional reputation on the line. You can go down the road and perhaps drag me along down that road, but you had better be prepared to face the

consequences in the proceeding that may come about from embarking on that path. I cannot stop you from taking things down that road, but I have invited you to withdraw what I flagged as abusive and irrelevant discovery.

Remember, when this case is over I am moving, leaving Ohio forever, and taking up residence on a ranch/vineyard. You are presumably still going to be in Ohio and still practicing law in NE Ohio. Ms. Reynaud is presumably still going to be in Brussels and still working in the parliament. How you behave in this case and the sort of court involvement you attempt to procure to inquire into sexual issues about me, will likely have a key role in shaping your reputation in this community for the next 30 years. As for me, I will be growing grapes, making wine, breeding horses, raising horses, raising cows, and selling cows, when not leasing out my land for various courses and seminars.

Asking a man "do you use an LGBT hook-up or dating app?" does not address the matter of "how do you disconnect from intimate partners in the aftermath of a relationship?"


Somehow my past relationships are relevant but you do not believe Ms. Reynaud's past, let alone recent relationships, are relevant in regards to the fact that she appears to be a serial defamer who defames men and damages their careers in the aftermath of her numerous and many failed relationships.

This is a defamation case, the issue is whether or not Ms. Reynaud defamed me when she accused me of [criminally] threatening her and "possibly" or "probably" publishing or impersonating her on pornographic websites. My behavior in the aftermath of a relationship, unless it allegedly involves threatening a woman or impersonating for pornographic purposes, is not relevant, it is not probative of any fact in consequence.

Your seeking of discovery on "all mental health records and therapist notes" going back to age 18, that is 16 years into my past, is so over-the-top and beyond the pale that it might be necessary to seek a protective order preventing the vast majority of the discovery you intend to conduct on me. As an aside, I do have approximately a significant amount of files responsive to non-objectionable discovery, that might be responsive to your requests.

I believe you be underwhelmed when you learn that almost every person I have to disclose is privileged. I have discussed Ms. Reynaud with precisely one non-privileged person, a Danish psychic. Every other person I have discussed Ms. Reynaud or my dispute with her, is privileged by one or more of the following privileges. 1- atty-client, 2- psychotherapist-patient, 3- clergy-penitent, 4- spousal privilege/confidential marital communication.

I can be deposed October 17, October 19, October 24, and October 26.


I will again invite you to withdraw the discovery I have identified as objectionable, offensive, and abusive. I have a motion for a protective order that I am prepared to file, and I believe it will have to be filed with enough time for the court to rule on the matter, especially if you intend to depose me in the next 20-30 days and you intend to depose on those matters.

I do not want a situation where the first time the issue of an abusive question is raised winds up being at my deposition, the deposition stalls or is adjourned to seek intervention of the court, which might take 10-30 days, meanwhile the dispositive motion briefing schedule winds up derailed and the whole case is pushed by 8-12 weeks. I want to keep the schedule and keep things flowing and moving properly.

I have invited you to try to resolve the matter by 4:00pm on 21 September 2022. If you are telling me you do not intend to withdraw the discovery I flagged as offensive and abusive, then I will proceed accordingly to timely and properly protect and safeguard my interests, while giving the Court sufficient notice and time to render a ruling prior to any deposition you wish to conduct as to me and prior to my having to go through formal written discovery.

Sincerely,

Bryan Reo

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Sent:** Tuesday, September 20, 2022 11:37 AM
**To:** Bryan Reo <reo@reolaw.org>; K. Ann Zimmerman <zimmerman@vasvarilaw.com>
**Cc:** 'REYNAUD Ludivine Joan Claudia' <ludivine.reynaud@europarl.europa.eu>; 'Ludivine Reynaud' <ludivineclaudia.reynaud@yahoo.com>
**Subject:** Re: Reo v Reynaud [Discovery Concerns and pending motion for Protective Order]

Mr. Reo:

I will be in deposition until 5:00 pm.

Please provide me a list of what you think might be outstanding before you complete Ms. Reynaud's depo tomorrow so that I can turn to getting you any additional information you need.

As for withdrawing Requests: I could not care less about your sexual orientation. I am interested in potential witnesses (past relationships) who can speak to your ability or inability to disengage from a relationship when it ends.

Why don't you object where you think objections are needed. When I see the whole response, I will be in a better position to assess whether the information matters enough, in light of what is produced, to warrant the trouble of a motion to compel.

Can you provide October dates for your deposition post October 13 that still work?


Yours sincerely,


Raymond V. Vasvari, Jr.




20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5366