# Bryan Reo

| | |
|---|---|
| **From:** | Bryan Reo |
| **Sent:** | Friday, September 23, 2022 4:05 PM |
| **To:** | Raymond Vasvari |
| **Cc:** | K. Ann Zimmerman; 'Ludivine Reynaud'; 'REYNAUD Ludivine Joan Claudia' |
| **Subject:** | RE: Additional Production |

As to "discovery for me but not thee" I have been gathering, categorizing, and preparing documents responsive to your non-objectionable requests. I intend to produce at least 900 separate files of ESI, perhaps 1,250+ (I have more to gather), and it will be at least 12-15GB. I have made good progress seeing as how your requests were sent to me on 15 September 2022 and I have 30 days within which to respond. I intend to use 29 days to gather responsive documents, make sure everything non-privileged and non-objectionable is responded to, with responsive documents, object where appropriate, and then provide the responses and the documents.

I would hope that your lack of attention to the stipulated protective order for the financials, and the failure to make the promised progress last night, with apparently no progress today, is not in retaliation for my moving for a protective order last night.

I intend to produce a mountain of responsive non-privileged documents/ESI in regards to the non-objectionable discovery you propounded on me.

I have already made agreements regarding the protective order on her financials, bank docs, tax returns, etc., to the extent you asked me to agree to be bound by the terms even if the court doesn't accept the order and I agreed to be so bound.

If I don't have the financials, bank docs, and tax returns by 8:00 am EST on 26 September 2022 [Monday] I will file a motion to compel.

You seem to like to do discovery of "withdraw yours and we'll withdraw ours" "show us yours and we'll show you ours."

You won't produce the Belgian police file/docs and you have invited me to either produce my file as to her, or withdraw my request. I don't play that sort of tit-for-tat gamesmanship.

If you file a motion to compel on discovery on me, I won't retaliate by stonewalling production of non-privileged non-objectionable docs.

As I said, I expect the financials by 8:00 am EST on 26 September 2022 or else there will be another motion to compel filed. We'll have another round of discovery disputes, unnecessary ones might I add.

I think the only pattern emerging here is that you love discovery disputes because that means the cash register is operating and the money is flowing in from across the Atlantic.

It isn't my job nor my responsibility to keep your client from spending her life savings paying you to resolve unnecessary discovery disputes that you contrived to bring about. I'm sure when the case is over you'll sit around and laugh about how you lightened her for $125,000 or so the same way Susan Bessman's Ohio lawyer Paul Greenberger probably laughs at having gotten $38,000 from an Aryan Nations director for about 20 pages of briefing that raised legally insufficient invalid defenses that were all rejected in South Dakota. Paying $38,000 for, "barratry, champerty, maintenance, and unclean hands" was a bad move by Bessman. Greenberger or her local South Dakota counsel also read the map wrong

and placed the ranch in the wrong county with the wrong agricultural valuation code. It made it difficult for her to settle because she insisted the land was worth $5,000,000 when it was not.

When a lawyer helps a client adopt a position of refusing to settle, it generally helps only the lawyer.

But it isn't my place on this Earth to keep fools from squandering their money. For a well-read, educated, and cultured Sciences Po girl I can't exactly say your client has a surplus of wisdom or discernment.

Seneca once remarked "if a man knows not to which port he sails, no wind is favorable." Your client knows not to which port she sails and when her ship finally smashes apart on the rocks she's going to feel rather silly and foolish, especially if she unnecessarily went broke along the way.

I would hope we could avoid unnecessary contrived discovery disputes.

By the way, if you want to sue me for defamation on the OSBA list post that doesn't mention you, refer to the case by name or number, describe or name the parties, or even provide which court the case was in and whether state or federal, and consists only of a privileged opinion, made in the course of seeking ethics advice and legal advice, then by all means sue me. I can't stop a man from suing me. As a supposed defamation specialist you almost certainly must understand that my statement on the OSBA list was not actionable as defamation because it was not "of or concerning" you.

If the email was forwarded to you it raises questions as to how and why they would have done that absent input by you, because there is nothing in there that would reasonably identify you. One lawyer reached out to me and he didn't know the case or your involvement. He didn't even know it was about me and not actually a client matter.

You do understand the substantive law of defamation, right?


Sincerely,

Bryan Reo



Bryan Anthony Reo (#0097470)
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Personal): (440) 313-5893


Admissions- Ohio Courts and Agencies [#0097470], Michigan Courts and Agencies [#P84119], N.D. Ohio, S.D. Ohio, E.D. Michigan, W.D. Michigan, 3rd Circuit, 6th Circuit, Court of Appeals for the Armed Forces (#37033), United States Air Force Court of Criminal Appeals (AFCCA), and United States Navy-Marine Corps Court of Criminal Appeals (NMCCA).

This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information.  Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed