IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan A Reo,<br><br>        Plaintiff,<br><br>– vs –<br><br>Ludivine Joan Claudia Reynaud,<br><br>        Defendant. | Case No.: 1:22-cv-00510<br><br>Judge: James Gwin<br><br>Magistrate Judge James E. Grimes, Jr.<br><br>Motion to Strike Plaintiff's Motion for a Protective Order (ECF No. 33) For Being Impertinent, Scandalous & Immaterial |

Defendant Ludivine Joan Claudia Reynaud, by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 12 (f), L.R. Civ. 83.7 (a) hereby moves the Court for an Order striking the Plaintiff's Motion for a Protective Order (ECF No. 63) as so Impertinent, Scandalous and Immaterial as a whole to warrant its removal from the Court's docket.

A.    THE MOTION FOR A PROTECTIVE ORDER IN CONTEXT

At the outset, it bears emphasis what this Motion is **not**: a Response in Opposition to the Motion for a Protective Order on its merits. Ms. Reynaud has neither the need nor the desire to pry into the sexual affairs of Mr. Reo through the use of discovery.[1]

This is true notwithstanding the fact that Mr. Reo has relentlessly done as much to her, seeking to discover the identities of past and present sexual partners, and going so far as to ask her in deposition to opine on his skill as a lover. Inquiries and allegations about Ms. Reynaud qua former girlfriend have dominated his papers from the start.

---

[1] Ms. Reynaud does oppose the Motion for a Protective Order to the limited extent that it seeks to prohibit discovery of Mr. Reo's mental health and psychological history, because his Complaint, ECF No. 1 at ¶¶ 64 and 71 claims mental anguish and severe emotional distress among the damages allegedly caused by her conduct. See Complaint, ECF No. 1, at Page ID 18–19. This limited opposition is presented in a separate Response, being filed under a Motion for Leave to File Instanter due to a calendaring error on the part of the undersigned.

In his First Set of Requests for Admission, Mr. Reo directed no fewer than twenty–five Requests asking Ms. Reynaud to admit she had been sexually involved with various people, including her present supervisor, a Member of the European Parliament.[2]

In his First Set of Interrogatories, Mr. Reo demanded the name and contact information of every sexual partner Ms. Reynaud has had since January 2015, and the names of all sexual partners with various political affiliations in France.[3]

During her deposition, Mr. Reo questioned Ms. Reynaud about past and present sexual partners, and went so far as to read an email between them and ask that she agree that he was (albeit in far more explicit terms) good in bed.[4]

Having made these inquiries, the Plaintiff is now outraged that, as he sees it "Defense Counsel believe[s] that Plaintiff's sexual orientation and sexual history/past are somehow relevant." [5] He concludes that counsel is trying to put his sexual orientation at issue because her Requests for Production define social media broadly to include—along with thirty-seven (37) other platforms—Grindr, a gay dating site. From this, and several Interrogatories asking the Plaintiff to identify sexual and romantic partners, Mr. Reo concludes that undersigned counsel wants to "out" him as gay. Nothing of the sort is true. The definition of Social Media used in the Defendant's Interrogatories is not unique to this case. Undersigned counsel often litigate defamation cases, and use recycled definitions in discovery from case to case, as do most lawyers.[6] No one deployed Grindr just for Mr. Reo, who interpreted a recycled definition section as a personal attack.

---

[2] See Exhibit A hereto, Responses and Objections to Plaintiff's Requests for Admissions, at Requests Nos. 33, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 65, 67, 68, 102, 103, 111, 199, 201, 203, 207, and 208.

[3] See Exhibit B hereto, Responses and Objections to Plaintiff's Interrogatories, at Nos. 5 and 14.

[4] See Exhibit C hereto, Excerpts from the Defendant's Deposition, Second Day, September 21, 2022 at 283–84, 312-17.

[5] Motion for Protective Order, ECF 63, at Page ID 815.

[6] In fact, the definition that so concerns Mr. Reo was used recently in another defamation case in this Court, Reid v. Moore, Case No. 1:21-cv-00991-JG. Exhibit D contains Interrogatories served in that case.

