IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al.,<br><br>        Plaintiffs,<br>  -vs-<br><br>Darryl Moore,<br><br>        Defendant. | Case No. 1:21-cv-00991<br><br>Judge James Gwin<br><br>Plaintiffs' First Set of Interrogatories Propounded Upon Defendant Darryl Moore |

      Plaintiff, Larry D. Reid and Larry Reid Live, L.L.C. ("Plaintiffs" or "the Interrogating Parties") by and through counsel and pursuant to Rules 26, 33 and 37 of the Federal Rules of Civil Procedure, hereby propound the following Interrogatories upon Defendant Darryl Moore ("Moore" or "the Responding Party").

– **INSTRUCTIONS** –

      1.    The Responding Party shall answer each of these Interrogatories separately, fully and under oath, with the answers and any objections provided to undersigned counsel at Vasvari | Zimmerman, 20600 Chagrin Boulevard, Suite 800 Tower East, Shaker Heights Ohio 44122-5353, vasvari@vasvarilaw.com, no later than thirty days after their service upon the Responding Party, or on the next business day if the thirtieth day falls upon a Saturday, Sunday or legal holiday.

      2.    If the Responding Party objects, in whole or in part, to any Interrogatory, pursuant to Civil Rule 33(b)(4), he/she/it shall state the part against which the objection is interposed, if other than the entire Interrogatory, and state with specificity the basis for the objection.

      3.    Where an Interrogatory does not require a specific fact, but where such fact or facts are necessary to make the answer to the Interrogatory either comprehensible, complete or not misleading, you are requested to include such fact or facts as part of the answer and the Interrogatory shall be deemed to specifically request such fact or facts.

      4.    In lieu of identifying documents relevant to these Interrogatories, such documents may be referred to and attached to the Responding Party's responses. Otherwise, it is requested that, pursuant to Civil Rule 33(d)(4), you identify each document with sufficient specificity and detail to permit the Interrogating Parties to make a Request for Production pursuant to Civil Rule 34 that would permit the requested information to be located and identified within the specified records as readily as the Responding Party could.

DEFENDANT'S EXHIBIT

Mot Strike • D

5. Before making any objection that a particular Interrogatory is vague or overly broad, counsel for the Responding Party is invited to call undersigned counsel to discuss the possibility of clarifying and/or narrowing the Interrogatory so as to avoid any delay in your identifying and providing the information to which the Interrogating Parties are entitled if the Interrogatory were clarified and/or narrowed.

6. These Interrogatories shall be deemed continuing to the extent permitted and required by Civil Rule 26(e)(1)(A), and should additional information become available or known to you, so as to render any Answer incorrect or incomplete, you shall timely update your Answer unless additional or corrective information has been made known to the Interrogating Parties during the discovery process or in writing.

– **DEFINITIONS** –

As used herein, the following terms shall have the following meanings. In each instance, unless context plainly dictates otherwise, the use of the masculine shall include the feminine, the singular shall comprehend the plural, the present tense shall include the past and the nominative shall include the possessive ("you" to include "your").

1. "**Relate**" and any variant thereof (e.g., relating; related; relates; relating to), when used in an Interrogatory, shall mean to evidence, mention, constitute, contain, summarize, describe, concern, refer to, support, contradict, or address in any way the subject matter of the Interrogatory.

2. **"Document"** or **"documents,"** as used herein, means, without limitation, any medium upon which intelligence or information can be recorded or retrieved, including electronically stored information, and further includes the following items regardless of the method of recordation or reproduction: All manuals, handbooks, contracts, writings, books, periodicals, memoranda, notes, or marginal notations, drafts, summaries, indexes, lists, forms, minutes, diaries, schedules, calendars, appointment books, telephone messages, letters, claims, applications, complaints, email transmissions, telegrams, correspondence, brochures, pamphlets, circulars, press releases, bills, invoices, order forms, receipts, accounts, records of meetings or communications, revisions or drafts, photographs and sound or video recordings or information stored or sorted by computer, including any information or intelligence stored offsite or in "the cloud," all SMS messages, texts, voicemail, email, social media postings, social media homepages or sites, websites, internal and external hard drives, thumb drives, flash memory devices, CDs, CDRs, CDRWs, DVDs, DVDRs, SD cards, and all other documents and things within the meaning of Civil Rule 34, including Electronically Stored Information.

3. Each non-identical copy, version or iteration of a Document shall be considered a separate Document for purposes of these Interrogatories.

