UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |   |
|---|---|---|
| BRIAN ANTHONY REO, | : | CASE NO. 1:22-cv-00510 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 70, 73] |
| v. | : |  |
| LUDIVINE JOAN CLAUDIA REYNAUD, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Bryan A. Reo sues Defendant Ludivine Joan Claudia Reynaud for defamation, false light, and abuse of process.[1] Plaintiff now moves for leave to file under seal an email that Defendant's attorney inadvertently forwarded to Plaintiff. The email is attorney – client communication discussing Defendant's finances.[2] Defendant opposes and moves for an order compelling Plaintiff to delete the inadvertently disclosed email.[3]

Rule 502(b) of the Federal Rules of Evidence instructs that an inadvertent disclosure "does not operate as a waiver [of attorney-client privilege] in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error[.]"[4]

Here, defense counsel intended to send the email to Defendant Reynaud. Neither

---

[1] Doc. 1.
[2] Doc. 70.
[3] Docs. 73, 75.
[4] Fed. R. Evid. 502(b).

Case No. 1:22-cv-00510
GWIN, J.

party disputes that fact.[5]

In the email, defense counsel specifically included the "Subject to Attorney Client Privilege" language in red font to prevent disclosure and waiver of attorney-client privilege.[6] About seven hours after defense counsel's initial email was sent and three minutes after Plaintiff notified defense counsel of his receipt of the email, defense counsel responded, "this email was obviously inadvertently sent to you. We demand that you destroy it. Please confirm."[7]

As defense counsel acted quickly to rectify the error, the inadvertent disclosure does not operate as a waiver of attorney-client privilege. The inadvertently disclosed email is still subject to attorney-client privilege.

This Court **DENIES** Plaintiff's motion for leave to file a sur reply under seal, **GRANTS** Defendant's motion to compel, and **ORDERS** Plaintiff to delete the inadvertently disclosed email.

IT IS SO ORDERED.

Dated: October 14, 2022                    s/   James S. Gwin
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[5] Docs. 70, 75.
[6] Doc. 75.
[7] Docs. 70, 75.

- 2 -