UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No. 1:22-cv-00510-JG |
| Plaintiff, | Hon. James S. Gwin |
| v. | |
| **LUDIVINE JOAN CLAUDIA REYNAUD** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** <br> Bryan Anthony Reo (#0097470) <br> P.O. Box 5100 <br> Mentor, OH 44061 <br> (T): (216) 505-0811 <br> (E): reo@reolaw.org <br> *Pro se Plaintiff* | **VASVARI & ZIMMERMAN** <br> Raymond Vasvari, Jr. (#0055538) <br> K. Ann Zimmerman (#0059486) <br> 20600 Chagrin Blvd. <br> Suite 800 Tower East <br> Shake Heights, OH 44122 <br> (T): (216) 458-5880 <br> (F): (216) 302-7000 <br> (E): vasvari@vasvarilaw.com <br> (E): zimmerman@vasvarilaw.com <br> *Attorneys for Ludivine Joan Claudia Reynaud* |

## PLAINTIFF BRYAN ANTHONY REO'S
## MOTION TO STRIKE AND SEAL

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Defendant Ludivine Joan Claudia Reynaud ("Reynaud" or "Defendant") and this Honorable Court, Plaintiff's Motion to Strike and Seal.

This motion is made pursuant to Fed. R. Civ. P. 12(f) on the basis that certain filings by Defendant (ECF No. 80 and ECF No. 84) are scandalous, impenitent, immaterial, and are actually

1

subject to the confidentiality for the ethics process in the state of Ohio and do not belong in the public record.

Because of the nature and content of the filings violating the confidentiality of the grievance process, and the interest this Court has in maintaining the dignity and confidentiality of the attorney ethics process, the Court should grant this motion to strike and should seal the record as to the relevant stricken documents. Additionally, the grievance matter has nothing to do with the instant action, it is irrelevant, in addition to being immaterial, and containing allegations that are scandalous and impertinent. Grievances are not conducted in the public eye as a matter of public opinion, they are confidential for a reason.

On 10 October 2022 Defendant filed a document ECF No. 80. "Motion to Strike" which included attachments of what Defense Counsel alleges were improper and unethical direct communications supposedly from Plaintiff to Defendant which Defense Counsel insists are violative of Rule of Professional Conduct 4.2 and 8.3 and require reporting on a mandatory reporting basis. Defense Counsel stated that this was the basis for his promised forthcoming ethics grievance against Plaintiff. Defense Counsel stated he was a mandatory reporter and he provided the documents which he stated would be provided to the ethics committee.

On 10 October 2022 Defendant also filed another document, ECF No. 84 "Notice of Discovery Dispute Outlining Progress." Wherein he describes the alleged violations of Rule 4.2.

Ohio Gov Bar Rule V Section 8 (A)(1) is quite clear on the matter of the confidentiality of the grievance process.

Section 8. Public Access to Disciplinary Documents and Proceedings.

(A)(1) Proceedings Prior to Probable Cause. Prior to a determination of probable cause by the Board, all proceedings, documents, and deliberations relating to review, investigation, and consideration of grievances shall be confidential except as follows:

(a) Where the respondent expressly and voluntarily waives confidentiality of the proceedings. A waiver of confidentiality does not entitle the respondent or any other person access to documents or deliberations expressly designated as confidential under this section.

Defense Counsel has offered two arguments in favor of his being allowed to violate confidentiality, both are mere cheap sophistry.

The first is that "a grievance has not yet been initiated, so I can publish the documents that will be used in the grievance, publicly into the court record because confidentiality of the grievance process only attaches once the grievance is filed." This is plain sophistry and it would be absurd to permit somebody who maintains they are a mandatory grievance reporter to publish an entire prospective grievance packet on Monday, into a public record, proclaiming confidentiality has not attached, because they do not anticipate filing the actual grievance until Tuesday, such that they can publish it publicly on Monday, one day before they file with the ethics committee, but not Wednesday one day after they file with the ethics committee.

3

The second is that he was "responding to the collateral matter of plaintiff articulating that a threat of a grievance existed and Plaintiff was complaining of having to litigate under threat of a grievance and thus Plaintiff made the matter relevant." This is the equivalent of Bob saying, "Joe keeps threatening to publicly disclose my Social Security number" and Joe responding by publishing the Bob's entire Social Security number in a public pleading on the premise that, "well he put it into controversy and he raised the matter by claiming I was talking about it, I get to respond to the issue and that is how I chose to respond, by publishing the entire number."

Defense Counsel could have responded to the allegation Plaintiff raised that Plaintiff was having to litigate under threat of a grievance, without publishing the entire prospective grievance packet, all documents relevant to the forthcoming grievance, the specific rules Defense Counsel believes Plaintiff violated, and information that is now in the public record even though no finding of probable cause has ever been made by an ethics panel.