Despite the Plaintiff's assertion, there are perfectly good reasons to identify his sexual and romantic partners. Ms. Reynaud approached the Mentor Police because, after her relationship with the Plaintiff ended, he continued in a relentless pattern of unwanted communication.[7] Identifying his past partners would permit inquiries into whether he has engaged in similar conduct in the past bearing on the truth of what Ms. Reynaud said to the police.[8]

The Plaintiff, who has proposed deposing the mother, sister, preschool niece and former roommates of Ms. Reynaud, should see that his prior interactions with formers partners could matter here. But he has chosen to oppose the discovery of that information (which essentially seeks the names of potential witnesses) in a Motion so scandalous, impertinent and vitriolic that it exceeds by miles anything else that counsel has seen in thirty–one (31) years at the bar.

**B.    THE MOTION FOR A PROTECTIVE ORDER SHOULD BE STRICKEN FROM THE DOCKET**

"A court has 'the inherent authority to strike non-pleadings in order to manage its docket.'" *White v. City of Cleveland*, No. 1:17-CV-01165, 2020 U.S. Dist. LEXIS 129661, at * 7-8 (N.D. Ohio July 22, 2020)(quoting *Taylor v. JP Morgan Chase Bank,* N.A., No. 3:15-CV-509-HBG, 2018 U.S. Dist. LEXIS 188020, 2018 WL 5777497, at * 3 (E.D. Tenn. Nov. 2, 2018). Immaterial, impertinent or scandalous material may be stricken by the Court on a motion or sua sponte. *Id*.

> "An immaterial matter is that which has 'no bearing on the subject matter of the litigation," while "[i]impertinent allegations include statements that are not necessary to the issues presented." A scandalous matter "refers to 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"

---

[7] See Exhibit C., Reynaud Depo, September 2, 2022 at 85–87.

[8] Similar acts evidence is not ordinarily admissible under Evid. R. 404. But when a plaintiff brings a claim for defamation, he puts his character into issue, opening the door to prior acts evidence under Evid. R. 405(b). *Decker v. Murphy Oil,* Civil Action No. 6:04-20-DCR, 2005 U.S. Dist. LEXIS 54444, at * 2-3 (E.D. Ky. June 30, 2005) (citing: *Schafer v. Time Inc*., 142 F.3d 1361, 1371-72 (11th Cir. 1998); *Government of Virgin Islands v. Grant*, 775 F.2d 508, 511 (3d Cir. 1985); *Rice v. Rose & Atkinson*, 176 F. Supp. 2d 585, 594 & n.8 (S.D.W.V. 2001); *Longmire v. Alabama State Univ.*, 151 F.R.D. 414, 419 (M.D. Ala. 1992).

*White*, *supra*, at • 7–8 (quoting *McKinney v. Bayer Corp.,* No. 10-CV-224, 2010 U.S. Dist. LEXIS 69247, 2010 WL 2756915, * 1 (N.D. Ohio July 12, 2010) (quoting *Johnson v. Cty. of Macomb*, No. 08-10108, 2008 U.S. Dist. LEXIS 38617, 2008 WL 2064968, at * 1 (E.D. Mich. May 13, 2008) (in turn quoting (quoting *Pigford v. Veneman,* 215 F.R.D. 2, 4 (D.D.C. 2003)).

The general disfavor that attends motions to strike is relaxed when the material to be stricken is scandalous in nature. Vol. 5C, C Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466–67 (2004).

Striking scandalous material is especially appropriate when the material at issue does not present or respond to an argument but represents an attempt to abuse the litigation process, and by extension the procedures of the Court, to attack an individual personally. *See, e.g.*, *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (allegations that reflect adversely on the moral character of someone not a party that are unnecessary to a decision on the matters at issue should be stricken); *Pigford*, *supra*, 215 F.R.D. at 4-5 (D.D.C. 2003) (unfounded accusations that counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel paid off prospective expert witnesses*); Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (likening party to a vulture).