4. With respect to any person or entity with respect to whom information is sought herein, the terms **"identify"** and **"identification"** shall mean to state:

a. The name of the person or entity;

   b. The person's or entity's present or last-known home address and telephone number;

   c. The person's or entity's present or last-known business address and telephone number.

5. With respect to any document with respect to whom information is sought herein, the terms **"identify"** and **"identification"** shall mean to state:

   a. The type or nature of the documents (e.g., letter, contract, email, note);

   b. The date on which the document was created ;

   c. The identification of each author and every known recipient;

   d. The title of the document;

   e. Its present location by address, city, state and zip code;

   f. The identity of its present custodian(s).

6. **"Electronically Stored Information"** and **"ESI"** shall have the broadest meaning consistent with the language of Civil Rule 26(a)(1)(A).

7. **"You"** or **"Your"** shall refer, in the nominative and possessive cases respectively, to Defendant Moore, and where applicable, any employees, agents, officers, managers, directors or other persons acting for it, with it, or on its behalf in any manner related to the subject of the particular request for information.

8. **"Complaint"** shall mean the latest Complaint, Verified Complaint, or Amended Complaint which either initiated or was subsequently filed in the captioned matter.

9. **"Counterclaim"** shall mean the Counterclaim filed by Defendant Moore, together with his Answer in the captioned matter, on August 29, 2021, which appears on the Court's Docket as Item No. 12.

10. **"A Team"** shall mean any person appearing as a guest or panelists in any You Tube Video you have produced which video begins with or includes the opening motif described in Paragraphs 26 and 27 of the Complaint (ECF No. 1) by which this action was commenced.

11. **"Advertiser"** shall mean any person or entity from which you have received money or any other thing of value in consideration for mentioning, promoting, praising, featuring or referring to any product or service provided by him, her or it during any YouTube Video.

12. **"Bulletin"** shall mean any message sent to the subscribers to a YouTube Channel, by the owner of the Channel, via YouTube, such that the message will appear in the YouTube feed of every subscriber thereto.

13. **"Channel"** shall mean the online location under which YouTube content produced under a given YouTube account is collected and organized, and including any videos, Channel Home Page, channel information, branding information, links to archived videos, graphics, comments, descriptions of the content available on the videos listed or displayed there.

14. **"Online Guest"** shall mean any person, other than Moore, who by prior agreement appears in a video that includes, is hosted by, narrated by, produced by or published by Moore.

15. **"Social Media Account"** shall mean any account which you control, whether in your own name or otherwise, that permits you to post messages or information on any platform by which that content is distributed to other persons who have an account on the same platform, including, without limitation: 4chan; 8kun; Reddit; DeviantArt; Discord; Duolingo; Facebook; Flickr; Gab; Goodreads; Google Hangouts; Grindr; Hello; ICQ: Instagram; LinkedIn; Meetup; MeWe; Nearby; NextDoor; Parler; Pinterest; Quora; SoundCloud; Snapchat; Stack Overflow; Tik Tok; Tumblr; Twitch; Twitter; Weibo; WhatsApp; Whisper; WordPress, and; YouTube.

16. **"Sponsor"** shall mean any person or entity that has provided you with any thing of value for exposure, mention or endorsement on any Social Media Account controlled by you.

17. **"Subscriber"** shall mean any person with an account which allows them to post to and receive content from any Social Media Platform.

18. **"Video Impressions"** shall mean the total number of times a video posed on You Tube has been viewed since it was first posted.

19. **"Your Subscribers"** shall mean the users on any Social Media Platform on which you publish who have acted so as to automatically receive, via that platform, messages, content or publications made by You on that platform, without the need to find, search for, or individually select the content in question.

20. **"YouTube"** shall mean the online video sharing and Social Media Platform operated by Google.

―――

*– Interrogatories Begin on the Next Page –*

4

**In compliance with Civil Rules 26, 33 and 37, and in accordance with the instructions and definitions above, please produce for inspection and copying the following documents, ESI and things:**

**Interrogatory No. 1**

Identify every person known to you to have information regarding the allegations contained in the Pleadings (e.g. the Complaint, Answer & Counterclaim) in the captioned matter.

**Answer:**

―――

**Interrogatory No. 2**

Identify every document which you consulted or upon which you relied in preparing Answers to these Interrogatories.

**Answer:**

―――

**Interrogatory No. 3**

Identify every Online Guest who participated in any video you posted online—including without limitation videos posted to YouTube—in which the Plaintiffs, or either of them, were discussed or mentioned.