In short, it is possible that no finding of probable cause will be made by the ethics committee, but the matter is now still forever in the public record and accessible to the public because of the actions of Defense Counsel. Defense Counsel has arguably committed the tort of public disclosure of private facts, invasion of privacy false light, and if no probable cause is found and no misconduct is found, probably defamation as well. Defense Counsel has disclosed into the public record, for all time, an ethics allegation and copies of papers he states serve as the basis of his upcoming grievance, which he states he believes he is mandated to make, information that should be kept confidential and now cannot be kept confidential.

The purpose of the confidentiality of the grievance process would be defeated by allowing somebody (especially a licensed attorney) to publish into the public record, the content, nature, basis, and documents related to a forthcoming grievance, days or weeks before he formally initiates the grievance, while proclaiming, "since it has not yet formally begun, confidentiality does not yet attach."

Plaintiff has conversed with Disciplinary Counsel at the State Supreme Court and was advised that if an attorney believes himself to be a mandatory reporter and actually intends to make a grievance, the attorney has no business publishing the documents related to the grievance, into the public record and that the entire process should be confidential from the moment the attorney determines a report must be made, and that a grievant should not inform the Court nor inform the Respondent that a grievance is forthcoming, particularly during a pending action, particularly in the manner of filing things into the public record, especially prior to a finding of probable cause being made. Disciplinary Counsel, without being able to give legal advice, stated that such conduct is "almost certainly" violative of confidentiality rules, and that the argument that "it isn't violative, because confidentiality doesn't attach because the grievance hasn't been formally made" is flimsy at best. Plaintiff was advised by Disciplinary Counsel, "if an actor believes himself to be a mandatory reporter, he should simply make the grievance filing quietly and observe confidentiality while doing it. It is something to be done, not talked about and not filed with the Court."

See Plaintiff's Declaration attesting to the situation.

Plaintiff is not alone in his view that Defense Counsel has violated confidentiality. Most disturbingly, Defense Counsel claims to have consulted with 3 experts in professional ethics and spent 12+ hours researching this matter. How then would he ever think it was not only acceptable, but a good idea, and not violative of confidentiality, to put all of the grievance documents and papers into the public domain by filing them into the Court record and then refusing to stipulate to their withdrawal?

Plaintiff attempted to resolve this matter by first calling Defense Counsel on 14 October 2022, leaving a voice mail of almost 2 minutes duration. As of 31 October 2022 the call has not been returned. A screenshot showing the call is attached as Exhibit 1.

Plaintiff sent numerous emails beginning 14 October 2022 (attached as Exhibit 2) and had further emails the week of 17 October 2022 (attached as Exhibit 3).

In these emails, Defense Counsel essentially refused to withdraw the pleadings that Plaintiff indicated Plaintiff believed were violative of the confidentiality requirements of Ohio Gov Bar Rule V Section 8 (A)(1) and instead Defense Counsel attempted to bargain with Plaintiff and stated if Plaintiff would agree to withdraw the pleadings that were the subject and focus of Defendant's pending Motion to Strike, specifically pleadings wherein Plaintiff made certain assertions as to Defendant's sexual history and behavior, then Defense Counsel would agree to stipulating to withdraw the pleadings Plaintiff wanted withdrawn. In short, when confronted with the facts that Defense Counsel's pleadings were possibly violative of the confidentiality rules regarding the grievance process, instead of acting on his unqualified duty to unconditionally

behave ethically, Defense Counsel attempted to negotiate and gain an advantage for his Client by attaching conditions to the withdrawal of documents that he never had a right to put into the public record in the first place.

Plaintiff diligently tried to procure the withdrawal of offensive pleadings, ECF No. 80 and 84, with Defense Counsel filed in violation of Ohio Gov Bar Rule 5 Section 8 (A)(1), but unfortunately Defense Counsel attempted to bargain the withdrawal of her offensive pleadings which clearly violate the rules of ethics in regards to confidentiality of the grievance process, for the withdrawal of pleadings filed by Plaintiff wherein Plaintiff questioned Defendant's sexual history and the competency and ethics of Defense Counsel.

Because neither Defendant nor her Counsel will cooperate with this matter, it has become necessary to file a motion to strike and seal. Plaintiff attempted in good faith to resolve all of this before it had to come to the attention of the Court. (see Declaration of Counsel)

Plaintiff prayerfully hopes that this Court will strike and seal ECF No. 80 and ECF No. 84.

    Respectfully submitted,

    /S/. BRYAN ANTHONY REO
    Bryan Anthony Reo
    P.O. Box 5100
    Mentor, OH 44061
    (P): (440) 313-5893
    (E): Reo@ReoLaw.org
    *Pro se Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on October 30, 2022, I submitted this Certificate of Service and Plaintiff's Motion to Strike. to the Court's Electronic Filing System, which should serve the same upon the attorneys of record for Defendant Ludivine Joan Claudia Reynaud.

                                                                             /S/ BRYAN ANTHONY REO
                                                                             Bryan Anthony Reo
                                                                             P.O. Box 5100
                                                                             Mentor, OH 44061
                                                                             (P): (440) 313-5893
                                                                             (E): Reo@ReoLaw.org
                                                                             *Pro se Plaintiff*

Dated: October 31, 2022