Allegations that improperly call the competence or professional history of counsel into question are scandalous and should be stricken. *Woodard v. O'Brien*, No. 2:18-cv-1523, 2020 U.S. Dist. LEXIS 228608, at * 14-17 (S.D. Ohio Dec. 4, 2020) (allegations of an attorney having past job troubles and performing poorly in unrelated cases are properly stricken). *See also: Gueye v. U.C. Health,* No. 1:13-cv-673, 2014 U.S. Dist. LEXIS 141834, at * 9 (S.D. Ohio Oct. 6, 2014) (dismissing complaint that contained numerous denigrating and inflammatory remarks, including scandalous allegations suggesting that counsel was biased against minority groups and that the United States Magistrate Judge was partial and incompetent).

The Motion for Protective Order is shot through with allegations at least as scandalous as those stricken in the cases cited. We do not repeat them here, for the obvious reason that to do so would defeat the purpose of this motion by spreading them elsewhere on the record. But they are not hard to spot, and can be identified by reference to their location in the brief. The following statements have no place upon the Docket of this Court and should be stricken. [9]

> A. On **Page ID 815–16** the sentence beginning "It is a legitimate" and ending "before Disciplinary Counsel" should be stricken. It is false and immaterial. [10]
>
> B. From the bottom of **Page ID 816**, the passage that begins "One of the men Reynaud . . ." and continues onto **Page ID 817**, concluding to the end of the paragraph ending in ". . . adult oriented websites." There remarks about the sex life of the defendant are scandalous and immaterial. They have nothing to do with whether the Plaintiff's mental health records and the identities of people with whom he has broken up should be discoverable. [11]
>
> C. The whole paragraph beginning in the middle of **Page ID 817,** and well as **footnotes 7 and 8** on that page. All insinuate that the Defendant tampered with witnesses, including perhaps in amorous ways in a London hotel. It is scandalous and immaterial, and the Plaintiff never explains the significance of the individuals he calls witnesses nor the testimony they supposedly would offer.
>
> D. On **Page ID 819, all of footnote 11**. These allegations misrepresent occurrences in this case, attempts to tie the Defendant to extremist French politicians, and attributes—in quotes—statements to undersigned counsel that were never made. The Defendant's politics have nothing to do with the stalking allegations she made to the Mentor Police. The fees charged by undersigned counsel are not known to the Plaintiff and are none of his concern in any event. And statements attributed in quotes to counsel were never made.

---

[9] These allegations are such an integral part of the Motion that we contend the document should be stricken in its entirety. Should the Court choose to excise only the broad swaths of inappropriate material, the Defendant would ask that at least every statement identified herein should be stricken.

[10] If Plaintiff is subject to any such investigation, undersigned counsel, then by operation of Ohio R. Gov. Bar Sect. 5 (A) and (B) and Sect. 8, would be neither the Relator nor the investigator. The charge that we are gathering evidence to that end misunderstands the process to which it refers.

[11] The question is not the comparative relevance of Mr. Reo's sex life to that of Ms. Reynaud. Rather, the question is (as explained above) whether Mr. Reo treated other former partners in the ways that led Ms. Reynaud to report him to the Mentor Police.

1. Counsel never made the statement beginning "I intend to expose" and ending "ideas," nor did he make the statement "if you are not . . ." and ending ". . . out you," and Plaintiff cannot cite the in the record because they are not there.

2. Counsel is catering to the bigotry of no one, and nothing in the record suggests that the Defendant is a bigot, rather than the victim of an obsessive former boyfriend who refuses to break contact. Nor is there anything to suggest that Mr. Reynaud is a hate monger.

These statements are nothing but ad hominem attacks. Moreover, attributing statements that counsel never made, in quotes, is nothing less than a fraud on the Court and violative of Civil Rule 11.

E. On **Page ID 818, all of footnote 10,** which is nothing but an extended ad hominem attack on the Defendant and her counsel, and includes unsubstantiated allegations that she is a neo-fascist, and that counsel is incompetent, malicious, homophobic and has abused the disciplinary process against the Plaintiff.[12]

F. On **Page ID 822 all of footnote 14**, and especially the characterizations of the Defendant as a bigot and the false suggestion she is using discovery to "out" the Plaintiff. This is incendiary, false and a personal attack that is immaterial to the allegations of defamation based on her Police Report.