**Answer:**

―――

**Interrogatory No. 4**

Identify every person whom, in any video which you posted online, you claim Reid sexually abused, exploited, or with whom you claim Reid had an inappropriate sexual relationship, including without limitation the fourteen year old boy in Raleigh North Carolina, with who Reid is alleged to have engaged in inappropriate sexual relations

**Answer:**

———

**Interrogatory No. 5**

Identify every person who participated in answering these Interrogatories other than in a purely clerical manner.

**Answer:**

———

**Interrogatory No. 6**

For every person identified in response to Interrogatory No. 3, identify by date the video or videos in which they appeared.

**Answer:**

———

**Interrogatory No. 7**

State with particularity all information known to you which supports the contention that the Plaintiffs, or either of them, sought or received pandemic-related financial assistance from any government office or agency.

**Answer:**

―――

**Interrogatory No. 8**

State with particularity all information known to you which supports the contention that the Plaintiffs, or either of them, engaged in any illegal or improper activity with regard to preparing, filing and / or paying taxes.

**Answer:**

―――

**Interrogatory No. 9**

State with particularity all information known to you which supports the contention that Reid influenced or intimidated persons in an effort to prevent them from disclosing information about him or his activities.

**Answer:**

―――

**Interrogatory No. 10**

Identify every advertiser and / or sponsor who has advertised on or sponsored content on your You Tube channel.

**Answer:**

―――

**Interrogatory No. 11**

State with particularity all information known to you which supports the contention that Reid engaged in sexual relations outside of marriage.

**Answer:**

―――

**Interrogatory No. 12**

State with particularity all information known to you which supports the contention that Reid prevailed upon his wife to have an abortion against her wishes or will.

**Answer:**

―――

**Interrogatory No. 13**

State with particularity the revenue generated each month by your YouTube channel, Including without limitation revenue from advertisers, sponsors and/or subscribers.

**Answer:**

---

**Interrogatory No. 14**

State with particularity all information known to you which supports the contention that Reid blackmailed or extorted others.

**Answer:**

---

**Interrogatory No. 15**

Identify every person upon whose testimony you intend to rely in the trial or mediation of this matter, or to support or oppose any dispositive motion filed herein.

**Answer:**

---

**Interrogatory No. 16**

State with particularity all information known to you which supports the contention that Reid falsified official documents.

**Answer:**

---

**Interrogatory No. 17**

State with particularity all information known to you which supports the contention that Reid has swindled or financially exploited members of his online audience.

**Answer:**

---

**Interrogatory No. 18**

State with particularity all information known to you which supports the contention, set forth in Paragraphs 6 and 7 of your Counterclaim, that Davyon Augustus, David Frennsel and / or Andrea Garrison are or ever were employees or authorized agents of the Plaintiffs, or either of them.

**Answer:**

---

**Interrogatory No. 19**

State with particularity the date on which the video to which you refer in Paragraph 11 of your Counterclaim was first published online.

**Answer:**

---

**Interrogatory No. 20**

State with particularity every statement by which you allege that the Plaintiffs, or either of them, defamed you.

**Answer:**

---

**Interrogatory No. 21**

For every statement identified in repose to Interrogatory No. 20, identify the document in which it was first published.

**Answer:**

---

**Interrogatory No. 22**

State with particularity every instance in which you allege that you lost work, potential employment or an employment opportunity based on statements made by the Plaintiffs, or either of them.

**Answer:**

---

**Interrogatory No. 23**

State with particularity every instance in which you earned money as an actor for any appearance or performance which occurred on or after January 1, 2018.

**Answer:**

---

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr. (0055538)**
**K. Ann Zimmerman (0059486)**
VASVARI & ZIMMERMAN
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone 216.458.5880
Telecopier 216.302.3700
Email: vasvari@vasvarilaw.com
Email: zimmerman@vasvarilaw.com

Counsel for the Plaintiffs

– **CERTIFICATE OF SERVICE** –

  The foregoing Plaintiffs' First Set of Interrogatories Propounded Upon Defendant Darryl Moore was served today, November 22, 2021 upon Frederick Middleton, Counsel for the Defendant, via email at flegal124@gmail.com, as Word and PDF Files.

              Respectfully submitted,

              /s/ Raymond V. Vasvari, Jr.

              Raymond V. Vasvari, Jr. (0055538)
              Vasvari | Zimmerman

              One of the Attorneys for the Plaintiff