G. On **Page ID 824, the first full paragraph**, which continues onto **Page ID 825**, in which undersigned counsel is characterized as unethical and incompetent, baseless allegations that have nothing to do with the matters in contention this litigation and are nothing but a scandalous personal attack of the sort most appropriately stricken from a filing.

H. On the same bases, on **Page ID 824, footnotes 17 and 18**.

I. On **Page ID 825, the first full paragraph**, which continues onto **Page ID 826,** in its entirety and for the same reasons.[13]

---

[12] The last allegation appears in several of the recent submissions by the Plaintiff and bears explanation. No threats are involved. Undersigned counsel did inform the Plaintiff that he had violated Ohio R. Prof. Resp. 4.2 when the Plaintiff, on five separate occasions, sent lengthy emails to Ms. Reynaud in an effort to settle the case, knowing that she was represented by counsel and deliberately failing to copy counsel on those emails. For the email in which Plaintiff was so advised, see Exhibit E hereto. For the emails in which the Plaintiff made unauthorized and surreptitious contact with the represented Defendant, see Exhibit F hereto.

[13] It is not a little ironic that the Plaintiff—who has filed more than a dozen motions over the sorts of minor discovery disputes and delays ordinarily worked out with a collegial telephone call—faults the Defendant and her attorney for turning a "simple defamation case" into a "mess." It is the epitome of projection.

  J.  On **Page ID 826, all of footnote 23**. From start to finish this is an immaterial but incendiary attack on the professional ethics, competence and diligence of undersigned counsel, with no bases in fact, and no relevance to the matters at issue in this case.

  K.  On **Page ID 828, all of footnote 24**. Pillow talk that occurred between Mr. Reo and Ms. Reynaud while they were in a relationship, and concerning the former's ex-wife, is immaterial and its inclusion here is intended to create bias against the Defendant.

There is no proper purpose for these statements. They neither advance nor respond to any argument, nor make any material contention in this case more or less likely to be true. They serve only two self-evident purposes: to disparage Ms. Reynaud and her counsel, and; to let Mr. Reo vent his spleen over a relationship that ended other than to his satisfaction. The Docket of this Court is not an appropriate forum for either of these things.

  C.  CONCLUSION

The Motion for Protective Order is so permeated with scandalous, immaterial and impertinent material that it should be stricken in its entirely. Failing that, the portions identified above should be stricken from the docket.

            Respectfully submitted,

            /s/ Raymond V. Vasvari, Jr.

            RAYMOND V. VASVARI, JR. (0055538)
             vasvari@vasvarilaw.com
            K. ANN ZIMMERMAN (0059486)
             zimmerman@ vasvarilaw.com
            VASVARI | ZIMMERMAN
            20600 Chagrin Boulevard
            Suite 800 Tower East
            Shaker Heights, Ohio 44122
            Telephone | 216.458.5880
            Telecopier | 216.302.7000

            Attorneys for Defendant
            Ludivine Joan Claudia Reynaud

— CERTIFICATE OF SERVICE —

      The foregoing was filed today, Sunday, October 9, 2022, via the Court's Electronic Filing System. Service will be made upon represented parties and copies may be obtained through operation of the CM | ECF System.

      Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

RAYMOND V. VASVARI, JR. (0055538)
  vasvari@vasvarilaw.com
K. ANN ZIMMERMAN (0059486)
  zimmerman@ vasvarilaw.com
VASVARI | ZIMMERMAN
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122
Telephone | 216.458.5880
Telecopier | 216.302.7000

Attorneys for Defendant
Ludivine Joan Claudia Reynaud

– Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒ It relates to a non-dispositive motion and no more than fifteen (15) pages;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the attorneys for Plaintiffs

## – Certificate of Service –

The foregoing was filed today, Monday, October 10, 2022, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

                Respectfully submitted

                /s/ Raymond V. Vasvari, Jr.

                **Raymond V. Vasvari, Jr.** (0055538)
                  vasvari@vasvarilaw.com
                **VASVARI | ZIMMERMAN**

                One of the Attorneys for the
                Chandra Law Firm and Subodh Chandra